UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:18-cv-00768-ALM |
| | ) | |
| HISENSE CO. LTD., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HISENSE CO., LTD. AND GUIYANG HISENSE ELECTRONICS CO.,
LTD.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.  12**

## TABLE OF CONTENTS

I.     INTRODUCTION AND STATEMENT OF THE ISSUES................................................1

II.    STATEMENT OF FACTS ............................................................................................2

     A.     Hisense Co. .........................................................................................................3

     B.     Guiyang Hisense ...............................................................................................3

III.   ARGUMENT ......................................................................................................................4

     A.     There Is No Personal Jurisdiction Over Hisense Co. or Guiyang
           Hisense .................................................................................................................4

          1.     No General Jurisdiction Over Hisense Co. ...................................................4

          2.     No Specific Jurisdiction Over Hisense Co..................................................5

               a.     Hisense Co. Directs No Activities Toward the
                    District.....................................................................................................6

               b.     Personal Jurisdiction as to Hisense Co. Would Be
                    Unreasonable and Unfair......................................................................9

          3.     No General Jurisdiction Over Guiyang Hisense ........................................10

          4.     No Specific Jurisdiction over Guiyang Hisense .......................................10

               a.     Guiyang Hisense Directs No Activities Toward the
                    District.....................................................................................................11

                b.     Personal Jurisdiction as to Guiyang Hisense would
                    be Unreasonable and Unfair.................................................................12

     B.     Improper Service.............................................................................................13

          1.     Fed. R. Civ. P. 4 Does Not Permit Service of a Foreign
               Corporation Through the Texas Secretary of State...................................13

          2.     "Substituted Service" Through the Texas Secretary of State
               is not Sufficient for Proper Service Under the Hague
               Convention.............................................................................................14

     C.     Failure to State a Claim Under Fed. R. Civ. P.  12(b)(6)......................................16

          1.     Movants Do Not Perform the Acts Complained Of...................................16

          2.     The Complaint Fails to Allege Infringement By Movants ........................16

          3.     AP Fails to Plead or Allege Facts with Sufficient
               Specificity as to Movants.......................................................................18

          4.     At a Minimum, The Indirect Infringement Claims Should
               be Dismissed as to Pre-Suit Conduct ....................................................20

i

      5.     AP Fails to State a Plausible Claim Of Willful Infringement
For Any Patent ............................................................................................21

IV.    CONCLUSION....................................................................................................................23

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Acceleron LLC v. Egenera, Inc.*,
   634 F. Supp. 2d 758 (E.D. Tex. 2009) ............................................................................ 7

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
   No. 3:16-cv-1400-SI, 2017 U.S. Dist. Lexis 89752 (D. Or. June 12, 2017) ..................... 22

*Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*,
   No. SA-05-CA-0172-XR, 2005 U.S. Dist. Lexis 15949 (W.D. Tex. July 8,
   2005) ............................................................................................................................ 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... passim

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
   552 F.3d 1324 ............................................................................................................ 5, 7

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
   No. 2:13-750-JRG, 2014 U.S. Dist. Lexis 66633 (E.D. Tex. May 15, 2014) ................... 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................... 17, 20, 21, 23

*Blue Spike, LLC v. ASUS Computer Int'l, Inc.*,
   Case No. 6:16-CV-1384-RWS-KNM, 2018 U.S. Dist. Lexis 48349 (E.D.
   Tex. Feb. 20, 2018) ..................................................................................................... 14

*Blue Spike, LLC v. Texas Instruments, Inc.*,
   No. 12-cv-499, 2014 U.S. Dist. Lexis 50775 (E.D. Tex. March 13, 2014) ........................ 8

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ....................................................................................................... 5

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
   267 U.S. 333 (1925) ....................................................................................................... 8

*Continental Circuits LLC v. Intel Corp.*,
   No. 16-cv-2026-PHX-DGC, 2017 U.S. Dist. Lexis 94837 (D. Ariz. June
   16, 2017) ...................................................................................................................... 23

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ..................................................................................................... 4

*Duarte v. Michelin N. Am., Inc.*,
   No. c-13-cv-50, 2013 U.S. Dist. Lexis 73862 (S.D. Tex. May 3, 2013) ......................... 14

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ............................................................ 8, 12

*Fujitsu, Ltd. v. Belkin Int'l, Inc., et al.*,
   782 F. Supp. 2d 868 (N.D. Cal. 2011) ................................................ 14

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
   No. 16-cv-134, 2017 U.S. Dist. Lexis 45416  (E.D. Tex. Mar. 1, 2017) ............................ 5

*Grober v. Mako Prods.*,
   686 F.3d 1335 (Fed. Cir. 2012) ............................................................ 7

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990) .......................................................... 22

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ...................................................................... 21

*HollyAnne Corp. v. TFT, Inc.*,
   199 F.3d 1304 (Fed. Cir. 1999) ............................................................ 6

*Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*,
   No. 17-60431, 2018 U.S. Dist. Lexis 3038 (S.D. Fl. Jan. 4, 2018) .................................. 15

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) ...................................................................... 9, 12

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) .......................................................... 18

*M2M Solutions LLC v. Telit Commc'ns PLC*,
   2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015) .......................................... 19

*Macronix Int'l Co. v. Spansion Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. 2014) ...................................................... 20

*Macrosolve, Inc. v. Antenna Software, Inc.*,
   No. 6:11-cv-287, 2012 WL 12903085 (E.D. Tex. March 16, 2012) ................................ 14

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) .............................................................. 4

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987) ...................................................................... 13

*Opticurrent, LLC v. Power Integrations, Inc.*,
   No. 2:16-cv-00325-JRG, 2016 U.S. Dist. Lexis 194970 (E.D. Tex. Oct. 19,
   2016) ...................................................................................... 22

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) .......................................................... 6, 11

iv

*Paradigm Entm't, Inc. v. Video Sys. Co.*,
   No. 3:99-cv-2004-P, 2000 U.S. Dist. Lexis 2667 (N.D. Tex. March 6,
   2000) ............................................................................................................ 15

*Patterson v. Aker Sols. Inc.*,
   826 F.3d 231(5th Cir. 2016) ...................................................................... 5, 10

*Proton Elec. Indus. Co. v. Prosonic Grp. Corp.*,
   Case No. CV 07-00739-RGK, 2008 US. Dist. Lexis 126610 (C.D. Cal.
   Apr. 4, 2008 ...................................................................................................... 13

*Rates Tech. Inc. v. Nortel Networks Corp.*,
   399 F.3d 1302, 1306 (Fed. Cir. 2005) .............................................................. 7

*Rush v. Savchuk*,
   444 U.S. 320 (1980) ....................................................................................... 8, 12

*Stroman Realty, Inc. v. Wercinski*,
   513 F.3d 476 (5th Cir. 2008) ............................................................................ 9

*Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*,
   395 F.3d 1275 (Fed. Cir. 2005) ..................................................................... 7, 11

*United States v. First Nat'l City Bank*,
   379 U.S. 378 (1985) ........................................................................................... 9

*Varian Med. Sys., Inc. v. Elekta AB*,
   No. 15-871-LPS, 2016 U.S. Dist. Lexis 91226 (D. Del. July 12, 2016) ........... 21

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504 (2017) ...................................................................................... 15

*Zhang v. Baidu.com Inc.*,
   932 F. Supp. 2d 561 (S.D.N.Y. 2013) .............................................................. 15

*Zoch v. Daimler*,
   No. 17-cv-578, 2017 WL 2903264 (E.D. Tex. May 16, 2017) ........................... 6

## **Statutes**

28 U.S.C. § 1391 ....................................................................................................... 2

35 U.S.C. § 271 ....................................................................................................... 19

## **Rules**

Fed. R. Civ. P.  12 ................................................................................. 1, 2, 16, 23

Fed. R. Civ. P.  4 ......................................................................................... 13, 14

Fed. R. Civ. P. 8 .............................................................................................. 16, 18

## I.      INTRODUCTION AND STATEMENT OF THE ISSUES

Hisense Co., Ltd. ("Hisense Co.") and Guiyang Hisense Electronics Co., Ltd. ("Guiyang Hisense") (collectively, "Movants") request this Court dismiss them from this case, foremost, because they are not subject to personal jurisdiction in this district.  This Court cannot exercise general jurisdiction over Movants because they are Chinese corporations and do not have a principal place of business in this district.  Additionally, this Court cannot exercise specific jurisdiction over Movants because they do not manufacture, market, sell, or import any of the television products at issue in this case into Texas or anywhere else in the United States. Hauling Movants into this Court on the basis of conclusory jurisdictional allegations is unreasonable and unfair.  Because Movants have no meaningful contacts with the State of Texas and AP cannot meet its burden of establishing personal jurisdiction, Hisense Co. and Guiyang Hisense ask the Court to dismiss the Complaint against them pursuant to Fed. R. Civ. P. 12(b)(2).

Second, AP's Complaint should be dismissed because it was based on the erroneous premise that the Movants were properly served with process.  As explained below, they were not, and Movants should be dismissed for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Third, AP's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted.  The Complaint makes numerous allegations against "Hisense", which is defined collectively as Hisense Co., Hisense International (Hong Kong) America Investment Co. Ltd. ("Hisense (Hong Kong)"), Guiyang Hisense, and Hisense Elec. Co., Ltd. (n/k/a "Qingdao Hisense").[1]  By pleading in this manner,

---

[1] Qingdao Hisense and Hisense (Hong Kong) do not join in this motion, but are concurrently

AP has not identified the acts that have allegedly been committed by Hisense Co. and Guiyang Hisense, thereby failing to adequately plead a claim against them.

## II.    STATEMENT OF FACTS

On October 26, 2018, AP filed a Complaint for patent infringement against Movants and several other companies.  (Dkt. No. 1.)  AP alleges infringement of five patents: U.S. Patent Nos. 7,088,782, 7,310,304, 7,373,655, 7,934,090, and 7,706,458 (collectively, "the patents-in-suit"). AP alleges that these patents have been infringed by Hisense brand products.  (*See*, *e.g.*, Dkt. No. 1 at ¶¶ 33, 47, 60, 72, 84.)

AP attempted to serve Movants through service on the Texas Secretary of State. (Dkt. Nos. 10-11.)  The summons furnished to the Court only includes the address of the Texas Secretary of State, and does not include the addresses that AP alleges in its Complaint are that of the Movants. (*Id.*)  AP has not provided any indication that it has attempted any service other than by serving its Complaint on the Texas Secretary of State.  (*See id.*)

In its Complaint, AP alleges that Movants are corporations existing under the laws of the People's Republic of China and with addresses in China or Guizhou.  (Dkt. No. 1 at ¶¶2-5.)  AP also contends that venue is proper by citing 28 U.S.C. § 1391(c)(3), which applies to "defendant[s] not resident in the United States."  (*Id.* at ¶27.)

From the very first paragraph of the Complaint, AP obscures its allegations against Movants by including them with other Hisense entities and unrelated companies under the term "Defendants."   (*See* Dkt. No. 1 at 1.)  The Complaint also indiscriminately lumps Hisense Co., Hisense (Hong Kong), Guiyang Hisense, and Qingdao Hisense under the term "Hisense." (*See,*

---

filing a separate motion to dismiss pursuant to Fed. R. Civ. P.  12.

*e.g.,* Dkt. 1 at ¶ 6.)  The Complaint never attempts to analyze and plead any actions by Movants that provide a basis for the patent infringement allegations against them, presumably because AP has no factual basis to make allegations specifically against Movants.

### A.    Hisense Co.

Hisense Co. is a Chinese corporation with its principal place of business at No. 17 Donghai West Rd, Shinan District, Qingdao, Shandong Province.  (Ex. 1, Declaration of Xiangru Bao, at ¶¶5-6.)  Hisense Co. is not registered to do business in the United States.  (*Id*. at ¶7.) Hisense Co. does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States.  (*Id*. at ¶8.)  Hisense Co. does not own or lease any real property in the United States and does not pay any sales, property, or other taxes in the United States.  (*Id*. at ¶¶9-10.)  Hisense Co. does not operate any internet sites with United States domain names.  (*Id*. at ¶11.)  Hisense Co. is not registered to do business in Texas, nor does it have any operations or employees in Texas.  (*Id*. at ¶¶12-13.)  Importantly, Hisense Co. does not manufacture, market, or sell in the United States, or import into the United States any of the products accused of infringing AP's patents asserted in this lawsuit.  (*Id*. at ¶14.)

### B.    Guiyang Hisense

Guiyang Hisense is a Chinese corporation with its principal place of business at No. 39 Honghe Rd, Economic and Technological Development District, Guiyang, Guizhou Province. (Ex. 2, Declaration of Shaoping Liu, at ¶¶5-6.)  Guiyang Hisense is not registered to do business in the United States, and does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States.  (*Id*. at ¶¶7-8.)  Guiyang Hisense does not own or lease any real property in the United States, and does not pay any taxes in the United States.  (*Id*. at ¶¶9-10.)  It also does not operate any internet sites with United States domain names.  (*Id*. at ¶11.)  Guiyang Hisense is not registered to do business in Texas; it also does not have any

3

employees or operations in the state.  (*Id*. at ¶¶12-13.)  Importantly, Guiyang Hisense does not manufacture, market, or sell in the United States, or import into the United States any of the accused products in this case.  (*Id.* at ¶14.)

## III.     ARGUMENT

### A.     There Is No Personal Jurisdiction Over Hisense Co. or Guiyang Hisense

AP has not and cannot establish that there are sufficient grounds on which to base either general jurisdiction or specific jurisdiction over Hisense Co. or Guiyang Hisense.  As such, the Court should grant this motion and dismiss them.

#### 1.     No General Jurisdiction Over Hisense Co.

It would be fundamentally unfair for this Court to exercise general jurisdiction over Movants, because they do not have substantial, continuous corporate operations within the State of Texas.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). The test for general jurisdiction is whether a corporation's "affiliations with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.*  Aside from a truly "exceptional case," a corporate defendant is subject to general jurisdiction only in a state where it is incorporated or has its principal place of business.  *Id.* at 760-61; *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (explaining that following *Daimler*, "[i]t is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

Hisense Co.'s contacts with Texas fall well short of the *Daimler* standard.  Hisense Co. is a Chinese corporation organized under the laws of the People's Republic of China with its principal place of business located in Qingdao, Shandong Province.  (Ex. 1 at ¶¶5-6.)  AP does not dispute these facts.  (*See* Dkt. No. 1 at ¶2.)

4

Hisense Co. has no affiliations with this forum.  It has no manufacturing plants or corporate offices in the United States, nor does it lease or own any real property in the U.S. (Ex. 1 at ¶¶8-9.)  It does not have any telephone listings or mailing addresses in the United States.  (*Id.* at ¶8.)  Hisense Co. is also not a registered U.S. company, and it has never paid taxes in the United States.  (*Id.* at ¶¶7, 10.)  Further, Hisense Co. is not a Texas company: it does not have any operations or employees in Texas, and it is not registered to do business in Texas.  (*Id.* at ¶¶12-13.)  As a result, this Court does not have general jurisdiction over Hisense Co.  *See, e.g.*, *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 234 (5th Cir. 2016) (finding no general jurisdiction where defendant's place of incorporation and principal place of business were in Norway); *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 16-cv-134, 2017 U.S. Dist. Lexis 45416, at *11-12 (E.D. Tex. Mar. 1, 2017), *report and recommendation adopted*, Dkt. No. 232 (E.D. Tex. Mar. 28, 2017) (finding no general jurisdiction where defendants were not incorporated in Texas and did not maintain a principal place of business in Texas).

### 2.    No Specific Jurisdiction Over Hisense Co.

AP has failed to make a *prima facie* showing that would allow the Court to find specific jurisdiction over Hisense Co. "To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations and quotations omitted)).  AP failed to carry its burden of proving that Hisense Co. purposefully directs its activities at this district's residents or that its patent infringement claims arise out of or relate to any of Hisense Co.'s activities, none of which occurs in this district.

### a.      Hisense Co. Directs No Activities Toward the District.

In its Complaint, AP fails to identify *any* contact Hisense Co. has with this district that would satisfy the standards for asserting specific jurisdiction over Hisense Co.  Instead, AP makes broad and conclusory accusations that personal jurisdiction is proper over Hisense Co. because, upon AP's information and belief only, a group of undifferentiated "Defendants" (which includes several parties unrelated to any Hisense entity) regularly transact and conduct business in this district.  (Dkt. No. 1 at ¶¶24-25.)  AP further alleges, again on information and belief only, that jurisdiction is proper over Hisense Co. based on patent infringement conducted in the State of Texas by all of the "Defendants" together, but fails to offer facts to support these allegations.  (*Id.*)  Such vague accusations, without detailed facts, are insufficient to establish personal jurisdiction over Hisense Co.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001) (holding the district court properly refused to consider conclusory allegations even when uncontroverted); *see also Zoch v. Daimler*, No. 17-cv-578, 2017 WL 2903264, at *2 (E.D. Tex. May 16, 2017), *report and recommendation adopted*, Dkt. No. 161 (E.D. Tex. July 5, 2017) (stating that "a court is not required to credit conclusory allegations even if they are uncontroverted" while holding the Court could not exercise jurisdiction over three foreign entities).

To carry its specific jurisdiction burden, AP must present evidence that Hisense Co. engaged in activities that were purposefully directed at Texas with respect to the products accused of patent infringement in this case.  *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1308 (Fed. Cir. 1999).  The closest AP comes is an allegation that the indistinguishable "Defendants" are "making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a

portion of any other infringements alleged here . . . ."  (Dkt. No. 1 at ¶25.)  But this allegation lacks any factual foundation.  Hisense Co. does not manufacture, market, or sell in the United States, or import into the United States any of the products accused of infringing AP's patents asserted in this case.  (Ex. 1 at ¶14.)  Therefore, it is not foreseeable to Hisense Co. that it would be sued in Texas, and the "mere fact that defendants can foresee that [an] article will be circulated and have an effect in the forum state is not sufficient for an allegation of jurisdiction." *Avocent*, 552 F.3d at 1130 (internal citations and citation omitted).

Additionally, should AP attempt to point to U.S. websites where Hisense televisions are marketed and sold in the United States, Hisense Co. does not maintain these websites.  (Ex. 1 at ¶11); *see Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (websites "would support jurisdiction only if [defendant] had some responsibility for the third party's advertising" of the accused products on the website).  AP cannot point to any facts showing that that Hisense Co. purposefully directs activities at Texas or at the residents in the Eastern District of Texas.  *See Acceleron LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 769-70 (E.D. Tex. 2009) (granting defendant's motion to dismiss for lack of personal jurisdiction because the plaintiff failed to meet its jurisdictional burden of showing that it used any diligence in identifying the correct corporate entity that allegedly sold the accused product in Texas).  AP has not and cannot reasonably argue that Hisense Co. is subject to specific jurisdiction in this case.  *Grober v. Mako Prods.*, 686 F.3d 1335, 1346- 47 (Fed. Cir. 2012) (finding no specific jurisdiction in a patent infringement case where the defendant never shipped the accused products to California); *see also Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1306, 1310 (Fed. Cir. 2005) (affirming dismissal of a foreign company for lack of personal jurisdiction where there was no evidence that the holding company "made, used, sold, or offered to sell the

accused products").

In an attempt to create the impression of jurisdictional contact, AP groups together Hisense Co. and other Hisense entities named defendants in the Amended Complaint as "Hisense." (Dkt. No. 1 at ¶¶6-9.)  The law is clear, however, that jurisdiction cannot be established by simply "considering the defending parties together and aggregating their forum contacts." *Rush v. Savchuk*, 444 U.S. 320, 331 (1980) (internal quotations omitted).

Even though defendants Qingdao Hisense and Hisense (Hong Kong) have not joined this motion contesting personal jurisdiction, this fact alone cannot subject Hisense Co. to personal jurisdiction. Qingdao Hisense, Hisense (Hong Kong), and Hisense Co. are separate and distinct corporations that maintain independent corporate identities. (Ex. 1 at ¶15.)  Qingdao Hisense, Hisense (Hong Kong), and Hisense Co. file their taxes separately in China and Hong Kong and have different bank accounts. (*Id.* at ¶¶16-17.)  Accordingly, any contacts that Qingdao Hisense and Hisense (Hong Kong) may have with Texas are not attributable to Hisense Co. for jurisdictional purposes. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("As a general rule, [] the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated.") (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925)); *see also Blue Spike, LLC v. Texas Instruments, Inc.*, No. 12-cv-499, 2014 U.S. Dist. Lexis 50775, at *102-105 (E.D. Tex. March 13, 2014) (granting nonresident corporation's motion to dismiss for lack of personal jurisdiction while maintaining personal jurisdiction for affiliated corporate entity).

Because AP has not made a *prima facie* showing of Hisense Co.'s forum- related

8

activities, it has failed to meet its burden that Hisense Co. should be subject to specific jurisdiction in this district.

> **b.      Personal Jurisdiction as to Hisense Co. Would Be Unreasonable and Unfair**

Even if Hisense Co. had sufficient contacts with Texas, which it does not, the Court must still consider whether exercising personal jurisdiction over Hisense Co. would offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945). Where, as here, the question of jurisdiction is over a foreign defendant, "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *United States v. First Nat'l City Bank*, 379 U.S. 378, 404 (1985) (Harlan, J., dissenting). The Court's fundamental fairness analysis must consider (1) the burden on the defendant; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

The first factor weighs heavily against the exercise of personal jurisdiction because Hisense Co. is based in the People's Republic of China and has no contacts with Texas.  Making Hisense Co. defend this patent infringement suit in Texas would thus be unreasonable and unfair. The second and third factors weigh heavily against the exercise of personal jurisdiction because Texas has no interest in adjudicating a patent infringement dispute against a Chinese corporation with no relevant contacts with Texas.  Further, AP does not make any products, and it appears to be solely in the business of suing companies for alleged patent infringement.  Thus, it seems likely that AP's sole purpose for attempting to drag Hisense Co. into this litigation is to increase the harassment value of this case.  The fourth and fifth factors do not apply here because there

9

are no forums competing for resolution of the claims asserted by AP.

Based on an analysis of the required general and specific jurisdiction factors, this Court exercising personal jurisdiction over Hisense Co. would violate the requirements of due process.

### 3.      No General Jurisdiction Over Guiyang Hisense

General jurisdiction over Guiyang Hisense by this Court is unsupported for the same reasons described above for the similarly situated Hisense Co.; Guiyang Hisense does not have the requisite continuous and substantial contacts with the State of Texas.

AP does not dispute that Guiyang Hisense is a Chinese corporation with its principal place of business located in Guiyang, Guizhou Province.  (Ex. 2 at ¶¶5-6; Dkt. No. 1 at ¶4.)  Like Hisense Co., Guiyang Hisense does not have minimum contacts with either the United States or the State of Texas.  Guiyang Hisense is not registered to do business in nor has it ever paid taxes in the U.S.  (Ex. 2 at ¶¶7, 10.)  It has no real property, manufacturing facilities, or corporate office space in the United States.  (*Id.* at ¶¶8-9.)  Guiyang Hisense does not have a U.S. mailing address or telephone number.  (*Id.* at ¶8.)  Moreover, it is not registered to do business, does not have any operations, and does not have any employees in Texas.  (*Id.* at ¶¶12-13.)  Because Guiyang Hisense's place of incorporation and principal place of business is in China and it has no corporate contacts with the U.S. or Texas, this Court cannot exercise general jurisdiction over Guiyang Hisense.  *See, e.g.*, *Patterson,* 826 F.3d at 234 (5th Cir. 2016).

### 4.      No Specific Jurisdiction over Guiyang Hisense

Further, AP has not carried its burden to prove that its patent infringement claims arise from or relate to any of Guiyang Hisense's activities or that Guiyang Hisense purposefully directs its activities at this forum's residents.  Accordingly, specific jurisdiction over Guiyang Hisense is improper.

### a.       Guiyang Hisense Directs No Activities Toward the District

Instead of identifying specific contacts that Guiyang Hisense allegedly has with this district, AP puts forward only vague allegations that jurisdiction is proper over Guiyang Hisense. More specifically, AP identifies all of the defendants as a group and claims that they "have done and continue to do business in Texas . . . ."  (Dkt. No. 1 at ¶25.)  AP further alleges, on information and belief only, that jurisdiction is proper over Guiyang Hisense based on patent infringement purportedly conducted in the State of Texas by all of the named defendants as a group, but fails to offer facts to support these allegations.  (*Id.*)  ("[T]he Defendants have committed and continue to commit acts of patent infringement in the State of Texas….").  Such vague and conclusory allegations devoid of any factual underpinning are insufficient to make a *prima faci*e showing of specific jurisdiction over Guiyang Hisense, particularly given the lack of individualized allegations related to Guiyang Hisense.  *Panda Brandywine Corp.*, 253 F.3d at 868–69.

AP has not presented evidence that Guiyang Hisense engaged in activities that were purposefully directed at Texas with respect to the products accused of patent infringement in this case.  Instead, AP offers the vague allegation that all of the defendants as a group are committing acts of patent infringement in Texas, but AP's allegation lacks a factual basis.  (*See* Dkt. No. 1 at ¶25.)  Guiyang Hisense does not manufacture or market in the United States any of the products accused of infringing AP's patents asserted in this case, nor does it sell in the United States, or import into the United States such products.  (Ex. 2 at ¶14.)  Additionally, like Hisense Co., Guiyang Hisense does not maintain any U.S. websites where Hisense branded televisions are marketed or sold.  (*Id.* at ¶11); *see Trintec Indus..,* 395 F.3d at 1281.  AP also cannot point to any facts showing that that Guiyang Hisense purposefully directs activities at residents in Texas. Thus, AP has not carried its burden to show Guiyang Hisense is subject to specific jurisdiction in

this case.

As it did for Hisense Co., AP groups together Guiyang Hisense and the other named defendants in its Amended Complaint as the "Hisense Defendants" in an attempt to suggest that Guiyang Hisense has contacts with the forum.  (Dkt. No. 1 at ¶¶6-9.)  However, jurisdiction cannot be established by simply "considering the defending parties together and aggregating their forum contacts." *Rush*, 444 U.S. at 331 (internal quotations omitted).

Guiyang Hisense is not subject to personal jurisdiction in this case just because other named defendants, Qingdao Hisense and Hisense (Hong Kong), have not challenged personal jurisdiction in this case. Qingdao Hisense, Hisense (Hong Kong) and Guiyang Hisense are separate and distinct corporations that maintain separate, lawful corporate identifies.  (Ex. 2 at ¶¶15-16.)  Qingdao Hisense, Hisense (Hong Kong), and Hisense Co. file their taxes separately in China and Hong Kong, and have different bank accounts.  (*Id.* at ¶¶16-17.)  Any jurisdictional contacts that Qingdao Hisense and Hisense (Hong Kong)'s have are therefore not attributable to Guiyang Hisense.  *Freudensprung*, 379 F.3d at 346.

Guiyang Hisense directs no activities toward Texas or this district, and AP has failed to meet its burden to establish a *prima faci*e showing of specific jurisdiction.  Accordingly, the Court should dismiss Guiyang Hisense from this case.

### b.      Personal Jurisdiction as to Guiyang Hisense would be Unreasonable and Unfair

The Court must consider whether exercising personal jurisdiction over Guiyang Hisense would offend traditional notions of fair play and substantial justice even if Guiyang Hisense had sufficient contacts with Texas, which it does not.  *Int'l Shoe Co.,* 326 U.S. at 316.

The first, second, and third factors in the Court's fundamental fairness analysis weigh heavily against the exercise of personal jurisdiction over Guiyang Hisense.  First, Guiyang

12

Hisense is a Chinese corporation with its principal place of business in the People's Republic of China and has no contacts with the State of Texas.  The burden on Guiyang Hisense could not be higher – defending itself in a foreign country and forum in which it has no contacts is fundamentally unfair.  Second, this State has no interest in resolving a dispute against a Chinese corporation with no relevant contacts with Texas.  Third, AP is a non-practicing entity, and its sole purpose for naming Guiyang Hisense in this case is to increase the harassment value of this case.  The fourth and fifth factors do not apply here because there are no forums competing for resolution of the claims asserted by AP.

### B.      Improper Service

Movants have not been properly served.  Proper service of process is required before a federal court may exercise personal jurisdiction over the defendant.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  AP attempted to serve Movants through service on the Texas Secretary of State.  (*See* Dkt. Nos. 10-13.)  Service through the Texas Secretary of State does not constitute proper service on Movants.

### 1.      Fed. R. Civ. P. 4 Does Not Permit Service of a Foreign Corporation Through the Texas Secretary of State.

Fed. R. Civ. P. 4(h) provides that, if not being served within the United States, a foreign corporation must be served in any manner prescribed by Fed. R. Civ. P. Rule 4(f), except for personal delivery, unless waiver of service has been obtained.  Fed. R. Civ. P. 4(h); *see also Proton Elec. Indus. Co. v. Prosonic Grp. Corp.*, No. CV 07-00739-RGK, 2008 US. Dist. Lexis 126610, at *1 (C.D. Cal. Apr. 4, 2008.  Fed. R. Civ. P. Rule 4(f) allows for service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice:

> (a) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (b) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (c) unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement as the court orders.

Nothing in Fed. R. Civ. P. Rules 4(h) or 4(f) permits service of a foreign corporation via service on the Texas Secretary of State.  *See*, *e.g.*, *Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM, 2018 U.S. Dist. Lexis 48349 at *3-4, *6-18 (E.D. Tex. Feb. 20, 2018) (examining services on a foreign corporation and recommending to grant motion to quash service because of improper service); *Fujitsu, Ltd. v. Belkin Int'l, Inc., et al.*, 782 F. Supp. 2d 868, 874-78 (N.D. Cal. 2011) (discussing types of service of Taiwanese corporate entity and finding personal service on Taiwanese corporation was not proper).

## 2.    "Substituted Service" Through the Texas Secretary of State is not Sufficient for Proper Service Under the Hague Convention.

This Court has previously made clear that: "Because substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated."  *Macrosolve, Inc. v. Antenna Software, Inc.,* No. 6:11-cv-287, 2012 WL 12903085, at *2 (E.D. Tex. March 16, 2012) (holding a Canadian corporation was not AP properly served through the Texas Secretary of State).  Other federal courts in Texas have reached the same conclusion.  *See, e.g., Duarte v. Michelin N. Am., Inc.,* No. c-13-cv-50, 2013 U.S. Dist. Lexis 73862, at *10 (S.D. Tex. May 3, 2013) ("Because the secretary of state must send copies of the documents to Japan in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them, the Hague convention applies."); *Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*, No. SA-05-CA-0172-XR,

2005 U.S. Dist. Lexis 15949, at *6 (W.D. Tex. July 8, 2005) ("Because the Secretary must mail the notice to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its requirements."); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. 3:99-cv-2004-P, 2000 U.S. Dist. Lexis 2667, at *12 (N.D. Tex. March 6, 2000) ("Because Texas law requires that documents be transmitted to Japan in order to complete service of process upon Defendant, the Hague Convention applies.").

      The Supreme Court recently ruled that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon,* 137 S. Ct. 1504, 1507 (2017). Further, the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document *for service abroad*." *Id.* at 1509. (Emphasis in original.) The Supreme Court specifically held that "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

      China has objected to service by mail under the Hague Convention. *See, e.g., Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-60431, 2018 U.S. Dist. Lexis 3038 (S.D. Fl. Jan. 4, 2018); *Zhang v. Baidu.com Inc.,* 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013). Therefore, service by mail in China does not meet the first condition of *Water Splash,* thereby rendering the purported service by the Texas Secretary of State ineffective against Movants. *See Alternative Delivery, supra,* at *7 ("[B]y virtue of the Supremacy Clause, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies.")

15

### C.      Failure to State a Claim Under Fed. R. Civ. P.  12(b)(6)

AP fails to distinguish between the individual actions of Hisense Co., Hisense (Hong

Kong), Guiyang Hisense and Qingdao Hisense, or allege or plead facts sufficient to pierce the

corporate veil between them.  AP does not state that it lacks sufficient information to be more

specific in alleging which particular Hisense entity committed the alleged acts of direct

infringement, induced infringement or contributory infringement.  Rather, AP tries to obfuscate

the defects in the Complaint by blurring of Hisense Co., Hisense (Hong Kong), Guiyang Hisense

and Qingdao Hisense under the term "Hisense," and then compounds the obfuscation by mixing

them indiscriminately with unrelated companies under the term "Defendants."  Consequently,

AP fails to allege or plead facts sufficient to prove infringement by Movants, and the Complaint

should be dismissed, in the alternative, for failure to state a claim.

### 1.      Movants Do Not Perform the Acts Complained Of

Movants are Chinese corporations with principal places of business in China.  (Ex. 1 at

¶¶5-6; Ex. 2 at ¶¶5-6.)  Neither are registered to do business in the United States.  (Ex. 1 at ¶7;

Ex. 2 at ¶7.)  Movants have no operational activity in the United States—they do not

manufacture, market, or sell any of the Accused Products in Texas or anywhere else in the

United States.  (Ex. 1 at ¶14; Ex. 2 at ¶14.)  Notably, Movants recite these facts, not to ask the

Court to rule on the merits of the allegations in the Complaint, but to provide additional context

as to how the Complaint does not sufficiently allege facts that support a claim against Movants

due to its blurring of all the Hisense entities.

### 2.      The Complaint Fails to Allege Infringement By Movants

To state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a Complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Although detailed factual allegations are not required, "to survive a motion to

dismiss a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Determining the plausibility of a Complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  A Complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

Rather than alleging or pleading facts sufficient to prove that Movants made, used, sold, offered to sell, and/or imported into the United States any of the accused products identified in the Complaint, AP first lumps all Hisense entities under the label "Hisense" and recites conclusory statements which are untrue as to all of the "Hisense" defendants.  (*See, e.g.,* Dkt. No. 1 at ¶7 ("[t]he Hisense defendants . . . making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular.")).  To further compound its obfuscation, AP includes all of the Hisense entities under the larger catch-all category of "Defendants", and then alleges that this undifferentiated group commits acts of infringement.  (*See, e.g.,* Dkt. No. 1 at ¶¶33-35.)

The Court should dismiss AP's infringement claims because they fail to articulate a plausible theory of how the elements of any of the asserted claims of the patents-in-suit read on any product made or sold by Movants.  For all of the patents-in-suit, the Complaint merely repeats the elements of the  asserted patent claims and makes conclusory statements such as "[t]he methods practiced by the accused products include . . ." or that "[t]he accused products include . . ." and fills in the ellipses  with copy and pasted elements of the asserted claims.  (*See, e.g.*, Dkt. No. 1 at ¶¶36-41, 50-53.)  The  Complaint  does  not  identify  which  aspects  of  the accused  devices  correspond  to the claim element of parroted in the Complaint.

While the Complaint includes various screenshots, the Complaint fails to identify what claim elements are alleged to be depicted in the screenshots, and how information in the screenshots allegedly corresponds to those claim elements.   By merely repeating claim language and inserting unexplained screenshots, the Complaint fails to provide any statement "showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief, therefore, the Complaint's allegations regarding the patents-in-suit should be dismissed.   *Iqbal*, 556 U.S. at 687.

### 3.   AP Fails to Plead or Allege Facts with Sufficient Specificity as to Movants

The Federal Circuit has explained that:  "Our precedent requires that a Complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted). In that case, the Court found that the allegations in the Complaint were sufficient because they "identified where the alleged infringement occurred (the Forest River plant); when it occurred (in or around June 2013); **who performed the allegedly infringing act (an agent or employee of [defendant];** and why . . . .  *Id.* (Emphasis added.)

The present Complaint fails to meet this standard inasmuch as it does not identify what, if anything, that Movants did that provides a basis for allegations of direct, indirect or contributory infringement.  Instead, the Complaint deliberately tries to obscure "who performed the allegedly infringing act[s]" by collectively referring to all of the Hisense entities combined as "Hisense" and including all of them in the fungible group of "Defendants."  A complaint cannot lump defendants together in addressing infringement claims and must identify which particular defendant or defendants are responsible for which allegedly infringing products, processes or

18

methods.  *See M2M Solutions LLC v. Telit Commc'ns PLC,* 2015 U.S. Dist. Lexis 102349, at *6 (D. Del. Aug. 5, 2015).

The allegations regarding indirect infringement include additional defects.  "For an allegation of induced infringement to survive a motion to dismiss, a Complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.' " *Lifetime Indus.,* 869 F.3d at 1379 (internal citation omitted).   The present Complaint makes no allegation that Movants specifically intended anyone to infringe.  Paragraph 94 states "Hisense ha[s] also induced [its] affiliates . . .  to directly infringe . . . ."  (Dkt. No. 1 at ¶94.)  Which Hisense entity is allegedly inducing which affiliate(s)?  Are Movants the alleged inducers or the affiliates alleged to directly infringe?  Paragraph 94 goes on to state that "Hisense performed these steps, which constitute induced infringement, with the knowledge of [the patents-in-suit] . . . ."  *Id.*  Which Hisense entity allegedly knew of the patents and of another unnamed party's alleged direct infringement?  The Complaint should be dismissed for failing to make these essential allegations.  *See M2M Solutions,* 2015 U.S. Dist. Lexis, at *13 (by referring to both defendants under one single term, plaintiff did not plead a plausible inducement claim against the foreign parent company).

The allegations regarding contributory infringement are also insufficient.  35 U.S.C. § 271(c) limits contributory infringement to "[w]hoever offers to sell or sell within the United States or imports into the United States **a component of a patented machine** . . . ."  Paragraphs 95 and 98, the only paragraphs that attempt to plead a claim for contributory infringement, do not identify any such component.  They make the vague allegation that the accused products have "special features" but fails to allege who supplied which components that contain any such

special feature in the U.S.  *See M2M Solutions,* 2015 U.S. Dist. Lexis, at *13 (contributory infringement claim insufficient because allegations directed to defendants collectively).

AP's Complaint fails to set forth sufficient factual matter to "state a claim to relief that is plausible on its face" and to put Movants on notice of what they have to defend against. *Twombly*, 550 U.S. at 570; *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804-805 (E.D. Va. 2014).  As a result, AP's infringement allegations against Movants must be dismissed for failure to state a claim.

### 4.    At a Minimum, The Indirect Infringement Claims Should be Dismissed as to Pre-Suit Conduct

Although the Complaint's allegations of indirect infringement should be dismissed in their entirety for the reasons discussed above, they also should be dismissed as to conduct occurring prior to the filing of the Complaint for the additional reason that the Complaint fails to sufficiently allege that Movants had knowledge of the patents-in-suit prior to the filing of the Complaint.

Active inducement and contributory infringement both require that the defendant have knowledge of the asserted patent, so a complaint must contain sufficient factual allegations to permit an inference that the defendant had such knowledge.  *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-750-JRG, 2014 U.S. Dist. Lexis 66633, at *7-8 (E.D. Tex. May 15, 2014).   AP's Complaint does not include any plausible, factual support to allege that Movants had knowledge of any patent-in-suit prior to the filing of this suit.  To the contrary, the Complaint alleges that Movants have had knowledge "at least as of the date when it was notified of the filing of this action."  (*See* Dkt. No. 1 at ¶¶42, 54, 67, 79, 90.)  Thus, the Complaint includes no plausible, factual support for any allegation of indirect infringement prior to the filing of this suit.

To the extent that AP seeks to rely on a theory of willful blindness, its allegations are not

plausible. The Complaint alleges that Movants "have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of [AP's] patent rights." (Dkt. No. 1 at ¶99.) This allegation, however, is merely the same boilerplate allegation that AP makes against all defendants across 11 complaints. AP offers no factual basis for the allegation against Movants - not a policy, a memo, or an email. AP's purely speculative conspiracy of willful blindness is precisely the type of implausible, generic, unsupported allegation that the Supreme Court rejected in *Twombly* and *Iqbal*.

Without any allegations supporting the requirement that Movants had knowledge of the asserted patents prior to the current suit, AP's allegations of indirect infringement are not plausible and should be dismissed for this additional and independent reason.

### 5. AP Fails to State a Plausible Claim Of Willful Infringement For Any Patent

AP's claim of willful infringement should also be dismissed, as the Complaint fails to make out a plausible claim for relief. Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). As a result, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See, e.g.*, *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 U.S. Dist. Lexis 91226, at *26-27 (D. Del. July 12, 2016).

The Complaint alleges that Movants' infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." (Dkt. No. 1 at ¶101.) But the Complaint pleads no factual matter to support this conclusory statement. While "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. at 1932-33, the Complaint does not allege any

21

facts that Movants had knowledge of any of the patents prior to the filing of this suit.  Without any

plausible, factual basis to allege that Movants had knowledge of the asserted patents prior to the

current suit, AP's assertion that Movants' infringement "has been . . . willful, intentional,

deliberate, and/or in conscious disregard of American Patents' rights under the patents" is not

plausible.  *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed.

Cir. 1990) ("a party cannot be found to have 'willfully' infringed a patent of which the party had

no knowledge");  *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-00325-JRG, 2016

U.S. Dist. Lexis 194970, at *4 (E.D. Tex. Oct. 19, 2016) ("pre-suit knowledge of the asserted

patent is generally required to  maintain a claim of willfulness"); *Adidas Am., Inc. v. Sketchers*

*USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist. Lexis 89752, at *12 (D. Or. June 12, 2017) ("If

the defendant does not learn of the  patent's existence until the plaintiff files a complaint for

infringement, there is no basis upon  which the plaintiff can plead that the defendant's infringement

was willful.").

Only two other allegations in the Complaint appear to relate to willful infringement.

The first is the conclusory allegation that "Defendants' actions are at least objectively reckless

as to the risk of infringing valid patents and this objective risk was either known or should

have been known by Defendants."  (Dkt. No. 1 at ¶100.)  No specific "objectively reckless"

actions, however, are alleged in the Complaint.  Such conclusory assertions are not entitled to

the presumption of truth at the pleading stage.  *Iqbal*, 556 U.S. at 681.

The second allegation that appears to relate to willfulness is the accusation that

"Defendants have a policy or practice of not reviewing the patents of others (including

instructing their employees to not review the patents of others), and thus has been willfully

blind of American Patents' patent rights."  (Dkt. No. 1 at ¶99.)  Notably, AP makes the same

general allegation against the defendants named in 10 other complaints that AP recently filed in this Court, indicating that the allegation is mere boilerplate and not based on any facts specific to any particular defendant.  This factually baseless speculation is precisely the type of implausible allegation the Supreme Court  rejected in *Twombly* and *Iqbal*.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *see also  Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-PHX-DGC, 2017 U.S. Dist. Lexis 94837, at *22  (D. Ariz. June 16, 2017) ("Courts … have universally—either in word or deed—required  plaintiffs to plead facts showing willfulness.")

## IV.    CONCLUSION

For the foregoing reasons, this Court should set dismiss the Complaint against Movants for lack of personal jurisdiction, improper service, and/or failure to state a claim against Defendants, pursuant to Fed. R. Civ. P. Rules 12(b)(2), 12(b)(5), and 12(b)(6).

Dated: January 18, 2019

Respectfully submitted,


By: */s/ James R. Sobieraj*

James R. Sobieraj (IL Bar No. 6183779)
jsobieraj@brinksgilson.com
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois  60611-5599
Phone:  (312) 321-4200
Fax: (312) 321-4299

Attorney for Defendants
Hisense Co. Ltd.,
Hisense Electric Co., Ltd.,
Guiyang Hisense Electronics Co., Ltd., and
Hisense International (Hong Kong) America
Investments Co. Ltd.

23

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of January, 2019.

By: */s/ James R. Sobieraj* _____

James R. Sobieraj (IL Bar No. 6183779)
jsobieraj@brinksgilson.com
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois  60611-5599
Phone:  (312) 321-4200
Fax: (312) 321-4299

Attorney for Defendants
Hisense Co. Ltd.,
Hisense Electric Co., Ltd.,
Guiyang Hisense Electronics Co., Ltd., and
Hisense International (Hong Kong) America
Investments Co. Ltd.