UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:18-cv-00768-ALM |
| | ) |
| HISENSE CO. LTD., ET AL. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS HISENSE ELECTRIC CO., LTD. AND HISENSE INTERNATIONAL (HONG KONG) AMERICA INVESTMENT CO., LTD.'S <u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF THE ISSUES ............................................... 1
II. STATEMENT OF FACTS ............................................................................................... 1
    A. Qingdao Hisense ....................................................................................................... 2
    B. Hisense (Hong Kong) ............................................................................................... 3
III. ARGUMENT ..................................................................................................................... 4
    A. Improper Service ....................................................................................................... 4
        1. Fed. R. Civ. P. 4 Does Not Permit Service of a Foreign Corporation Through the Texas Secretary of State ...................................... 4
        2. "Substituted Service" Through the Texas Secretary of State is not Sufficient for Proper Service Under the Hague Convention. ............................................................................................. 5
    B. Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) ........................................... 6
        1. Movants Do Not Perform the Acts Complained Of ................................... 7
        2. The Complaint Fails to Allege Infringement By Movants ......................... 7
        3. AP Fails to Plead or Allege Facts with Sufficient Specificity as to Movants .......................................................................... 9
        4. At a Minimum, The Indirect Infringement Claims Should be Dismissed as to Pre-Suit Conduct ............................................................ 11
        5. AP Fails to State a Plausible Claim Of Willful Infringement For Any Patent .......................................................................................... 12
IV. CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
  No. 3:16-cv-1400-SI, 2017 U.S. Dist. Lexis 89752 (D. Or. June 12, 2017) ...................... 15

*Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*
  No. SA-05-CA-0172-XR, 2005 U.S. Dist. Lexis 15949 (W.D. Tex. July 8,
  2005) ................................................................................................................................ 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ passim

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
  No. 2:13-750-JRG, 2014 U.S. Dist. Lexis 66633 (E.D. Tex. May 15, 2014) ..................... 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 9, 12, 13, 16

*Blue Spike, LLC v. ASUS Computer Int'l, Inc.*,
  No. 6:16-CV-1384-RWS-KNM, 2018 U.S. Dist. Lexis 48349 (E.D. Tex.
  Feb. 20, 2018) ................................................................................................................... 5

*Continental Circuits LLC v. Intel Corp.*,
  No. 16-cv-2026-PHX-DGC, 2017 U.S. Dist. Lexis 94837 (D. Ariz. June
  16, 2017) .......................................................................................................................... 16

*Duarte v. Michelin N. Am., Inc.*,
  No. c-13-cv-50, 2013 U.S. Dist. Lexis 73862 (S.D. Tex. May 3, 2013) ............................. 6

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990) .......................................................................................... 14

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  136 S. Ct. 1923 (2016) ..................................................................................................... 14

*Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*,
  No. 17-60431, 2018 U.S. Dist. Lexis 3038 (S.D. Fl. Jan. 4, 2018) ..................................... 7

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) .................................................................................. 10, 11

*M2M Solutions LLC v. Telit Commcn's PLC*,
  2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015) ...................................................... 11

*Macronix Int'l Co. v. Spansion Inc.*,
  4 F. Supp. 3d 797 (E.D. Va. 2014) ................................................................................... 12

*Macrosolve, Inc. v. Antenna Software, Inc.*,
   No. 6:11-cv-287, 2012 WL 12903085 (E.D. Tex. March 16, 2012) .................................. 5

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987) ............................................................................................................ 4

*Opticurrent, LLC v. Power Integrations, Inc.*,
   No. 2:16-cv-00325-JRG, 2016 U.S. Dist. Lexis 194970 (E.D. Tex. Oct. 19,
   2016) ............................................................................................................................... 15

*Paradigm Entm't, Inc. v. Video Sys. Co.*,
   No. 3:99-cv-2004-P, 2000 U.S. Dist. Lexis 2667 (N.D. Tex. March 6,
   2000) ................................................................................................................................. 6

*Proton Elec. Indus. Co. v. Prosonic Grp. Corp.*,
   No. CV 07-00739-RGK, 2008 US. Dist. Lexis 126610 (C.D. Cal. Apr. 4,
   2008) ................................................................................................................................. 4

*Varian Med. Sys., Inc. v. Elekta AB*,
   No. 15-871-LPS, 2016 U.S. Dist. Lexis 91226 (D. Del. July 12, 2016) ......................... 14

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504 (2017) .................................................................................................. 6, 7

*Zhang v. Baidu.com Inc.*,
   932 F. Supp. 2d 561 (S.D.N.Y. 2013) .............................................................................. 7

## **Statutes**

28 U.S.C. § 1391 ....................................................................................................................... 2

35 U.S.C. § 271 ....................................................................................................................... 10

## **Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 1, 14

F ED. R. C IV. P. 4 ........................................................................................................................ 4

Fed. R. Civ. P. 8 ................................................................................................................... 7, 8

**I.      INTRODUCTION AND STATEMENT OF THE ISSUES**

Hisense Electric Co., Ltd. (n/k/a Qingdao Hisense Electronics Co., Ltd. ("Qingdao Hisense")) and Hisense International (Hong Kong) America Investment Co., Ltd. ("Hisense (Hong Kong)") (collectively, "Movants"), request that this Court dismiss AP's Complaint foremost, because it was based on the erroneous premise that Movants were properly served with process. As explained below, they were not, and Movants should be dismissed for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Second, AP's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted. The Complaint makes numerous allegations against "Hisense", which is defined collectively as Hisense Co., Ltd. ("Hisense Co."), Hisense (Hong Kong)  Guiyang Hisense Electronics Co., Ltd' ("Guiyang Hisense"), and Qingdao Hisense. By pleading in this manner, AP has not identified the acts that allegedly have been committed by Movants, thereby failing to adequately plead a claim against them.

**II.     STATEMENT OF FACTS**

On October 26, 2018, American Patents LLC ("AP") filed a Complaint for patent infringement against Movants and several other companies. (Dkt. No. 1.)  AP alleges infringement of five patents: U.S. Patent Nos. 7,088,782, 7,310,304, 7,373,655, 7,934,090, and 7,706,458 (collectively, "the patents-in-suit"). AP alleges that these patents have been infringed by Hisense brand products. (*See*, *e.g.*, Dkt. No. 1 at ¶¶33, 47, 60, 72, 84.)

AP attempted to serve Movants through service on the Texas Secretary of State. (Dkt. Nos. 12-13.)  The summons furnished to the Court only includes the address of the Texas Secretary of State, and does not include the address that AP alleges in its Complaint is that of

1

Movants. (*Id.*) AP has not provided any indication that it has attempted any service other than by serving its Complaint on the Texas Secretary of State. (*See id.*)

In its Complaint, AP alleges that Movants are corporations existing under the laws of the People's Republic of China and Hong Kong, and with addresses in China and Hong Kong. (Dkt. No. 1 at ¶¶3, 5.) AP also contends that venue is proper by citing 28 U.S.C. § 1391(c)(3), which applies to a "defendant not resident in the United States." (*Id.* at ¶27.)

From the very first paragraph of the Complaint, AP obscures its allegations against Movants by including them with other Hisense entities and unrelated companies under the term "Defendants." (*See* Dkt. No. 1 at 1.) The Complaint also indiscriminately lumps Hisense Co., Hisense (Hong Kong), Guiyang Hisense and Qingdao Hisense under the term "Hisense." (*See, e.g.,* Dkt. 1 at ¶ 6.) The Complaint never attempts to analyze and plead any actions by Movants that provide a basis for the patent infringement allegations against them, presumably because AP has no factual basis to make allegations specifically against Movants.

### A. Qingdao Hisense

Qingdao Hisense is a Chinese corporation with a principal place of business at Hisense Tower 17, Donghaixi Road, Qingdao 266071, China. (Ex. 1, Declaration of Yue Song, at ¶6.) Qingdao Hisense is not registered to do business in the United States, nor does it have does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States. (*Id.* at ¶¶7-8.) Qingdao Hisense does not own or lease any real property in the United States, nor does it pay any sales, property, or other taxes in the United States. (*Id.* at ¶¶9-10). Qingdao Hisense does not operate any internet sites with United States domain names. (*Id.* at ¶11). Qingdao Hisense is not registered to do business in Texas, and does not have any operations or employees in Texas. (*Id.* at ¶¶12-13).

Each of Qingdao Hisense, Hisense Co., Guiyang Hisense and Hisense (Hong Kong) is

2

a distinct corporation that maintains a separate, lawful corporate identity. (*Id.* at ¶15.).
Hisense Co., Guiyang Hisense and Hisense (Hong Kong) also each maintain separate bank accounts and file taxes separately in China from Qingdao Hisense, as well as from each other. (*Id.* at ¶¶16-17.)

### B. Hisense (Hong Kong)

Hisense (Hong Kong) is a Chinese corporation with its principal place of business at Room 3101-05 Singga Commercial Centre, No. 148 Connaught Road West, Sheung Wan, Hong Kong. (Ex. 2, Declaration of Xiaojun Zhang, at ¶6.) Hisense (Hong Kong) is not registered to do business in the United States, nor does it have does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States. (*Id.* at ¶¶7-8.) Hisense (Hong Kong) does not operate any internet sites with United States domain names. (*Id.* at ¶9.) Hisense (Hong Kong) is not registered to do business in Texas, and does not have any operations or employees in Texas. (*Id.* at ¶¶10-11.) Hisense (Hong Kong) sells televisions to Hisense USA Corporation ("HUSA") in Hong Kong (there title of the goods passes from Hisense (Hong Kong)), and ships the finished televisions from China to HUSA's warehouse in the Los Angeles, California area, for distribution to retailers in the U.S. (*Id.* at ¶13.) HUSA is a Georgia corporation with its principal place of business in Suwanee, Georgia at 7310 McGinnis Ferry Road, Suwanee, Georgia 30024. (*Id.* at ¶14.)

Each of Qingdao Hisense, Hisense Co., Guiyang Hisense and Hisense (Hong Kong) is a distinct corporation that maintains a separate, lawful corporate identity. (*Id.* at ¶15.) Hisense Co., Guiyang Hisense and Hisense (Hong Kong) also each maintain separate bank accounts and file taxes separately in China from Qingdao Hisense, as well as from each other. (*Id.* at ¶¶16-17.)

## III. ARGUMENT

### A. Improper Service

Movants have not been properly served. Proper service of process is required before a federal court may exercise personal jurisdiction over the defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). AP attempted to serve Movants through service on the Texas Secretary of State. (*See* Dkt. Nos. 12-13.) Service through the Texas Secretary of State does not constitute proper service on Movants.

#### 1. Fed. R. Civ. P. 4 Does Not Permit Service of a Foreign Corporation Through the Texas Secretary of State.

Fed. R. Civ. P. 4(h) provides that, if not being served within the United States, a foreign corporation must be served in any manner prescribed by Rule 4(f), except for personal delivery, unless waiver of service has been obtained. Fed. R. Civ. P. 4(h); *see also Proton Elec. Indus. Co. v. Prosonic Grp. Corp.*, No. CV 07-00739-RGK, 2008 US. Dist. Lexis 126610, at *1 (C.D. Cal. Apr. 4, 2008). Rule 4(f) allows for service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice:
>     (a) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>     (b) as the foreign authority directs in response to a letter rogatory or letter of request; or
>     (c) unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement as the court orders.

Nothing in Rule 4(h) or 4(f) permits service of a foreign corporation via service on the Texas Secretary of State. *See*, *e.g.*, *Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-

4

RWS-KNM, 2018 U.S. Dist. Lexis 48349 at *3-4, *6-18 (E.D. Tex. Feb. 20, 2018) (examining service on a foreign corporation and recommending to grant motion to quash service because of improper service); *Fujitsu, Ltd. v. Belkin Int'l, Inc., et al.*, 782 F. Supp. 2d 868, 874-78 (N.D. Cal. 2011) (discussing types of service of Taiwanese corporate entity and finding personal service on Taiwanese corporation was not proper).

### 2. "Substituted Service" Through the Texas Secretary of State is not Sufficient for Proper Service Under the Hague Convention.

This Court has previously made clear that: "Because substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated." *Macrosolve, Inc. v. Antenna Software, Inc.,* No. 6:11-cv-287, 2012 WL 12903085, at *2 (E.D. Tex. March 16, 2012) (holding a Canadian corporation was not properly served through the Texas Secretary of State). Other federal courts in Texas have reached the same conclusion. *See, e.g., Duarte v. Michelin N. Am., Inc.,* No. c-13-cv-50, 2013 U.S. Dist. Lexis 73862, at *10 (S.D. Tex. May 3, 2013) ("Because the secretary of state must send copies of the documents to Japan in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them, the Hague convention applies."); *Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*, No. SA-05-CA-0172-XR, 2005 U.S. Dist. Lexis 15949, at *6 (W.D. Tex. July 8, 2005) ("Because the Secretary must mail the notice to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its requirements."); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. 3:99-cv-2004-P, 2000 U.S. Dist. Lexis 2667, at *12 (N.D. Tex. March 6, 2000) ("Because Texas law requires that documents be transmitted to Japan in order to complete service of process upon Defendant, the Hague Convention applies.").

The Supreme Court recently ruled that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon,* 137 S. Ct. 1504, 1507 (2017). Further, the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document *for service abroad*." *Id.* at 1509. (Emphasis in original.) The Supreme Court specifically held that "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

China has objected to service by mail under the Hague Convention. *See, e.g., Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-60431, 2018 U.S. Dist. Lexis 3038 (S.D. Fl. Jan. 4, 2018); *Zhang v. Baidu.com Inc.,* 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013). Therefore, service by mail in China does not meet the first condition of *Water Splash,* thereby rendering the purported service by the Texas Secretary of State ineffective against Movants. *See Alternative Delivery, supra* at *7 ("[B]y virtue of the Supremacy Clause, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies.")

  **B.**  **Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

AP fails to distinguish between the individual actions of Hisense Co., Hisense (Hong Kong), Guiyang Hisense, and Qingdao Hisense, or allege or plead facts sufficient to pierce the corporate veil between them. AP does not say that it lacks sufficient information to be more specific in alleging which particular Hisense entity committed the alleged acts of direct infringement, induced infringement or contributory infringement. Rather, AP tries to obfuscate the defects in the Complaint by blurring of Hisense Co., Hisense (Hong Kong), Guiyang

6

Hisense, and Qingdao Hisense under the term "Hisense," and then compounds the obfuscation by mixing them indiscriminately with unrelated companies under the term "Defendants." Consequently, AP fails to allege or plead facts sufficient to prove infringement by Movants, and the Complaint should be dismissed, in the alternative, for failure to state a claim.

### 1. Movants Do Not Perform the Acts Complained Of

Movants are Chinese corporations with principal places of business in China. (Ex. 1 at ¶¶5-6; Ex. 2 at ¶¶5-6.) Neither are registered to do business in the United States. (Ex. 1 at ¶7; Ex. 2 at ¶7.) Movants have no operational activity in the United States—they do not manufacture, market, or sell any of the Accused Products in Texas or anywhere else in the United States. (Ex. 1 at ¶14; Ex. 2 at ¶14.) Notably, Movants recite these facts, not to ask the Court to rule on the merits of the allegations in the Complaint, but to provide additional context as to how the Complaint does not sufficiently allege facts that support a claim against Movants due to its blurring of all the Hisense entities.

### 2. The Complaint Fails to Allege Infringement By Movants

To state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "to survive a motion to dismiss a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining the plausibility of a Complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

Rather than alleging or pleading facts sufficient to prove that Movants made, used, sold, offered to sell, and/or imported into the United States any of the accused products identified in the Complaint, AP first lumps all Hisense entities under the label "Hisense" and recites conclusory statements which are untrue as to all of the "Hisense" defendants.  (*See, e.g.,* Dkt. No. 1 at ¶7 ("[t]he Hisense defendants . . . making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular.")).  To further compound its obfuscation, AP includes all of the Hisense entities under the larger catch-all category of "Defendants", and then alleges that this undifferentiated group commits acts of infringement.  (*See, e.g.,* Dkt. No. 1 at ¶¶33-35.)

The Court should dismiss AP's infringement claims because they fail to articulate a plausible theory of how the elements of any of the asserted claims of the patents-in-suit read on any product made or sold by Movants.  For all of the patents-in-suit, the Complaint merely repeats the elements of the  asserted patent claims and makes conclusory statements such as "[t]he methods practiced by the accused products include . . ." or that "[t]he accused products include . . ." and fills in the ellipses  with copy and pasted elements of the asserted claims.  (*See, e.g.*, Dkt. No. 1 at ¶¶36-41, 50-53.)  The Complaint does not identify which aspects of the accused devices  correspond to the claim element of parroted in the Complaint.

While the Complaint includes various screenshots, the Complaint fails to identify what claim elements are alleged to be depicted in the screenshots, and how information in the screenshots allegedly corresponds to those claim elements.   By merely repeating claim language and inserting unexplained screenshots, the Complaint fails to provide any statement "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief.   *Iqbal*, 556 U.S. at 687.

### 3. AP Fails to Plead or Allege Facts with Sufficient Specificity as to Movants

The Federal Circuit has explained that: "Our precedent requires that a Complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted). In that case, the Court found that the allegations in the Complaint were sufficient because they "identified where the alleged infringement occurred (the Forest River plant); when it occurred (in or around June 2013); **who performed the allegedly infringing act (an agent or employee of [defendant];** and why . . . . *Id.* (Emphasis added.)

The present Complaint fails to meet this standard inasmuch as it does not identify what, if anything, that Movants did that provides a basis for allegations of direct, indirect or contributory infringement. Instead, the Complaint deliberately tries to obscure "who performed the allegedly infringing act[s]" by collectively referring to all of the Hisense entities combined as "Hisense" and including all of them in the fungible group of "Defendants." A complaint cannot lump defendants together in addressing infringement claims and must identify which particular defendant or defendants are responsible for which allegedly infringing products, processes or methods. *See M2M Solutions LLC v. Telit Commc'ns PLC,* 2015 U.S. Dist. Lexis 102349, at *6 (D. Del. Aug. 5, 2015).

The allegations regarding indirect infringement include additional defects. "For an allegation of induced infringement to survive a motion to dismiss, a Complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus.*, 869 F.3d at 1379 (internal citation omitted). The present Complaint makes no allegation that Movants specifically intended anyone to infringe. Paragraph 94 states "Hisense ha[s] also

9

induced [its] affiliates . . . to directly infringe . . . ." (Dkt. No. 1 at ¶94.) Which Hisense entity is allegedly inducing which affiliate(s)? Are Movants the alleged inducers or the affiliates alleged to directly infringe? Paragraph 94 goes on to state that "Hisense performed these steps, which constitute induced infringement, with the knowledge of [the patents-in-suit] . . . . ." *Id.* Which Hisense entity allegedly knew of the patents and of another unnamed party's alleged direct infringement? The Complaint should be dismissed for failing to make these essential allegations. *See M2M Solutions,* 2015 U.S. Dist. Lexis, at *13 (by referring to both defendants under one single term, plaintiff did not plead a plausible inducement claim against the foreign parent company).

The allegations regarding contributory infringement are also insufficient. 35 U.S.C. § 271(c) limits contributory infringement to "[w]hoever offers to sell or sell within the United States or imports into the United States **a component of a patented machine** . . . ." Paragraphs 95 and 98, the only paragraphs that attempt to plead a claim for contributory infringement, do not identify any such component. They make the vague allegation that the accused products have "special features" but fails to allege who supplied which components that contain any such special feature in the U.S. *See M2M Solutions,* 2015 U.S. Dist. Lexis 102349, at *13 (contributory infringement claim insufficient because allegations directed to defendants collectively).

AP's Complaint fails to set forth sufficient factual matter to "state a claim to relief that is plausible on its face" and to put Movants on notice of what they have to defend against. *Twombly*, 550 U.S. at 570; *Macronix Int'l Co. v. Spansion Inc*., 4 F. Supp. 3d 797, 804-805 (E.D. Va. 2014). As a result, AP's infringement allegations against Movants must be dismissed for failure to state a claim.

10

### 4. At a Minimum, The Indirect Infringement Claims Should be Dismissed as to Pre-Suit Conduct

Although the Complaint's allegations of indirect infringement should be dismissed in their entirety for the reasons discussed above, they also should be dismissed as to conduct occurring prior to the filing of the Complaint for the additional reason that the Complaint fails to sufficiently allege that Movants had knowledge of the patents-in-suit prior to the filing of the Complaint.

Active inducement and contributory infringement both require that the defendant have knowledge of the asserted patent, so a complaint must contain sufficient factual allegations to permit an inference that the defendant had such knowledge. *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-750-JRG, 2014 U.S. Dist. Lexis 66633, at *7-8 (E.D. Tex. May 15, 2014). AP's Complaint does not include any plausible, factual support to allege that Movants had knowledge of any patent-in-suit prior to the filing of this suit. To the contrary, the Complaint alleges that Movants have had knowledge "at least as of the date when it was notified of the filing of this action." (*See* Dkt. No. 1 at ¶¶42, 54, 67, 79, 90.) Thus, the Complaint includes no plausible, factual support for any allegations of indirect infringement prior to the filing of this suit.

To the extent that AP seeks to rely on a theory of willful blindness, its allegations are not plausible. The Complaint alleges that Movants "have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of [AP's] patent rights." (Dkt. No. 1 at ¶99.) This allegation, however, is merely the same boilerplate allegation that AP makes against all defendants across 11 complaints. AP offers no factual basis for the allegation against Movants - not a policy, a memo, or an email. AP's purely speculative conspiracy of willful blindness is precisely the type of implausible, generic, unsupported allegation that the Supreme Court rejected in *Twombly* and

*Iqbal*.

Without any allegations supporting the requirement that Movants had knowledge of the asserted patents prior to the current suit, AP's allegations of indirect infringement are not plausible and should be dismissed for this additional and independent reason.

### 5. AP Fails to State a Plausible Claim Of Willful Infringement For Any Patent

AP's claim of willful infringement should also be dismissed, as the Complaint fails to make out a plausible claim for relief. Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016). As a result, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See, e.g.*, *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 U.S. Dist. Lexis 91226, at *26-27 (D. Del. July 12, 2016).

The Complaint alleges that Movants' infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." (Dkt. No. 1 at ¶101.) But the Complaint pleads no factual matter to support this conclusory statement. While "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. at 1932-33, the Complaint does not allege any facts that Movants had knowledge of any of the patents prior to the filing of this suit. Without any plausible, factual basis to allege that Movants had knowledge of the asserted patents prior to the current suit, AP's assertion that Movants' infringement "has been . . . willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is not plausible. *See, e.g., Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990)("a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge"); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-00325-JRG, 2016 U.S.

Dist. Lexis 194970, at *4 (E.D. Tex. Oct. 19, 2016) ("pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness"); *Adidas Am., Inc. v. Sketchers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist. Lexis 89752, at *12 (D. Or. June 12, 2017) ("If the defendant does not learn of the patent's existence until the plaintiff files a complaint for infringement, there is no basis upon which the plaintiff can plead that the defendant's infringement was willful.").

Only two other allegations in the Complaint appear to relate to willful infringement. The first is the conclusory allegation that "Defendants' actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Defendants." (Dkt. No. 1 at ¶100.) No specific "objectively reckless" actions, however, are alleged in the Complaint. Such conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation that appears to relate to willfulness is the accusation that "Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." (Dkt. No. 1 at ¶99.) Notably, AP makes the same general allegation against the defendants named in 10 other complaints that AP recently filed in this Court, indicating that the allegation is mere boilerplate and not based on any facts specific to any particular defendant. This factually baseless speculation is precisely the type of implausible allegation the Supreme Court rejected in *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *see also Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-PHX-DGC, 2017 U.S. Dist. Lexis 94837, at *22 (D. Ariz. June 16, 2017) ("Courts … have universally—either in word or deed—required plaintiffs to plead facts showing willfulness.")

13

## IV. CONCLUSION

For the foregoing reasons, this Court should set dismiss the Complaint against Movants for improper service and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

Dated: January 18, 2019

                                        Respectfully submitted,

                                        By: */s/ James R. Sobieraj*

                                        James R. Sobieraj (IL Bar No. 6183779)
                                        jsobieraj@brinksgilson.com
                                        BRINKS GILSON & LIONE
                                        455 N. Cityfront Plaza Drive
                                        NBC Tower, Suite 3600
                                        Chicago, Illinois  60611-5599
                                        Phone:  (312) 321-4200
                                        Fax: (312) 321-4299

                                        Attorney for Defendants
                                        Hisense Co. Ltd.,
                                        Hisense Electric Co., Ltd.,
                                        Guiyang Hisense Electronics Co., Ltd., and
                                        Hisense International (Hong Kong) America
                                        Investments Co. Ltd.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of January, 2019.

By: */s/ James R. Sobieraj*

James R. Sobieraj (IL Bar No. 6183779)
jsobieraj@brinksgilson.com
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois 60611-5599
Phone: (312) 321-4200
Fax: (312) 321-4299

Attorney for Defendants
Hisense Co. Ltd.,
Hisense Electric Co., Ltd.,
Guiyang Hisense Electronics Co., Ltd., and
Hisense International (Hong Kong) America Investments Co. Ltd.