UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:18-cv-00768-ALM |
| | ) |
| HISENSE CO. LTD., ET AL. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BEST BUY CO., INC.'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.   STATEMENT OF ISSUES ...................................................................................................1

III.   BACKGROUND ...................................................................................................................2

IV.   ARGUMENT.........................................................................................................................3

     A.   The Complaint Fails to Sufficiently Allege Direct Infringement by BBY ..............................................................................................................................4

     B.   The Complaint Fails to Sufficiently Allege Indirect Infringement by BBY ..............................................................................................................................5

          1.   The Complaint Fails to Sufficiently Plead Underlying Acts of Direct Infringement to Support Indirect Infringement ............................5

          2.   The Complaint Fails to Sufficiently Allege Pre-Suit Knowledge of the Patents-in-Suit ...................................................................6

          3.   The Complaint Fails to Sufficiently Plead the Remaining Elements of Induced Infringement..................................................7

          4.   The Complaint Fails to Sufficiently Plead the Remaining Elements of Contributory Infringement........................................9

     C.   The Complaint Fails to Sufficiently Allege Willful Infringement of any Patent-in-Suit......................................................................................................11

V.   CONCLUSION....................................................................................................................13

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
  No. 3:16-cv-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017) .......................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 3, 5, 11, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 13

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
  No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) ....................... 11

*Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc.*,
  No. 2:15-cv-1809-JRG, Dkt. 44, slip op. (E.D. Tex. Apr. 13, 2016) ..................................... 12

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
  No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ......................................... 10

*Commil USA, LLC v. Cisco Systems, Inc.*,
  135 S. Ct. 1920 (2015) ...................................................................................................... 7, 10

*Continental Circuits LLC v. Intel Corp.*,
  No. 16-cv-2026-PHX-DGC, 2017 WL 2651709 (D. Ariz. June 16, 2017) ............................ 13

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ................... 4, 8, 9

*Corydoras Techs., LLC v. Apple Inc., et al*,
  No. 2:16-cv-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ................................ 6

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
  897 F.2d 508 (Fed. Cir. 1990) ............................................................................................... 12

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  136 S. Ct. 1923 (2016) ........................................................................................................... 11

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ..................................................................................................... 6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ........................................................................................... 4, 7

*M2M Solutions LLC v. Telit Communs. PLC*,
  2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015) .................................................. 10

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ....................................................................................... 7

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 2:16-cv-325-JRG, Dkt. 34, slip. op. (E.D. Tex. Oct. 19, 2016) ............................. 12

*Soverain Software LLC v. Euromarket Designs, Inc.*,
  6:12-cv-145, Doc. 54, slip op. at 9 (E.D. Tex. March 21, 2014) ................................. 10

*Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
  No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ............................ 6

*Uniloc USA Inc. v. Avaya Inc.*,
  2016 WL 7042236 (E.D. Tex. 13 May 2016) ................................................................ 5

*Varian Medical Systems, Inc. v. Elekta AB*,
  C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ............................ 11

**Statutes**

35 U.S.C. §271 (a) ................................................................................................................. 1

35 U.S.C. § 271(b) ................................................................................................................ 1

35 U.S.C. § 271(c) ............................................................................................................ 2, 9

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ............................................................................ 3, 5

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 1, 3, 13

iii

I.      INTRODUCTION

Best Buy Co., Inc.[1] ("BBY") moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  The Complaint accuses BBY of infringing five patents, and purports to make claims for (1) direct infringement, (2) induced infringement, (3) contributory infringement, and (4) willful infringement.  However, Plaintiff does not specify which BBY products or functionality purportedly meet the limitations of the asserted patents.  The Complaint's allegations are conclusory, largely just parroting the language of the claims.  Further, it lumps BBY and other unrelated parties together, collectively referring to them as "Defendants" and fails to differentiate BBY's products and activities from those of other parties.  By pleading in this manner, American Patents LLC ("AP") has not identified the alleged acts committed by BBY, thereby failing to adequately state a claim against it.

II.     STATEMENT OF ISSUES

1. Whether the Complaint sufficiently pleads that BBY *directly* infringes the asserted patents under 35 U.S.C. §271 (a) where the allegations are conclusory, fail to differentiate BBY's alleged activities from those of other unrelated parties, and purport to rely on "evidence" that, on its face, clearly does not relate to BBY.

2. Whether the Complaint sufficiently pleads that BBY *induces* infringement of the asserted patents under 35 U.S.C. § 271 (b) where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any asserted patent or set forth any facts to support the

---

[1] The Complaint incorrectly identifies Best Buy Co., Inc. as Best Buy Co., Inc. d/b/a Insignia Products.

bare assertion that BBY intends to induce infringement by third parties.

  3. Whether the Complaint sufficiently pleads that BBY *contributorily* infringes the asserted patents under 35 U.S.C. § 271 (c) where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any asserted patent or set forth any facts to support the bare assertions that the accused products are incapable of any non-infringing use and that BBY knows its actions caused infringement by third parties.

  4. Whether the Complaint is sufficient to establish a facially plausible claim that BBY's alleged infringement has been *willful* where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any asserted patent or set forth any facts to support the bare assertion that BBY's alleged infringement was "willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents."

**III. BACKGROUND**

  On October 26, 2018, AP filed a complaint for patent infringement against BBY and seven other companies. (Dkt. No. 1.) AP alleges infringement of five U.S. Patents: 7,088,782, 7,310,304, 7,373,655, 7,934,090, and 7,706,458 (collectively, "the patents-in-suit"). AP alleges that the Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe the patents-in-suit, including VIZIO, Insignia, Sharp, and Hisense branded products. (*See*, *e.g.*, Dkt. No. 1 at ¶¶ 33, 47, 60, 72, 84.)

  From the beginning of the Complaint, AP obscures its allegations against BBY by including it with seven unrelated companies under the term "Defendants." (*See* Dkt. No. 1 at 1.) The Complaint never alleges any actions specific to BBY that provide any basis for the patent infringement allegations against BBY's products, presumably because AP has no factual basis to make such allegations.

The Complaint consists almost entirely of conclusory allegations. For example, the Complaint purports to allege infringement of "at least Claim 30 of the '782 Patent" (Dkt. No. 1 at ¶ 34) and then merely states as support for these assertions that "[t]he methods practiced by the accused products include [recitation of the claim language]." (*Id.* at ¶¶ 36-41.) The allegations relating to the other four patents follow the same conclusory form. (*Id.* at ¶¶ 48-53, 61-66, 73-78, 85-89.) The Complaint includes a handful of images with corresponding URLs but does not explain how these images or citations relate to the claim limitations. In fact, many of the images and URLs describe ***third-party*** hardware and software, without any mention of BBY or the allegedly accused products, and many are actually images of products from Sam's Club, one of BBY's competitors. (*See*, *e.g.*, *id.* at ¶¶ 33, 40, 47, 52, 60, 64.) The Complaint also is replete with boilerplate recitations of the legal elements of indirect infringement and willful infringement, supported only by conclusory allegations. (*Id.* at ¶¶ 93-100.)

## IV.    ARGUMENT

To state a claim for relief pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, "to survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6),] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint is insufficient if it only includes "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

3

### A. The Complaint Fails to Sufficiently Allege Direct Infringement by BBY

The Complaint does not specify which BBY functionality allegedly infringes, and therefore fails to meet the minimum requirement that a complaint "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (patentee must plead "facts sufficient to place the alleged infringer on notice as to what he must defend."). In contrast to the types of allegations found in this District and the Federal Circuit to be sufficient, the Complaint provides no meaningful notice of where, when, and by whom the alleged infringement occurred, or what features or functionality of BBY's products allegedly infringe the patents-in-suit. AP's allegations here are devoid of such specifics.

For example, AP's Complaint fails to distinguish and plead the individual actions of BBY as distinct from the various other defendants. AP does not allege that it lacks sufficient information to be specific in alleging which particular defendant committed the alleged acts of direct infringement. Rather, AP tries to obfuscate the defects in the Complaint by indiscriminately lumping BBY together with unrelated companies under the catch-all term "Defendants." Consequently, AP fails to allege or plead facts sufficient to prove infringement by BBY, and the Complaint should be dismissed for this reason alone.

Further, the claims of the patents-in-suit are the type of nebulous computer software method claims that demand a higher degree of pleading specificity. "Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer. In contrast, 'cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant.'" *Uniloc USA Inc. v. Avaya Inc.*, 2016 WL

4

7042236, at *3 (E.D. Tex. 13 May 2016) (quoting *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199, at *13 (E.D. Tex. July 27, 2012)).  But here, AP's infringement claims utterly fail to provide any specificity or notice and do not allege how any element of any BBY product meets any claim limitation.  Instead, for each of the patents-in-suit, the Complaint makes conclusory statements such as "[t]he methods practiced by the accused products include . . ." or "[t]he accused products include . . . ," and fills in the ellipses with copy and pasted elements of the asserted claims.  (*See*, *e.g.*, Dkt. No. 1 at ¶¶ 36-41, 50-53, 61-66, 73-78, 85-89.)   These conclusory statements do not identify which aspects of which accused devices correspond to the claim elements copied and pasted into the Complaint.

Although the Complaint includes various screenshots, it fails to identify which claim elements are alleged to be depicted in the screenshots, or how information in the screenshots allegedly corresponds to those claim elements.  Moreover, many of the screenshots in the Complaint are from www.samsclub.com, a competitor of BBY.  (Dkt. No. 1 at ¶¶ 10, 14, 18, 19 22, 27, 28, 31.)  Merely repeating claim language and inserting unexplained screenshots does not provide any actual statement "showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 687.  Thus, the Complaint's infringement allegations should be dismissed.

      **B.**      **The Complaint Fails to Sufficiently Allege Indirect Infringement by BBY**

            **1.**      **The Complaint Fails to Sufficiently Plead Underlying Acts of Direct Infringement to Support Indirect Infringement**

Because the Complaint does not sufficiently plead direct infringement, the predicate for indirect infringement is missing.  As a result, the indirect infringement claims can be dismissed

without additional analysis. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

### 2. The Complaint Fails to Sufficiently Allege Pre-Suit Knowledge of the Patents-in-Suit

The Complaint's indirect infringement allegations are also missing the critical knowledge element. Without an assertion that BBY had the requisite knowledge before infringement, the indirect infringement allegations must fail. AP alleges that the indirect infringement occurred prior to the filing of the suit. (*See, e.g.*, Dkt. No. 1 at ¶¶ 93-94 (focusing on past tense allegations: "Defendants Best Buy, TPV, and Hisense have also indirectly infringed"; "Defendants . . . took active steps"; "such steps included . . . advertising and promoting the use of the accused products"; "Defendants Best Buy, TPV, and Hisense performed these steps, which constitute induced infringement, with the knowledge of the [patents-in-suit]").) But there is no plausible, factual support included to support any allegation that BBY had pre-suit knowledge of any of the patents-in-suit or alleged infringement. (*See, e.g.*, Dkt. No. 1 at ¶¶ 42, 54, 67, 79, 90.) The law is clear: BBY cannot be liable for indirect infringement based on conduct that occurred before its knowledge of the patents-in-suit. *See, e.g.*, *Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *see also Corydoras Techs., LLC v. Apple Inc., et al*, No. 2:16-cv-00538-JRG, 2016 WL 9242435, at *2-3 (E.D. Tex. Nov. 23, 2016) (dismissing claims of pre-suit indirect infringement where "no allegation [of] pre-suit knowledge of the patents-in-suit" was made). Accordingly, the allegations of pre-suit indirect infringement should be dismissed.

### 3. The Complaint Fails to Sufficiently Plead the Remaining Elements of Induced Infringement

The Complaint also fails to sufficiently allege the intent required to support a claim for ongoing induced infringement. "For an allegation of induced infringement to survive a motion to dismiss, a Complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S. Ct. 2060, 2068 (2011)). The intent required for induced infringement is the intent to "'bring about the desired result,' which is infringement." *Commil*, 135 S. Ct. at 1928. Thus, "for an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer [BBY] 'specifically intended (another party) to infringe (the patent) and knew that the (other party's) acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018).

AP's allegations regarding the intent requirement fall far short. AP's allegations regarding induced infringement are contained in paragraphs 93, 94, 96 and 97 of the Complaint. The allegations within these paragraphs are deficient for the following reasons.

The Complaint's sole allegation regarding the intent requirement is an unsupported and conclusory statement that "Best Buy, TPV and Hisense took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit . . . ." (Dkt. No. 1

7

at ¶ 93.) This conclusory statement completely fails to allege any fact from which such a conclusion could plausibly be inferred. Further, the "active steps" that purportedly show the specific intent—advertising and promoting the accused products and distributing instructions—are nothing more than ordinary sales and marketing activities. *Core Wireless*, 2015 WL 4910427, at *4 ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."). Nor do the allegations of paragraph 93 provide any support for the conclusory statements, such as by alleging any specific actions taken by BBY to advertise, direct or instruct users to use the accused products in an allegedly infringing fashion. Finally, to compound the opacity of the Complaint, AP's conclusory statements are alleged in the alternative, creating additional guesswork as to which, if any, of the alleged activities apply specifically to BBY.

Paragraph 94 also fails to sufficiently allege active inducement. It alleges that "Defendants Best Buy, TPV and Hisense have also induced their affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their affiliates' behalf to directly infringe (literally and/or under the doctrine of equivalents) the '782 patent, the '304 patent, the '458 patent, the '655 patent and the '090 patent by importing, selling or offering to sell the accused products." (Dkt. No. 1 at ¶ 94.) Like paragraph 93, the rest of paragraph 94 recites conclusory allegations of legal factors used to evaluate claims of inducement, but the allegations are generic as to all of the patents-in-suit and do not differentiate between BBY and any other defendant.

The allegations of paragraph 93 and 94 do not tie any specific activities undertaken of BBY to any third-party use of the accused devices that allegedly infringe the patents-in-suit. Nor

8

are there allegations found elsewhere in the Complaint that provide the requisite detail to render AP's indirect infringement allegations plausible. For example, the Complaint includes screenshots from a Sam's Club website with regard to its allegations of direct infringement. (Dkt. No. 1 at ¶¶ 33, 40, 47, 52, 60, 64.) There are no allegations, however, that BBY sells the same product. And even if it did, statements made on Sam's Club websites are not statements of, nor actions by, BBY that can support a claim that BBY has actively induced infringement of the patents-in-suit.

The allegations within paragraphs 93 and 94 address all five patents-in-suit. The allegations within paragraphs 96 and 97 address only three of the patents-in-suit, and appear redundant to the allegations in paragraphs 93 and 94 with respect to BBY. Thus, the allegations of induced infringement within paragraphs 96 and 97 are deficient for the same reasons as discussed above with respect to paragraphs 93 and 94.

Simply put, Plaintiff does not allege any facts that establish a "plausible inference that [BBY] had the specific intent to induce its customers' actions, and knowledge that those actions amounted to infringement." *Core Wireless*, 2015 WL 4910427, at *4. Thus, AP's claim for induced infringement as to all patents-in-suit must be dismissed.

    4.    **The Complaint Fails to Sufficiently Plead the Remaining Elements of Contributory Infringement**

Additionally, the Complaint's allegations of contributory infringement are also insufficient. For example, 35 U.S.C. § 271(c) limits contributory infringement to "[w]hoever offers to sell or sells within the United States or imports into the United States **a component of a patented machine** . . . ." (emphasis added). Contributory infringement "occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is

known by the party, to be especially made or especially adapted for use in an infringement of such patent.'" *Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citations omitted). Like induced infringement, contributory infringement requires the defendant to have knowledge of the patent-in-suit and knowledge that his activity caused patent infringement. *Commil*, 135 S. Ct. at 1926.

      Paragraphs 95 and 98 are the only paragraphs of the Complaint that attempt to plead a claim for contributory infringement, and neither paragraph identifies any such alleged component that has no substantial non-infringing uses. *See*, *e.g.*, *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015) ("Plaintiff's allegations do not support a plausible inference that the accused devices or components thereof cannot be used for any other purpose than infringement."); *Soverain Software LLC v. Euromarket Designs, Inc.*, 6:12-cv-145, Doc. 54, slip op. at 9 (E.D. Tex. March 21, 2014) (dismissing claim where "the complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement"). Instead, the Complaint makes vague allegations that the accused products have "special features," but fails to allege what those features are beyond "improved wireless communication abilities," and fails to allege who supplied the components that allegedly contain the alleged "special features." *See*, *e.g.*, *M2M Solutions LLC v. Telit Communs. PLC,* 2015 U.S. Dist. Lexis 102349, at *13 (D. Del. Aug. 5, 2015) (contributory infringement claim insufficient because allegations directed to defendants collectively). Such boilerplate recitation of the elements of contributory infringement fails to provide any factual allegations from which the Court may draw an inference against BBY that the accused products have no substantial non-infringing uses. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the

10

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action . . . do not suffice."). Thus, AP's claims of contributory infringement as to all of the patents-in-suit should be dismissed.

### C. The Complaint Fails to Sufficiently Allege Willful Infringement of any Patent-in-Suit

Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016). Egregious conduct "can be described as 'willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *2 (E.D. Tex. Aug. 19, 2016) (quoting *Halo*, 136 S. Ct. at 1932), *report and recommendation adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016). As a result, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See*, *e.g.*, *Varian Medical Systems, Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016).

The Complaint alleges that BBY's infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." (Dkt. No. 1 at ¶ 101.) But the Complaint does not plead any facts to support this conclusory statement. Although "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. at 1932-33, the Complaint does not allege any facts to support this claim that BBY had knowledge of any of the patents-in-suit prior to filing the Complaint. Willful infringement claims must be grounded in pre-filing conduct; "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, Dkt. 34, slip.

11

op. at 3 (E.D. Tex. Oct. 19, 2016); *see also Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc.*, No. 2:15-cv-1809-JRG, Dkt. 44, slip op. at 4-5 (E.D. Tex. Apr. 13, 2016) (finding that willful infringement claims "grounded exclusively in conduct occurring as of and after the filing of its complaint" had not been sufficiently pled and could not survive a motion to dismiss, in part because, at the time of filing, plaintiffs are "required to have a good faith basis for alleging willful . . . infringement"). Without any plausible allegations that BBY had knowledge of the patents-in-suit prior to filing the Complaint, AP's allegation that BBY's infringement "has been … willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is simply not plausible. *See*, *e.g.*, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."); *Opticurrent*, slip op. at *2 ("pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness"); *Adidas Am., Inc. v. Sketchers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) ("If the defendant does not learn of the patent's existence until the plaintiff files a complaint for infringement, there is no basis upon which the plaintiff can plead that the defendant's infringement was willful.").

The Complaint appears to offer only two other allegations in support of its willful infringement claims. The first allegation is a conclusory, unsupported assertion that "Defendants' actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Defendants." (Dkt. No. 1 at ¶ 100.) The Complaint does not, however, actually allege any specific "objectively reckless" actions. Conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation is another conclusory, unsupported assertion that "Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." (Dkt. No. 1 at ¶ 99.) As discussed above, however, AP makes this same general allegation against the defendants named across the 11 complaints that it has recently filed in this Court. And the allegation itself is mere boilerplate and not based on any facts specific to any particular defendant. Speculative allegations such as these are precisely what the Supreme Court rejected in *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *see also Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-PHX-DGC, 2017 WL 2651709, at *7 (D. Ariz. June 16, 2017) ("Courts . . . have universally—either in word or deed—required plaintiffs to plead facts showing willfulness."). Thus, AP's allegations of willful infringement must be dismissed.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint against BBY for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 18, 2019

Respectfully submitted,

By: /s/ *Kevin G. McBride*
Kevin G. McBride
California Bar No. 195866 (admitted in E.D. Tex.)
Brock F. Wilson
California Bar No. 248018 (admitted in E.D. Tex.)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, California 92614
Telephone: (949) 885-4200
Facsimile: (949) 885-4101
Email: kmcbride@akingump.com

13

Email: bfwilson@akingump.com

Charles Everingham IV
State Bar No. 00787447
911 West Loop 281, Suite 412
Longview, TX 75604
Telephone: (903) 297-7404
Facsimile: (903) 297-7402
Email: ceveringham@akingump.com

By: /s/  *Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

By: /s/  *James R. Sobieraj*
James R. Sobieraj (IL Bar No. 6183779)
Jsobieraj@brinksgilson.com
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois  60611-5599
Phone:  (312) 321-4200
Fax: (312) 321-4299

**ATTORNEYS FOR DEFENDANT BEST BUY CO., INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via Court's CM/ECF system per Local Rule CV-5(a)(3) on this 18th day of January, 2019.

By: /s/ *Sakura Toyama*
Sakura Toyama