# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HISENSE CO. LTD., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 4:18-cv-768-ALM<br><br>**JURY TRIAL DEMANDED** |

# AMERICAN PATENTS' OPPOSITION TO BEST BUY CO., INC.'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1
II. LEGAL STANDARD ............................................................................................................2
III. AMERICAN PATENTS SUFFICIENTLY PLEADED INFRINGEMENT AGAINST BEST BUY .........................................................................................................2
    A. American Patents' Infringement Allegations Meet the Pleading Requirements............. 2
    B. American Patents Adequately Alleged Infringement By Best Buy ................................ 5
    C. The Complaint's Allegations of Indirect Infringement Meet the Pleading Requirements ................................................................................................................... 7
    D. The Complaint's Allegations of Willfulness Meet the Pleading Requirements ............ 11
        1. American Patents Plausibly Alleged That Best Buy Intentionally Infringed ............. 12
        2. Pre-Suit Knowledge Is Not Required to State a Claim for Willfulness ..................... 13
        3. Even If Pre-Suit Knowledge Is Required, It Was Adequately Alleged Here............. 14
IV. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED....................................15
V. CONCLUSION .....................................................................................................................15

I.      **INTRODUCTION**

American Patents' original complaint in this case alleged that Best Buy infringed five patents.[1] Best Buy has moved to dismiss the complaint for failure to state a claim of direct and indirect infringement and for failure to state a claim of willful infringement.

Best Buy's challenge to American Patents' direct and indirect infringement allegations should be rejected. As to direct infringement, American Patents alleged infringement of specific claims by specific Best Buy products, providing cites to websites (of Best Buy and of other manufacturers whose products Best Buy sell) showing the accused products. American Patents alleged that Best Buy's products meet each element of specific claims. And American Patents identified certain features of the accused instrumentalities involved in the infringement. As to indirect infringement, American Patents plausibly alleged knowledge of the patents both from the filing of the suit and earlier. American Patents specifically pleaded that Best Buy induced infringement by, among other things, distributing instructions that guide users to use the products in an infringing manner. And American Patents also specifically pleaded that the accused products have special features that have no substantial use other than uses that infringe the asserted patents, providing examples of such features. These allegations provide fair notice of American Patents' claims against Best Buy and the grounds on which they rest, thereby putting Best Buy on notice as to what it must defend.

Finally, Best Buy's challenge to American Patents' willfulness allegations should be rejected. Contrary to Best Buy's arguments, pre-suit knowledge of the asserted patents need not

---

[1] The five patents asserted against Best Buy are U.S. Patent Nos. 7,088,782 ("the '782 Patent"), 7,310,304 ("the 304 Patent"), 7,706,458 ("the '458 Patent"), 7,373,655 ("the '655 Patent"), and 7,934,090 ("the '090 Patent").

1

be alleged to state a claim for willfulness. And even if pre-suit knowledge were required, the complaint sufficiently alleges willfulness.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) is a "purely procedural question," so the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, such motions "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

## III. AMERICAN PATENTS SUFFICIENTLY PLEADED INFRINGEMENT AGAINST BEST BUY

### A. American Patents' Infringement Allegations Meet the Pleading Requirements

American Patents has met the *Twombly* and *Iqbal* pleading requirements to support a plausible claim of both direct infringement and indirect infringement. Best Buy argues, wrongly, that American Patents has not met those requirements for any of the asserted patents because the infringement allegations do not spell out in detail how claim elements map to the accused products. (Mtn. at 4-5).

But this is not what the law requires. *Uniloc USA*, 2016 WL 7042236 at *2. If an element-by-element analysis were required, the Local Patent Rules requiring infringement contentions would be superfluous. *Id.* While this Court has not announced "a floor for the direct infringement standard," it has held that the pleading requirement is met where the plaintiff: (1) alleges a specific product infringes a specific claim; (2) alleges the product meets all the elements of a specific claim; and (3) incorporates by reference a website illustrating the accused product. *Dynocom Indus. v. Mainline Automotive Equip. Pty. Ltd.*, No. 2:16-cv-00553, Dkt. No. 45, at 4 (E.D. Tex. Feb. 14, 2017).

2

American Patents' allegations against Best Buy go well beyond what this Court found sufficient in *Dynocom*. For instance, as to each of the patents, American Patents has:

(a) alleged that specific Best Buy products infringe specific claims (*see, e.g.*, Dkt. 1 at ¶¶ 33, 34, 47, 48, 60, 61 (identifying the Best Buy/Insignia brand FireTV and products that Best Buy sells, like the Vizio brand D-series and the Hisense brand H9E, as specific products that infringe Claim 30 of the '782 Patent, Claim 1 of the '304 Patent, and Claim 1 of the '458 Patent); and ¶¶ 72, 73, 84, 85 (identifying products that Best Buy sells, like the Vizio brand D-series and the Hisense brand H9E, as specific products that infringe Claim 5 of the '655 Patent and Claim 1 of the '090 Patent));

(b) alleged that those Best Buy products meet each element of specific claims (*see, e.g.*, Dkt. 1 at ¶¶ 35-41, 49-53, 62-66 (allegations regarding each element of Claim 30 of the '782 Patent, Claim 1 of the '304 Patent, and Claim 1 of the '458 Patent); and ¶¶ 74-78, 86-89 (allegations regarding each element of Claim 5 of the '655 Patent and Claim 1 of the '090 Patent));

(c) incorporated by reference websites illustrating the accused Best Buy products (*see, e.g.*, Dkt. 1 at ¶¶ 33, 40, 47, 52, 60, 64, 72, and 84 (referencing, as sources, https://www.vizio.com/d-series; https://www.vizio.com/d60f3.html; https://www.insigniaproducts.com/pdp/NS-43DF710NA19/6245701; https://fccid.io/NKR-DHURAZ68/Users-Manual/Users-Manual-3842310; https://www.hisense-usa.com/electronics/tv/65h9e-plus));

(d) included screenshots to help identify the accused products involved in Best Buy's infringement (*see, e.g.*, Dkt. 1 at ¶¶ 33, 40, 47, 52, 60, 64, 72, and 84 (screenshots of the Best Buy/Insignia brand FireTV and products that Best Buy sells, like the Vizio brand D-series and the Hisense brand H9E, and of materials describing them)); and

(e) identified features of the accused products involved in Best Buy's infringement (*see, e.g.*, Dkt. 1 at ¶¶ 33, 47, 60, 72, and 84 (identifying "802.11ac capabilities," and "allow[ing] for initiation and/or control of Internet streamed content" of the accused products involved in the infringement)).

As the preceding paragraphs show, American Patents' allegations as to Best Buy more than satisfy Rule 8's requirements for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Best Buy cannot credibly claim that it does not know what the claim is and what it has to defend. American Patents is only required to present "enough fact[s] to raise a reasonable expectation that discovery will reveal" that Best

3

Buy is liable for patent infringement. *See Twombly*, 550 U.S. at 556; *see also Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (reversing dismissal of complaint where allegations "specifically identified the three accused products" and alleged that the products "meet 'each and every element of at least one claim'"); *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, 2018 WL 1310007 at *2 (E.D. Tex. Feb. 14, 2018) ("this Court has previously recognized that an allegation a specific accused product or system infringes a patent is sufficient to meet the pleading requirements of the rules, and a plaintiff need not allege what specific components, features, or capabilities infringe"), *adopted*, 2018 WL 1306615 (Mar. 13, 2018).

Best Buy argues that the asserted claims "demand a higher degree of pleading specificity" in this case because Best Buy says the technology in the present case is arguably more complicated than in a typical case. (Mtn. at 7) (citing *Uniloc*, 2016 WL 7042236, at *4 (quoting *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229-LED-JDL, 2012 WL 10978964, at *13 (E.D. Tex. July 27, 2012). While both decisions state that some cases *may* require a higher degree of specificity "to provide proper notice," neither *Uniloc* nor *Patent Harbor* require a higher degree of specificity than the level American Patents has met. *Id*.

In any event, Best Buy does not acknowledge the Federal Circuit's decision in *Disc Disease*, where the Federal Circuit held that infringement allegations for one patent consisting entirely of an attached picture and two paragraphs with little detail were sufficient under the pleading standards. 888 F.3d at 1260. The entirety of the infringement allegations for one patent in *Disc Disease*, which the Federal Circuit held were sufficient, consisted of the following:

> 14. The infringing acts include, but are not limited to, using, causing to be used, making, causing to be made, importing, causing to be imported, offering to sell, causing to be offered for sale, selling, and/or causing to be sold, products, including an inflatable belt for use with support panels and

4

> marketed as the "DBB 3500", that *infringe at least one claim of the '113 Patent* in this judicial district and elsewhere within the United States.
>
> 15. Defendants are liable for infringement of the '113 Patent pursuant to 35 U.S.C. § 271. By way of example, and without limitation, Defendants products, including the DBB 3500 *meet each and every element of at least one claim of the '113 Patent, either literally or equivalently*. A non-limiting example of such product is shown in the photograph of the packaging of the DBB 3500 attached as Exhibit C.

(Ex. 1, Disc Disease Complaint at ¶¶ 14-15) (emphasis added). Here, as noted above, American Patents has gone above and beyond what was found sufficient in *Disc Disease* by providing over thirty paragraphs of allegations against specific products (with pictures), claims, and claim elements, and by providing notice of features of the accused products involved in Best Buy's infringement. Best Buy's contrary arguments are nothing more than attempts to force American Patents to prove its case on the pleadings. *See Marking Object Virtualization Intelligence, LLC v. Hitachi Ltd.*, No. 2:16-cv-01055-JRG, Dkt. 88, slip op. at 5 (E.D. Tex. Sep. 25, 2017) ("At this stage in the case, the plaintiff is not required to provide an exposition of his legal argument.") (internal quotes omitted); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016) (concluding that the identification by name of accused products, description of the accused functionality within the products, and the accused functionality were sufficient to support a reasonable inference the defendant was liable for direct infringement of the asserted claims, and that "[r]equiring more would improperly and unfairly elevate the plausibility standard to a probability standard").

      B.      <u>American Patents Adequately Alleged Infringement By Best Buy</u>

Independent of its arguments about the complaint's level of detail, Best Buy also argues that the complaint does not adequately plead infringement by Best Buy because it alleges conduct by "Defendants" collectively. (Mtn. at 4). For example, Best Buy also argues that the

infringement allegations do not "distinguish and plead the individual actions of BBY as distinct from the various other defendants." *Id*.

But the Complaint names a number of Best Buy activities that are related to its infringement. For example, the Complaint specifically alleges both that "Best Buy is one of the leading sellers of televisions in the United States, including the Sharp brand made for Best Buy, the Hisense brand, the Vizio brand, and the Insignia brand," and that "Best Buy owns the Insignia brand, which is exclusively sold through retail channels selected by Best Buy." (Dkt. 1 ¶¶ 17, 18).

Moreover, American Patents alleges that *all* defendants are engaged in infringing conduct, and that each Defendant is responsible for its own infringement. The complaint's allegations here mean just what they say—*i.e.*, that Defendants (defined in the complaint collectively as all separate defendants, *see* Dkt. 1 at 1) have *each* infringed the asserted patents by making, using, selling, and/or offering to sell the accused products. *E.g.*, Dkt. 1 at ¶ 33. That is why, in cases like this one, courts have rejected similar attacks on grouped allegations. *See, e.g., Acantha LLC v. Depuy Synthes Sales, Inc.*, No. 15-cv-1257, 2016 WL 8201781, at *2 (E.D. Wis. July 28, 2016) (rejecting challenge to grouped allegations on this ground); *Sanders v. JGWPT Holdings, Inc.*, 14 C 9188, 2016 WL 4009941, at *10 (N.D. Ill. July 26, 2016) ("Here, Defendants complain that they are lumped together as 'Defendants,' 'the JGWPT entities,' and 'the JGWPT defendant entities,' but these allegations are specific enough for the JGWPT Defendants to understand they are specifically implicated.").[2]

---

[2] *See also WAG Acquisition, LLC v. Multi-Media, LLC*, 2015 WL 5310203, *7-*8 (D.N.J. 2015) (denying motion to dismiss infringement allegations that referred to "Defendants" as it was clear that "Defendants" "means each individual Defendant"); *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 655 (S.D. Miss. 2013) (rejecting argument that "lump[ing]

### C. The Complaint's Allegations of Indirect Infringement Meet the Pleading Requirements

American Patents has also plausibly alleged indirect infringement. Best Buy's first argument regarding indirect infringement is a tacked-on claim that "the indirect infringement claims can be dismissed without additional analysis" "[b]ecause the Complaint does not sufficiently plead direct infringement[.]" (Mtn. at 5-6). But Best Buy has offered no legal or logical support for this proposition. (For example, whether Best Buy directly infringes a patent is an analytically distinct question from whether Best Buy induces its customers to infringe that patent.) Instead, Best Buy offers only a lone citation to *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). (Mtn. at 6). But Best Buy's proposition does not follow from *Joy Techs*. At best for Best Buy, the cited portion of *Joy Techs.* stands for the unremarkable proposition that a company cannot be liable for inducing infringement that never came to pass during the patent's term. 6 F.3d at 774-776. But that case says *nothing* about pleading standards or plausible allegations of indirect infringement, or how those standards might relate to whether a separate claim for direct infringement was properly made.

Best Buy also argues that the complaint's indirect infringement allegations are insufficient for a number of additional reasons. (Mtn. at 5-11). In each case Best Buy is wrong.

For example, Best Buy argues that American Patents has not plausibly alleged inducement because American Patents has not shown "that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." (Mtn. at 7). But American Patents specifically pleaded that Best Buy committed

---

all the Defendants and accused gaming machines together" did not provide sufficient notice); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F.Supp. 2d 342, 363-64 (S.D. Tex. 2011) (denying motion to dismiss where complaint used "the collective term 'Fugro' to refer to the actions of all Fugro Defendants, without distinguishing among the acts of each defendant").

acts of inducing infringement, including, for example, "distributing instructions that guide users to use the products in an infringing matter." (Dkt. 1 at ¶ 93). That alone is sufficient. *See, e.g., Cywee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL 3819392, *2 (E.D. Tex. Aug. 10, 2018) (Bryson, J., by designation) (holding that allegation that "Huawei provides manuals and instructions . . . and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement for period in which Huawei had knowledge of the patents-in-suit).[3]

Best Buy next complains about certain inducement facts being plead "in the alternative." (Mtn. at 8). But American Patents is entitled to plead in the alternative, as is any plaintiff. Not surprisingly, Best Buy provides no authority to the contrary. *See Light Transformation Technologies, LLC v. Light Science Group Corp.*, No. 2:12-CV-826-MHS-RSP, 2014 WL 935354, *2 (E.D. Tex. 2014) ("While GE asserts that the use of the phrase[]… 'and/or' render[s] the complaint insufficient under the rules, GE fails to provide any persuasive argument that the law requires that outcome here.")

Best Buy also says, incorrectly, that American Patents' contributory infringement allegations are flawed. (Mtn. at 9-11). Best Buy argues that American Patents improperly makes "vague allegations that the accused products have 'special features.'" *Id*. But the Federal Circuit has made clear that a special feature of an accused product can indeed be the basis of a

---

[3] *See also Swipe Innovations, LLC v. Ingenico Corp.*, No. 9:12-cv-127-RC, 2013 WL 12142379, *3 (E.D. Tex. Jan. 3, 2013) (holding inducement was adequately pleaded by allegations that defendants engaged in the steps of "advising and directing [of] customers [to infringe using accused instrumentalities]," "advertising or promoting the use [of accused instrumentalities to infringe]," and "distributing instructions that guide users to use the [accused instrumentalities to infringe]).

contributory infringement claim. *See, e.g., Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008) (holding that one cannot "escape liability as a contributory infringer merely by embedding [the infringing component] in a larger product with some additional, separable feature before importing it and selling it"); *see also i4i Limited Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 578 n.5 (E.D. Tex. 2009). American Patents specifically pleaded that the accused products have special features that have no substantial use other than uses that infringe American Patents' patents. (Dkt. 1 at ¶ 95, 98). And American Patents even provided examples of such special features— improved wireless communication capabilities and initiation and/or control of Internet streamed content—used in a manner that infringes the claims of the patents-in-suit. *Id*. Best Buy also says that American Patents "fails to allege what those features are beyond 'improved wireless communication abilities.'" (Mtn. at 10). But American Patents' contributory infringement pleading plainly refers to two specific accused features of the accused products. Best Buy simply ignores that those features were identified earlier in the complaint. *See, e.g.*, Dkt. 1 at ¶ 72 (identifying products that Best Buy sells, like the Vizio brand D-series and the Hisense brand H9E, as examples of Best Buy's "products and/or systems that allow for initiation and/or control of Internet streamed content").

Finally, Best Buy argues that the complaint's indirect infringement allegations as to pre-suit conduct should be dismissed because "there is no plausible, factual support included to support any allegation that BBY had pre-suit knowledge of any of the patents in suit or alleged infringement." (Mtn. at 6). But American Patents plausibly alleged that Best Buy was willfully blind to the existence of the asserted patents before the suit was filed, and an allegation of willful blindness is an allegation of knowledge. *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011). As Best Buy acknowledges, American Patents pleaded that Best Buy had "a

policy or practice of not reviewing the patents of others (*including instructing its employees to not review the patents of others*), and thus has been willfully blind of American Patents' patent rights" in the pre-suit period. (Mtn. at 13). (emphasis added). American Patents alleged knowledge in the pre-filing period[4] because it believes that discovery will show that Best Buy affirmatively instructed its employees to avoid reading the patents of others.

Best Buy calls this willful blindness allegation implausible simply because American Patents has included it in complaints against Best Buy's competitors—without citing any case that has ever dismissed a complaint on that basis. And, in any event, that such conduct is widespread should be unsurprising. As Professor Mark Lemley has explained, companies like Best Buy are notorious for adopting head-in-sand policies:

> *Virtually everyone does it*. They do it at all stages of endeavor. Companies and lawyers tell engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful infringer. . . . This *intentional ignorance* of patent rights in the hands of others has led some to label major manufacturers in the IT industries "patent pirates."

*See, e.g.*, Ex. 2 at 21-22 [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)] (emphasis added).[5]

---

[4] Best Buy makes the assertion that "AP alleges that the indirect infringement occurred prior to the filing of the suit." (Mtn. at 6). To the extent Best Buy is arguing that American Patents has not pleaded post-filing indirect infringement, the Complaint plainly alleges that "The inducement by Defendants Best Buy, TPV, and Hisense is ongoing," and that "The contributory infringement by Defendants Best Buy, TPV, and Hisense is ongoing." (Dkt. 1 at ¶¶ 93, 95).

[5] *See also* Edwin H. Taylor & Glenn E. Von Tersch, *A Proposal to Shore Up the Foundations of Patent Law that the Underwater Line Eroded*, 20 Hastings Comm. & Ent. L.J. 721, 737 (1998) ("As matters now stand many companies discourage employees from reading patents. This presumably lessens the chance that the company will be found to have knowledge of a patent."); Dennis Fernandez, *Move Over Letterman: Top 10 Most Common IP Management Mistakes for New Companies*, Pat. Strategy & Mgmt., July 1, 2003, at 3 ("Additionally, in many cases it may be appropriate for companies, as a matter of policy, to discourage looking at issued patents owned by other entities so as to avoid awareness of potentially infringing patents."); Mark A. Lemley & Ragesh K. Tangri, *Ending Patent Law's Willfulness Game*, 18 Berkeley

American Patents' allegations of willful blindness are thus far more than plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that plausibility standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim].") Indeed, this Court has previously denied a motion to dismiss similar allegations. *See Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 938 (E.D. Tex. 2016) (Bryson, J., by designation) ("Taking all inferences in Script's favor, it has pleaded that defendant took an affirmative action to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy. . . . Script has sufficiently pleaded inducement . . . .") (emphasis added); *but see Nonend v. Apple, Inc.*, Case No. 2:15-cv-00466-JRG-RSP, 2016 WL 1253740, *2-3 (E.D. Tex. Mar. 11, 2016).

D. <u>The Complaint's Allegations of Willfulness Meet the Pleading Requirements</u>

According to Best Buy, American Patents' willfulness allegations should be dismissed because they supposedly provide only "general and formulaic assertions" of willful infringement and do not "allege any facts to support this claims that BBY had knowledge of any of the patents-in-suit prior to filing the Complaint." (Mtn. at 11-13). Best Buy is wrong. American Patents plausibly alleged willful infringement, and pre-suit knowledge is not required to state a

---

Tech. L.J. 1085, 1100-01 (2003) ("[I]n-house patent counsel and many outside lawyers regularly advise their clients not to read patents if there is any way to avoid it. What you do know will certainly harm you, they reason, so it is generally better not to know. Thus, from the perspective of a potential infringer, ignorance is bliss."); Timothy B. Lee, *It's Normal for Software Companies to Ignore Patents*, Forbes Contributor post (2/27/2012) ("[A]lmost all software companies ignore their competitor's patents."); Tom Krazit, "*Why Tech Companies Want Engineers To Ignore Patents When Designing Products*," Gigaom, Nov. 2, 2011 ("[S]everal companies in the tech industry *actively discourage* their engineers from thinking about whether concepts and products under development might have already been patented . . . .") (emphasis added).

11

claim for willfulness. And even if pre-suit knowledge were required, American Patents has adequately alleged such knowledge.

1. American Patents Plausibly Alleged That Best Buy Intentionally Infringed

American Patents plausibly alleged willful infringement by Best Buy. Willfulness requires proof that the defendant "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement." *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (rejecting challenge to jury instruction on willfulness). The complaint alleged that Best Buy had knowledge of the patents, that Best Buy's customers are directly infringing, and that Best Buy has encouraged (and continues to encourage) them to infringe. (Dkt. 1 at ¶¶ 6-9, 25-26, 42, 54, 67, 79, 90, 93-102). These allegations are sufficient to state a claim for willful infringement at the pleading stage. *See, e.g., Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 939 (E.D. Tex. 2016) (Bryson, J., by designation) (rejecting argument that plaintiff failed to plead facts showing that defendants' "actions constituted an unjustifiably high risk of infringement" because plaintiff "has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encouraged this infringement").

Best Buy suggests that American Patents' allegations are flawed because they do not show "egregious" behavior. (Mtn. at 11). But whether infringing conduct was sufficiently "egregious" is not an element of willful infringement at all. Instead, "egregiousness" is for the court to consider in exercising its discretion to enhance damages after the jury's finding of willfulness. *See Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*, 2018 WL 2149736, at *8 (E.D. Tex. 2018) ("the jury must decide whether the infringement was *intentional*, and then the court must decide whether the intentional conduct was *egregious* enough to justify enhanced

damages") (emphasis added).

*Halo* did state that enhanced damages awards are meant to be a "sanction for egregious infringement behavior." 136 S. Ct. at 1932. But that does not mean egregiousness is an element of willful infringement. Indeed, "*Halo* emphasized that subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer" is sufficient to establish willfulness and allow the court to consider enhancing damages. *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (internal quotes omitted). For that reason, in *Ericsson* this Court rejected a defendant's challenge to the jury's willfulness verdict specifically because the defendant's "assumption that a jury's willfulness finding cannot stand without egregious or shocking infringement behavior is inconsistent with the Federal Circuit's decision in *Artic Cat*." *Ericsson*, 2018 WL 2149736, at *9.

### 2. Pre-Suit Knowledge Is Not Required to State a Claim for Willfulness

Best Buy also says that American Patents' willful infringement allegation is flawed because, according to Best Buy, willful infringement must be based on pre-suit knowledge of the patents. (Mtn. at 11-13). That is not the law: "there is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness. . . . Culpability can arise pre- or post-suit." *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017); *see also Plano Encryption Tech., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG at 13 (E.D. Tex. Sept. 22, 2017) ("[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement.").

For these reasons, even if the complaint contained no pre-suit knowledge allegations, American Patents has stated a claim for willfulness by pleading that the complaint put Best Buy on notice of the patents and that Best Buy's infringement is ongoing. (Dkt. 1 at ¶¶ 6-9, 25-26, 34, 42, 48, 54, 61, 67, 73, 79, 85, 90, 93-102). No more is required. *See, e.g.*, *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 215-CV-1274-JRG-RSP, 2016 WL 4778699, at *7 (E.D. Tex. Aug. 19, 2016) *adopted* No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ("The Court also finds the complaint states a claim to post-suit willful infringement… The complaint alleged that despite these facts, the [] Defendants have not ceased their infringing activities."); *see also WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (holding that an allegation of notice of the patents-in-suit and that continued infringement would be willful is sufficient at the pleading stage).

### 3. Even If Pre-Suit Knowledge Is Required, It Was Adequately Alleged Here

Even if Best Buy were correct about the law, Best Buy would still lose because American Patents has adequately pleaded pre-suit knowledge for all of the asserted patents. As Best Buy acknowledges (and as explained in more detail in Section III.C, *supra*), American Patents pleaded that Best Buy had "a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' rights under the patents." (Mtn. at 13). That is sufficient at the pleading stage. *See* Fed. R. Civ. P. 11(b)(3) (allowing allegations of fact on information and belief if they "will likely have evidentiary support after reasonable opportunity for further investigation or discovery"); *see also Blitzsafe Texas*, 2016 WL 4778699, at *6 (discussing applicability of willful blindness to allegations of pre-suit willful infringement).

**IV.  IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED**

To the extent that the Court rules that any of American Patents' claims are not adequately pleaded, American Patents requests an opportunity to amend its complaint to address any deficiencies that the Court finds, or, at a minimum, to incorporate its P.R. 3-1 infringement contentions by reference once those are submitted. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH,* 839 F.3d 422, 428 (5th Cir. 2016) (finding an abuse of discretion for the district court's failure to grant leave to amend and explaining "the language of this rule evinces a bias in favor of granting leave to amend, and "[a] district court must possess a substantial reason to deny a request.") (citations and internal quotations omitted). "[T]he Rule 'evinces a bias in favor of granting leave to amend.'" *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x 205, 208 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.*

**V.  CONCLUSION**

For the foregoing reasons, the Court should deny Best Buy's Motion.

Dated: February 1, 2019

Respectfully submitted,

/s/ *Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com

15

Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000

*Attorneys for American Patents LLC*