**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HISENSE CO. LTD., ET AL.<br><br>                    Defendants. | Civil Action No. 4:18-cv-00768-ALM |

**DEFENDANT SHARP CORPORATION'S
<u>MOTION TO DISMISS PURUSANT TO FED. R. CIV. P. 12</u>**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. STATE OF ISSUE TO BE DECIDED .................................................................... 1

III. FACTUAL BACKGROUND ................................................................................... 2

IV. LEGAL STANDARDS ............................................................................................ 3

    1. MOTION TO DISMISS UNDER RULE 12(B) ................................................ 3

    2. DIRECT PATENT INFRINGEMENT ............................................................ 4

    3. INDIRECT PATENT INFRINGEMENT – ACTIVE INDUCEMENT ................ 5

    4. INDIRECT PATENT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT ............... 5

V. ARUGMENT ............................................................................................................ 6

    A. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE ANY INDIVIDUALIZED ALLEGATION AGAINST SHARP .................................................... 6

    B. THE COMPLAINT DOES NOT ALLEGE SHARP MAKES, SELLS OR OFFERS TO SELL ANY ACCUSED PRODUCT ............................................................................................. 7

    C. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF DIRECT INFRINGEMENT AS TO THE '782 PATENT .................................................................................................. 7

    D. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF INFRINGEMENT FOR ANY PATENT ......................................................................................................................... 8

    E. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF INDIRECT PATENT INFRINGEMENT FOR ANY PATENT ............................................................................ 10

        1. *The Indirect Infringement Claims Should be Dismissed Entirely* ................................ 11

        2. *At A Minimum, The Indirect Infringement Claims Should Be Dismissed As to Pre-Suit Conduct* ....................................................................................................................... 13

    F. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF WILLFUL INFRINGEMENT FOR ANY PATENT .......................................................................................................... 15

VI.     CONCLUSION ............................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,

  797 F.3d 1020 (Fed. Cir. 2015)..............................................................................6

*Ashcroft v. Iqbal*,

  556 U.S. 662 (2009)........................................................................4, 5, 14, 21, 22

*Babbage Holdings, LLC v.  Activision Blizzard, Inc.*,

  No. 2:13-750-JRG, 2014 WL 2115616 (E.D. Tex. May 15, 2014) .........................18

*Bell Atlantic Corp. v. Twombly*,

  550 U.S. 544 (2007)..............................................................................4, 5, 6, 22

*Continental Circuits LLC v. Intel Corp.*,

  No. 16-cv-2026-PHX-DGC, 2017 WL 2651709 (D. Ariz. June 16, 2017)............................22

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,

  No. 14-cv-752-JRG-JDL, 2015 U.S. Dist. Lexis 107354 (E.D. Tex. Aug 14, 2015)...............8

*DSU Med. Corp. v. JMS Co.*, Ltd.,

  471 F.3d 1293 (Fed. Cir. 2006)...............................................................................7

*Ericsson, Inc. v. D-Link Systems, Inc.*,

  773 F.3d 1201 (Fed. Cir. 2014)..............................................................................11

*Genedics LLC v. Meta Co.*,

  No. 17-cv-1062-CJB 2018  U.S. Dist. Lexis 141495 (D. Del Aug. 21, 2018) ........................13

*Global-Tech Appliances, Inc. v. SEE S.A.*,

  563 U.S. 754 (2011).............................................................................................7

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,

  136 S. Ct. 1923 (2016).....................................................................................20, 21

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

  681 F.3d 1323 (Fed. Cir. 2012).............................................................................5, 7

*Joy Techs., Inc. v. Flakt, Inc.*,

    6 F.3d 770 (Fed. Cir. 1993)................................................................................ 14

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*,

    2013 U.S. Dist. Lexis 78624 (W.D. Tex. June 4, 2013) .......................................... 9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,

    869 F.3d 1372 (Fed. Cir. 2017)............................................................................. 8

*M2M Solutions LLC v. Telit Communs. PLC*,

    2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015)............................................ 8

*Ormco Corp. v. Align Tech., Inc.*,

    463 F.3d 1299 (Fed. Cir. 2006)........................................................................... 11

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,

    No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199 (E.D.Tex. July 27, 2012)......... 12

*SoftView LLC v. Apple Inc.*,

    2012 U.S. Dist. LEXIS 104677 (D. Del. 2012) .................................................... 18

*Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l Inc.*,

    No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24,2014)....................................... 19

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,

    No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ............................ 20

*Uniloc USA Inc. v. Avaya Inc.*,

    2016 U.S. Dist. Lexis 181826 (E.D. Tex. 13 May 2016) ...................................... 12

*Varian Medical Systems, Inc. v. ElektaAB*,

    C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12,2016) ......................... 20

*Vita-Mix Corp. v. Basic Holding, Inc.*,

    581 F.3d 1317 (Fed. Cir. 2009)............................................................................. 7

## STATUTES

35 U.S.C. § 271(a) ...................................................................................... 6, 10

35 U.S.C. § 271(b). ........................................................................................... 6

35 U.S.C. § 271(c). ...................................................................................... 7, 17

OTHER AUTHORITIES

Federal Rule of Civil Procedure 8(a) ........................................................................................4

Federal Rule of Civil Procedure Rule 12(b)(6)....................................................................1, 6

I.      <u>**INTRODUCTION**</u>

Sharp Corporation (hereinafter "SHARP") respectfully moves this Court to dismiss with prejudice the Original Complaint ("Complaint") for Patent Infringement brought by Plaintiff American Patents LLC (hereinafter "American Patents") for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  The Complaint lumps a number of unrelated defendants together and makes few if any individualized factual allegations of patent infringement activities against each defendant.  Plaintiff's infringement allegations contain mere verbatim recitals of the patent claim language. They contain no factual assertions directed at a single product that SHARP has made or sold.  Finally, the Complaint accuses SHARP of indirect infringement and seeks willfulness determination based on generic and boilerplate allegations that are copied and pasted from numerous other complaints filed before the Court. In short, Plaintiff's Complaint fails to meet the stringent *Twombly/Iqbal* pleading standards required by the Supreme Court.

II.     <u>**STATE OF ISSUE TO BE DECIDED**</u>

1.      Should the infringement allegations be dismissed because they fail to state any individualized allegations against SHARP?

2.      Should the infringement allegations be dismissed because they fail to identify any product that SHARP makes, sells, or offers to sell?

3.      Should the allegations of direct infringement of the method claims of '782 Patent be dismissed because they fail to plausibly allege any act by SHARP that could infringe the method claims?

4.      Should the infringement allegations regarding all patents asserted against SHARP be dismissed because they fail to allege sufficient factual matter that, if true, would make out a plausible claim for relief?

5.      Should the allegations of indirect infringement against SHARP be dismissed because they are conclusory and do not suffice to state a claim under *Iqbal*?

6.      Should the willful infringement allegations against SHARP be dismissed as generic and implausible, for similar reasons as the indirect infringement allegations?

### III.      FACTUAL BACKGROUND

American Patents is a Texas limited liability company allegedly based in Tyler, Texas. Dkt. No. 1 at ¶ 1. On October 26, 2018, American Patents filed a complaint for patent infringement against SHARP and seven unrelated companies. *Id*.  American Patents' definition of "Defendants" mixes SHARP with seven other separate entities - (1) Best Buy Co. Inc., (2) Hisense Co. Ltd, (3) Hisense Electric co. Ltd., (4) Hisense International (Hong Kong) American Investment Co. Ltd., (5) TPV Victory Electronics (Taiwan) Co. Ltd., (6) TPV Electronics (Fujian) Co. Ltd., and (7) TPV Technology Ltd.  *Id*.  American Patents asserts five Patents - 7,088,782 (the '782 Patent), 7,310,304 (the '304 Patent), 7,706,458 (the '458 Patent), 7,373,655 (the '655 Patent) and 7,934,090 (the '090 Patent) in the Complaint.  American Patents asserts only the '782 Patent, '304 Patent and '458 Patent (collectively, "the Asserted Patents") against SHARP.

Throughout the Complaint, American Patents uses the term Defendants without alleging any infringing activities SHARP has performed with respect to the Asserted Patents.  American Patents repeatedly asserts that the Defendants "made, had made, used, imported . . .  products and/or systems including, for example their Vizio brand D-Series, Insignia brand FireTV, Sharp brand 55" Class 4K HDR Smart TV, or Hisense Brand H9E families of products that include 802.11ac capabilities ("accused products")." *See id.* at ¶¶ 33,47,60. There is no factual dispute among the parties that SHARP does not make, use, offer to sell, or sell the SHARP brand 55" Class 4K HDR Smart TV here.

The Complaint's allegations consist further of conclusory statements with copied and pasted claim elements from the Asserted Patents, and various screenshots of the accused products with corresponding URLs of the screenshots. *See, e.g. id*. at ¶¶ 33, 36-40, 47, 52-55, 60, 64-66. American Patents does not identify which aspects of the accused products or the screenshots provided correspond to the claim elements parroted. The Complaint's indirect infringement and willful infringement allegations against SHARP are even less. It simply recited the legal elements of indirect infringement and willful infringement, without any factual allegations or references to specific actions or activities by SHARP. *Id.* at ¶¶ 96-102.

As of the filing of this motion, American Patents has filed eleven complaints against makers and/or sellers of mobile phones, laptop PCs, tablets, and televisions. *See* C.A.No. 4:18-cv-00672 (against Huawei Device USA Inc. et al); C.A.No. 4:18-cv-00673 (against LG Electronics Inc. et al); C.A.No. 4:18-cv-00674 (against Samsung Electronics America, Inc. et al); C.A.No. 4:18-cv-00675, (against ZTE Corporation et. al); C.A.No. 4:18-cv-00697 (against Acer Inc.); C.A.No. 4:18-cv-00698 (against AsusTek Computer Inc.); C.A.No. 4:18-cv-00700 HP Inc.); C.A.No. 4:18-cv-00701 (against OnePlus Technology (Shenzhen) Co., Ltd.; C.A.No. 4:18-cv-00766 (against Panasonic Corporation of North America); C.A.No. 4:18-cv-00767 (against TCL Corp. et al); and the present case.

## IV.   LEGAL STANDARDS

### 1.   Motion to Dismiss under Rule 12(b)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule Civil Procedure 8(a). The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)  clarified a plaintiff's burden at the pleading stage and imposed a stringent pleading standard, which must be met to defeat a motion to dismiss.  The cases hold that "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly* 550

U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing

*Twombly*, 550 U.S. at 555). The *Twobly/Iqbal* threshold pleading standard applies to claims of

direct infringement, indirect infringement, and willful infringement. *See, e.g.*, *In re Bill of*

*Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

The *Twombly* and *Iqbal* decisions prescribe a two-step process for analyzing the

sufficiency of a complaint.  First, the court must identify the allegations in the complaint that

are not entitled to the assumption of truth.  In particular, the court must disregard "labels and

conclusions," "formulaic recitation of the elements of a cause of action," or "naked assertion[s]

devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Second, the court must consider the remaining factual allegations in the complaint to determine

if they plausibly suggest an entitlement to relief.  *Id*. at 678-79.  A motion pursuant to Federal

Rule of Civil Procedure 12(b)(6) does not need to conclusively prove that there is no set of facts

under which a plaintiff may recover. *Twombly*, 550 U.S. at 562-63.

### 2.  <u>Direct Patent Infringement</u>

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention

. . . infringes the patent." 35 U.S.C. § 271(a).  For a patented method, proof of direct

infringement under § 271(a) requires that the defendant perform every step of the method.

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Where

more than one actor is involved in practicing the steps, a court must determine whether the acts

of one are attributable to the other such that a single entity is responsible for the infringement." Id. The conditions for such vicarious liability are limited to "two sets of circumstances: (1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*.

### 3.   <u>Indirect Patent Infringement – Active Inducement</u>

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for inducement "requires a showing that the alleged inducer [1] knew of the patent, [2] knowingly induced the infringing acts, **and** [3] possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)(emphasis added); *see also Global-Tech Appliances, Inc. v. SEE S.A.*, 563 U.S. 754 (2011). "[M]ere knowledge of possible infringement" is insufficient to prove active inducement of the infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

### 4.   <u>Indirect Patent Infringement – Contributory Infringement</u>

"Whoever offers to sell or sells ... a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process" is liable for contributory infringement if (1) the product "constitute[s] a material part of the invention," (2) the infringer "know[s] the same to be especially made or especially adapted for use in an infringement of such patent," and (3) the product is "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1337.

V.     <u>**ARUGMENT**</u>

A.     **The Complaint Should Be Dismissed Because It Fails to State Any Individualized Allegation Against SHARP**

The Federal Circuit has explained that: "[o]ur precedent requires that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted); *See also Core Wireless Licensing S.A.R.L. v. Apple Inc.,* No. 6:14-cv-752-JRG-JDL, 2015 U.S. Dist. Lexis 107354, at *7 (E.D. Tex. Aug 14, 2015) (patentee must plead "facts sufficient to place the alleged infringer on notice as to what he must defends.") Where a complaint lumps defendants together and fails to "identify which particular defendant or defendants are responsible for which allegedly infringing products, process or method," dismissal of the complaint under Rule 12(b)(6) is proper. *See M2M Solutions LLC v. Telit Communs. PLC*, 2015 U.S. Dist. Lexis 102349, at *6 (D. Del. Aug. 5, 2015).

American Patents' Complaint uses the term "Defendants" indiscriminately. The term includes eight distinct legal entities - Hisense Co., Ltd., Hisense Electric Co., Ltd., Hisense International (Hong Kong) American Investment Co., Ltd., Top Victory Electronics (Taiwan) Co., Ltd., TPV Electronics (Fujian) Co., Ltd., TPV Technology Ltd., Best Buy Co., Inc. and Sharp Corporation. The Complaint alleges that "Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including sale products and/or systems including, for example, their Vizio brand D-Series, Insignia brand FireTV, Sharp brand 55" Class 4K HDR Smart TV, or Hisense brand H9E families of products that include 802.11ac capabilities ("accused products")." Dkt. No. 1 at ¶¶ 33,47,60. The Complaint further alleges for example that "[b]y doing so, Defendants have directly infringed

(literally and/or under the doctrine of equivalents) at least claim 30 of the '782 Patent."  *See Id*. at ¶ 34.  These infringement allegations do not distinguish any particular acts of infringement performed by a particular defendant, making it impossible to discern how the infringement allegations relate specifically to SHARP.  *See Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, 2013 U.S. Dist. Lexis 78624 at *22 (W.D. Tex. June 4, 2013) (Rule 8's notice requirement requires patent infringement claims be made with "sufficiently individualized allegations.")

**B.       The Complaint Does Not Allege SHARP Makes, Sells or Offers to Sell Any Accused Product**

The deficiency of Plaintiff's Complaint, thus the lack of notice to SHARP as to what activity SHARP performed is at issue, is further underscored by Plaintiff's own acknowledgement that Sharp branded TVs are made and sold by manufacturers such as Hisense. Dkt. No.1 at ¶ 6 ("[The named Hisense defendant entities] together comprise one of the world's largest manufacturers of televisions and one of the leading sellers of televisions in the United States, including the Sharp brand made for Best Buy and the Hisense brand"); *id*. at ¶ 22("Sharp directs, contracts with, and/or encourages manufacturers (e.g., Hisense) to make, use, offer to sell, sell or import accused products under the Sharp brand for Best Buy.")  There is no factual dispute among the parties that SHARP does not make, use, offer to sell, or sell the one Sharp branded TV identified in the Complaint - the Sharp brand LC-55P6050U TV model.   Simply put, the Complaint lacks any factual allegations that SHARP has performed an infringing act. Any infringement claims against SHARP is thus not plausible on the face of the Complaint.

**C.       The Complaint Fails to State A Plausible Claim of Direct Infringement As to The '782 Patent**

Furthermore, claims of direct infringement under 35 U.S.C. § 271(a) for the '782 Patent, a method patent, shall be dismissed because, as a matter of law, sales of a device do not infringe a patented method of using a device.

The Asserted Patents relate to methods of synchronizing data transmission in a communication network.  Claim 30 of the '782 Patent is directed to a method performed by a device in such communication network, containing steps such as "producing a frame of data," "transmitting the frame over a channel," and "synchronizing the received demodulated frame to the transmitted frame." '782 Patent at 22:36, 22:40, 22:43.  The Complaint, on the other hand, alleges that all Defendants (including SHARP) "made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including sale products and/or systems …." Dkt. No.1 at ¶ 33, and "[b]y doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least claim 30 of the '782 Patent." *Id.* at ¶ 34.

It is blackletter law that the sales of devices do not infringe method claims of using the devices because the "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220-1222 (Fed. Cir. 2014).  Nowhere in the Complaint does Plaintiff allege that SHARP has performed the claimed methods. Reading the Complaint in a most favorable light to Plaintiff does not save it from this fatal flaw.

### D.     The Complaint Fails to State A Plausible Claim of Infringement for Any Patent

American Patents' claims of direct infringement should be also dismissed because the allegations in the Complaint fail to articulate a plausible theory, or indeed any theory at all, of

how the accused products allegedly satisfy the elements of any of the asserted claims or make

out a legally cognizable claim of patent infringement.  The claims of the Asserted Patents are

the type of nebulous computer software method claims that demand a higher degree of pleading

specificity.[1] "Cases involving tangible inventions and relatively straightforward claims may

require less detail to state a claim and provide fair notice to the accused infringer. In contrast,

'cases involving more nebulous, less tangible inventions such as computer software methods

may require a higher degree of specificity to provide proper notice to the defendant.'" *Uniloc*

*USA Inc. v. Avaya Inc.*, 2016 U.S. Dist. Lexis 181826, at *16-17 (E.D. Tex. 13 May 2016)

(quoting *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229-LED-JDL,

2012 U.S. Dist. LEXIS 114199, at *13 (E. D. Tex. July 27, 2012)).

The Complaint is deficient for lack of any factual allegations explaining how the

elements of the claimed methods or elements of the claimed apparatus map onto the processes

and features of the accused products. Rather, for all three Asserted Patents, the Complaint

parrots the elements of the asserted patent claims and makes conclusory statements such as

"[t]he methods practiced by the accused products include . . . or that "[t]he accused produces

include . . ." and fills in the ellipses with copy and pasted elements of the asserted claims. *See,*

*e.g.*, Dkt. No.1 at ¶¶ 36-41, 50-53, 63-66.

Furthermore, the Complaint does not bother to identify which aspects of the accused

devices correspond to the allegations in the Complaint. For example, for the '304 Patent, the

---

[1] The Asserted Patents relate to methods of synchronizing data transmission in a communication
network. The method involves, among other things, "producing a frame of data comprising a
training symbol that includes a synchronization component," "transmitting the frame,"
"receiving the transmitted frame," and "synchronizing the received demodulated frame to the
transmitted frame such that the data symbols are synchronized in the time domain and
frequency domain," wherein "the synchronizing in the time domain comprises coarse time
synchronizing and fine time synchronizing." See generally '782 patent at 22:32-48 (claim 30);
'304 patent at 18:2-26 (claim 1); '458 patent at 18:49–19:18 (claim 1).

Complaint alleges "[t]he accused products include an encoder configured to process data to be transmitted within an OFDM system, the encoder further configured to separate the data onto one or more transmit diversity branches (TDBs)." *Id.* at ¶ 50.  This is merely a word for word recitation of Claim 1 of the '304 patent. *Compare id.* at ¶ 50 with the '304 Patent at 18:4-7. Similarly, for the '782 Patent, the allegation is that the accused products practice methods including "producing a frame of data comprising a training symbol that includes a synchronization component that aids in synchronization, a plurality of data symbols, and a plurality of cyclic prefixes," exactly tracking Claim 30 of the '782 Patent. *Compare id.* at ¶ 36 with the '782 Patent at 22:36-39.

Where the Complaint provides a few screenshots of the accused products, these screenshots are provided with no context, no explanation, and are barely referenced to, if at all, by the text of the Complaint. The technology of the Asserted Patents is not, however, so simple that it can be demonstrated with a couple of unexplained screenshots and a recitation of the claim elements.  *See Genedics LLC v. Meta Co.*, No. CV 17-1062-CJB 2018  U.S. Dist. Lexis 141495, at *33 n.15 (D. Del Aug. 21, 2018) (looking to factual allegations in the Complaint for plausibility where the patents "concern subject matter that is much more technologically sophisticated than in *Disc Disease*"). Yet that is all American Patents' Complaint offers. *See, e.g.,* Dkt. No.1 at ¶¶ 19-27.

In sum, the allegations in the Complaint offer merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements …" and as such, the Complaint's allegations regarding the Asserted Patents fails the test of *Twombly* and *Iqbal* and should be dismissed. *Iqbal*, 556 U.S. at 687.

**E.      The Complaint Fails to State A Plausible Claim of Indirect Patent Infringement for Any Patent**

### 1.   *The Indirect Infringement Claims Should Be Dismissed Entirely*

Because Plaintiff's direct infringement allegations are not sufficiently pled, the predicate for any of its indirect infringement claims is missing.  As a result, the indirect infringement claims can be dismissed with no further analysis. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).  However, separate and apart from the flaws with direct infringement allegations, the indirect infringement allegations should be dismissed for failure to state a claim for a separate reason, because they are themselves flawed.

The Complaint's allegations of indirect infringement are even more generic than its allegations regarding direct infringement of the Asserted Patents. All of the allegations regarding induced infringement for the Asserted Patents are contained in two paragraphs. The first alleges that Defendants (including SHARP) has induced "the end-users, Defendants' customers" to directly infringe the asserted patents "by using the accused products" because Defendants "took active steps . . . with the specific intent to cause [its users] to use the accused products in a manner that infringes one or more claims of the patents-in-suit." Dkt. No.1 at ¶96. According to the Complaint, "[s]uch steps by Defendants included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." *Id*.

The first paragraph regarding active inducement fails to meet the requisite pleading standards. In attempting to state a claim for active inducement, the paragraph generically recites factors that could lead to a finding of inducement - "advising or directing customers," "advertising and promoting," without providing any support for the conclusory statements such as by identifying specific examples or actions taken by SHARP to advertise, direct or instruct

users to use the accused products in an allegedly infringing manner. *See id*. American Patents' conclusory statements are even made in the alternative, so that it is impossible to know which, if any, of the factors apply to SHARP. *See id*. ("steps by Defendants included ... advising or directing customers and end-users ... advertising and promoting the use... **and/or** distributing instructions.") (*emphasis added*). The very same statements could be made about any claim of active inducement in any case.

The second paragraph of allegations regarding active inducement fares no better. It alleges that Defendants (including SHARP) have induced "their affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their affiliates' behalf... by importing, selling or offering to sell the accused products." Like the first paragraph, the remainder of the second paragraph recites conclusory allegations of factors that may establish inducement liability, but the allegations are generic to all Asserted Patents. *Id.* at ¶97.

Neither paragraph regarding active inducement ties any specific activities undertaken by SHARP to third-party users of the accused devices that allegedly infringe the patents. Nor are there allegations found elsewhere in the Complaint that would provide the requisite detail to render American Patent's indirect infringement allegations plausible.

The contributory infringement allegations, contained in a single paragraph, are similarly conclusory. The Complaint contains no specific factual allegations for the Asserted Patents other than reciting the accused features and parroting the legal standard[2].  The accused features are defined in generic, circular terms – the "special features include improved wireless communication capabilities in a manner that infringes" the Asserted Patents. *Id*.

---

[2] Paragraph 98 of the Complaint alleges they "constitute a material part of the invention of one or more of the [asserted] claims ... and are not staple articles of commerce suitable for substantial non-infringing use." *Id*.

Alleging "special features" of the accused products constitute a material part of the invention and are not staple articles of commerce is not legally relevant to the infringement inquiry. Section 271(c) prohibits sales of "*a component* of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process." 35 U.S.C. 271(c)(emphasis added).  Defining the allegedly infringing component as "features that infringe" does not give fair notice of what the allegedly infringing component is.

The generic nature of American Patents' indirect infringement allegations (both induced and contributory infringement) is further demonstrated by the fact that they are copied almost verbatim across each of the eleven complaints American Patents filed with the Court.

In sum, given that the Complaint contains only "[t]hreadbare recitals" regarding active inducement and contributory infringement with no factual matter to support it, the indirect infringement allegations should be dismissed for failure to state a claim.

> 2. *At A Minimum, The Indirect Infringement Claims Should Be Dismissed As to Pre-Suit Conduct*

As an alternative ground, the Complaint's allegations of indirect infringement should be dismissed as to conduct occurring prior to the filing of the Complaint for the additional reason that the Complaint fails to allege that SHARP had knowledge of the Asserted Patents prior to the filing of the Complaint.

Both active inducement and contributory infringement require that the defendant have knowledge of asserted patents, so a complaint must contain sufficient factual allegations to permit an inference that the defendant had such knowledge. *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, Civ. No. 2:13-750-JRG, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014).  The Complaint here does not allege any facts that SHARP had knowledge of any of the patents prior to the filing of this suit.  The Complaint alleges that employees at Sharp

Laboratories of America had knowledge of the patent application that matured into the '304 patent because the application was cited during the prosecution history of a patent that Sharp Laboratories of America owns.  Dkt. No.1 at ¶55.   There is no factual allegation to impute knowledge of employees from Sharp Laboratories of America to Sharp Corporation – the named defendant.  *SoftView LLC v. Apple Inc.*, 2012 U.S. Dist. LEXIS 104677, at **15-16 (D. Del. 2012) (allegation that a defendant had pre-suit knowledge of a patent because its subsidiary "had cited the published application of the parent application of the [patents-at-issue] during the prosecution of one of the subsidiary's own patent" did not provide a plausible basis to infer the defendant's knowledge of the patent.)

     To the extent that American Patents seeks to rely on a theory of willful blindness, its allegations are not plausible. The Complaint alleges that Defendants including SHARP "have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." Dkt. No.1 at ¶99. But American Patents offers no evidence or factual basis for that allegation—not a policy, a memo, an email, or even a rumor.  Tellingly, American Patents makes identical accusations against each of the other defendants in the ten other complaints. American Patents' imagined conspiracy of willful blindness is precisely the type of implausible, unsupported allegation that the Supreme Court rejected in *Twombly* and *Iqbal*.

     Because, there are no allegations that SHARP had pre-suit knowledge of any of the patents-in-suit, SHARP cannot be liable for indirect infringement based on conduct that occurred before its knowledge of the Asserted Patents. *See Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l Inc.*, No. 2:13-cv-44-JRG, 2014 U.S. Dist. LEXIS 38570, at *6-7 (E.D. Tex. Mar. 24, 2014). Accordingly, allegations of pre-suit indirect infringement are not plausible and should be dismissed.

**F.      The Complaint Fails to State A Plausible Claim of Willful Infringement for Any Patent**

American Patents' claim of willful infringement should be dismissed because it has not pled facts that would allow for any inference – let alone a plausible one – that SHARP engaged in egregious conduct. Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior …  beyond typical infringement" such as behavior that is "willful, wanton, malicious, bad faith, deliberate, consciously wrong, flagrant or – indeed – characteristic of a pirate." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016). As a result, willful infringement must be specifically supported and pleaded with more than mere conclusory statements. *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013).   For this reason, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See, e.g.*, *Varian Medical Systems, Inc. v. ElektaAB*, C.A.No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12,2016).

The Complaint alleges that Defendants including SHARP's infringement of the Asserted Patents "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." Dkt. No. 1 at ¶102.  But the Complaint pleads no factual matter to support this conclusory statement. While "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. at 1932-33, the Complaint does not allege that SHARP had knowledge of any of the patents prior to the filing of this suit as noted above. *See supra* Part V.E.2. Without any allegations that SHARP had knowledge of the Asserted Patents prior to the current suit, American Patents' allegation that SHARP's infringement "has been ... willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is not plausible.

Only two other allegations in the Complaint appear to relate to willful infringement. The first is the conclusory allegation that Defendants including SHARP's "actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Defendants." Dkt. No. 1 at ¶100. No specific "objectively reckless" actions, however, are alleged in the Complaint. Such conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation that appears to relate to willfulness is the allegation that Defendants including SHARP "have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." Dkt. No. 1 at ¶106.  As explained above in Part V.E.2, this allegation is unsupported and implausible. And the allegation itself is mere boilerplate and not based on any facts specific to any particular defendant. Speculative allegations such as these are precisely what the Supreme Court rejected in *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *see also Continental Circuits LLC v. Intel Corp.*, No. 16-cv-2026-PHX-DGC, 2017 WL 2651709, at*7 (D. Ariz. June 16, 2017) ("Courts . . . have universally—either in word or deed—required plaintiffs to plead facts showing willfulness."). Thus, Plaintiff's allegations of willful infringement must be dismissed.

## VI.   <u>CONCLUSION</u>

For the reasons stated herein, Defendant Sharp Corporation respectfully requests that the Court grant the Motion.

Dated: February 12, 2019

Respectfully submitted,

*/s/ Hua Chen*

Hua Chen (pro hac vice)
Email: huachen@scienbizippc.com
Calvin Chai (pro hac vice)
Email: calvinchai@scienbizippc.com
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, California 90071
Telephone: (213) 426-1771
Facsimile: (213) 426-1788

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:(903) 934-8450
Facsimile: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

ATTORNEYS FOR DEFENDANT
SHARP CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2019, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system

*/s/ Melissa R. Smith*

17