**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>                    *Plaintiff,*<br><br>    v.<br><br>HISENSE CO. LTD., ET AL.,<br><br>                    *Defendants.* | Case No. 4:18-cv-00768-ALM<br><br>**Jury Trial Requested** |

**DEFENDANTS TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD.,
TPV ELECTRONICS (FUJIAN) CO., LTD., AND TPV TECHNOLOGY, LTD.'S
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF ISSUES ....................................................................................1

III.    BACKGROUND ....................................................................................................2

IV.     ARGUMENT ..........................................................................................................3

    A.    The Complaint Fails to Sufficiently Allege Direct Infringement by
        TPV .............................................................................................................4

    B.    The Complaint Fails to Sufficiently Allege Indirect Infringement
        by TPV ........................................................................................................9

        1.    The Complaint Fails to Sufficiently Plead Underlying Acts
            of Direct Infringement to Support Indirect Infringement ............................9

        2.    The Complaint Fails to Sufficiently Allege Pre-Suit
            Knowledge of the Patents-in-Suit ...............................................................10

        3.    The Complaint Fails to Sufficiently Plead the Remaining
            Elements of Induced Infringement .............................................................11

        4.    The Complaint Fails to Sufficiently Plead the Remaining
            Elements of Contributory Infringement......................................................14

    C.    The Complaint Fails to Sufficiently Allege Willful Infringement of
        any Patent-in-Suit......................................................................................16

V.      CONCLUSION.....................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
No. 3:16-cv-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017)..........................................18

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020, 1022 (Fed. Cir. 2015).................................................................................7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................................*passim*

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................3, 18

*In re Bill of Lading and Proc. Sys. Patent Litigation v. DriverTech LLC, et al.*,
681 F.3d 1323 (Fed. Cir. 2012)....................................................................................14

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016),
*report and recommendation adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL
4771291 (E.D. Tex. Sept. 13, 2016) ...............................................................................16

*BMC Res., Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007)........................................................................................7

*Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc.*,
No. 2:15-cv-1809-JRG, Dkt. 44, slip op. (E.D. Tex. Apr. 13, 2016) ......................................17

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015)..........................................14

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 10,
2018) ...................................................................................................................5, 6

*Commil USA, LLC v. Cisco Systems, Inc.*,
135 S. Ct. 1920 (2015)................................................................................................11, 14

*Continental Circuits LLC v. Intel Corp.*,
No. 16-cv-2026-PHX-DGC, 2017 WL 2651709 (D. Ariz. June 16, 2017)............................18

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015).................4, 12, 14

iii

*Corydoras Techs., LLC v. Apple Inc., et al.*,
    No. 2:16-cv-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ..............................11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754, 131 S. Ct. 2060 (2011)....................................................................................11

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990)................................................................................................18

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    136 S. Ct. 1923 (2016)......................................................................................................16, 17

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) ................................................................................................8, 9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)..........................................................................................4, 11

*Linear Tech. Corp. v. Impala Linear Corp.*,
    379 F.3d 1311 (Fed. Cir. 2004)..............................................................................................10

*M2M Solutions LLC v. Telit Communs. PLC*,
    2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015)...........................................................16

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)..............................................................................................12

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-cv-325-JRG, Dkt. 34, slip. op. (E.D. Tex. Oct. 19, 2016)..................................17, 18

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)................................................................................................8

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July
    27, 2012) .................................................................................................................................5

*Soteria Encryption, LLC v. Lenovo U.S., Inc.*,
    No. 16-cv-7958-GW, Dkt. 45, slip. op. (C.D. Cal. Feb 27, 2017)...........................................17

*Soverain Software LLC v. Euromarket Designs, Inc.*,
    6:12-cv-145, Doc. 54, slip op. (E.D. Tex. March 21, 2014)....................................................15

*Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
    No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014)......................................11

*Uniloc USA Inc. v. Avaya Inc.*,
    2016 WL 7042236 (E.D. Tex. 13 May 2016).............................................................................5

*Varian Medical Systems, Inc. v. Elekta AB*,
    C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) .......................................16

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)..............................................................................................17

**Statutes**

35 U.S.C. § 271(c) .........................................................................................................................14

**Rules**

Fed. R. Civ. Proc. 8(a)(2)................................................................................................................6

## I.      INTRODUCTION

Top Victory Electronics (Taiwan) Co., Ltd., TPV Electronics (Fujian) Co., Ltd., and TPV

Technology, Ltd. (collectively, "TPV") move this Court to dismiss the Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be

granted.  The Complaint accuses TPV of infringing five patents, and purports to make claims for

(1) direct infringement, (2) induced infringement, (3) contributory infringement, and (4) willful

infringement.  However, Plaintiff does not specify which TPV products or functionality

purportedly meet the limitations of the patents-in-suit.  The Complaint's allegations are

conclusory, largely just parroting the language of the claims.  Further, it lumps TPV and other

unrelated parties together, collectively referring to them as "Defendants" and fails to differentiate

TPV's products and activities from those of other parties.  The Complaint's allegations of

indirect infringement and willfulness are conclusory and fail to set forth any facts from which

pre-suit knowledge of any patent can be plausibly inferred.  By pleading in this manner,

American Patents LLC ("AP") fails to identify the alleged acts committed by TPV, fails to

identify allegedly infringing product features, and fails to plausibly plead required elements of

each alleged count, and thereby fails to adequately state a claim against TPV.  Further, because

the Complaint is devoid of facts that could possibly support its allegations against TPV,

amendment would be futile, and AP's complaint should be dismissed with prejudice.

## II.      STATEMENT OF ISSUES

1. Whether the Complaint sufficiently pleads that TPV *directly* infringes the patents-in-

suit under 35 U.S.C. § 271(a) where the allegations are conclusory, fail to differentiate TPV's

alleged activities from those of other unrelated parties, and purport to rely on "evidence" that, on

its face, clearly does not relate to TPV.

2.  Whether the Complaint sufficiently pleads that TPV *induces* infringement of the patents-in-suit under 35 U.S.C. § 271(b) where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any patent-in-suit and fails to set forth any facts to support the bare assertion that TPV intends to induce infringement by third parties.

3.  Whether the Complaint sufficiently pleads that TPV *contributorily* infringes the patents-in-suit under 35 U.S.C. § 271(c) where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any patent-in-suit and fails to set forth any facts to support the bare assertions that the accused products are incapable of any non-infringing use and that TPV knows its actions caused infringement by third parties.

4. Whether the Complaint is sufficient to establish a facially plausible claim that TPV's alleged infringement has been *willful* where the Complaint includes no plausible, factual support alleging pre-suit knowledge of any patent-in-suit and fails to set forth any facts to support the bare assertion that TPV's alleged infringement was "willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents."

## III.    BACKGROUND

On October 26, 2018, AP filed a complaint for patent infringement against the TPV entities and five other companies.  (Dkt. 1.)  AP alleges infringement of five U.S. Patents: 7,088,782, 7,310,304, 7,373,655, 7,934,090, and 7,706,458 (collectively, "the patents-in-suit"). AP alleges that the Defendants made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe the patents-in-suit, including VIZIO, Insignia, Sharp, and Hisense branded products.  (*See*, *e.g.*, *id.* at ¶¶ 33, 47, 60, 72, 84.)

From the beginning of the Complaint, AP obscures its allegations against TPV by conflating TPV with five unrelated companies under the term "Defendants."  (*See* Dkt. 1 at 1.)

The Complaint never alleges any actions specific to TPV that provide any basis for the patent infringement allegations against TPV or its products, presumably because AP has no factual basis to make such allegations.  The Complaint consists almost entirely of conclusory allegations.  For example, the Complaint purports to allege infringement of "at least Claim 30 of the '782 Patent" (*id.* at ¶ 34) and then merely states, as support for these assertions, that "[t]he methods practiced by the accused products include [recitation of the claim language]."  (*Id.* at ¶¶ 36-41.)  The allegations relating to the other four patents follow the same conclusory form.  (*Id.* at ¶¶ 48-53, 61-66, 73-78, 85-89.)  The Complaint includes a handful of images with corresponding URLs but does not explain how these images or citations relate to the claim limitations.  In fact, many of the images and URLs describe hardware and software not made by TPV, and many appear to be images of products made by TPV's competitors.  (*See*, *e.g.*, *id.* at ¶¶ 33, 40, 47, 52, 60, 64.)  The Complaint also is replete with boilerplate recitations of the legal elements of indirect infringement and willful infringement, supported only by conclusory allegations.  (*Id.* at ¶¶ 93-100.)

## IV.    ARGUMENT

To state a claim for relief pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not required, "to survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6),] a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

A complaint is insufficient if it only includes "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

### A.      The Complaint Fails to Sufficiently Allege Direct Infringement by TPV

The Complaint does not specify which TPV functionality allegedly infringes, and therefore fails to meet the minimum requirement that a complaint "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (patentee must plead "facts sufficient to place the alleged infringer on notice as to what he must defend."). In contrast to the types of allegations found in this District and the Federal Circuit to be sufficient, the Complaint provides no meaningful notice of where, when, and by whom the alleged infringement occurred, or what features or functionality of TPV's products allegedly infringe the patents-in-suit. AP's allegations here are devoid of such specifics.

For example, AP's Complaint fails to distinguish and plead the individual actions of TPV as distinct from the various other defendants. AP does not allege that it lacks sufficient information to be specific in alleging which particular defendant committed the alleged acts of direct infringement. Rather, AP tries to obfuscate the defects in the Complaint by indiscriminately lumping TPV together with unrelated companies under the catch-all term "Defendants." Consequently, AP fails to allege or plead facts sufficient to prove infringement by TPV, and the Complaint should be dismissed for this reason alone.

Further, the claims of the patents-in-suit are the type of nebulous computer software method claims that demand a higher degree of pleading specificity. "Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer. In contrast, 'cases involving more nebulous, less

4

tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant.'" *Uniloc USA, Inc. v. Avaya Inc.*, Case No. 6:15-cv-1168-JRG [LEAD CASE], 2016 WL 7042216, at *3 (E.D. Tex. May 13, 2016) (quoting *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229-LED-JDL, 2012 U.S. Dist. LEXIS 114199, at *13 (E.D. Tex. July 27, 2012)).  Indeed, the level of specificity required to put one on notice is a "very 'context specific task.'" *Id.* at *3 (quoting *Iqbal*, 556 U.S. at 679).  But here, AP's infringement claims utterly fail to provide any specificity or notice and do not allege how any element of any TPV product meets any claim limitation.  Instead, for each of the patents-in-suit, the Complaint makes conclusory statements such as "[t]he methods practiced by the accused products include . . ." or "[t]he accused products include . . . ," and fills in the ellipses  with copied-and-pasted elements of the asserted claims.  (*See*, *e.g.*, Dkt. 1 at ¶¶ 36-41, 50-53, 61-66, 73-78, 85-89.)    These conclusory statements  do not  identify  which  aspects  of which  accused  devices  correspond  to the claim elements copied and pasted into the Complaint.

Although the Complaint includes various screenshots, it fails to identify which claim elements are alleged to be depicted in the screenshots, or how information in the screenshots allegedly corresponds to those claim elements.  A court in this district recently granted a motion to dismiss under comparable circumstances.  In *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 10, 2018), the complaint broke an exemplary claim into individual elements and included "supporting" screenshots, which the plaintiff argued showed the infringement.  The complaint parroted the claim language in alleging that the accused product infringed, but it did not explain how it was alleged to infringe. *Id.* at *4-6.  The court dismissed the direct infringement claims holding that such statements are "mere conclusory statement[s], and in order to pass the *Iqbal/Twombly* standard, there must be accompanying factual allegations."  *Id.* at *5.  The court went on to explain "Plaintiff must

further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met." *Id.* at *6.

In the present case, the Complaint includes no factual allegations identifying the specific component or feature alleged to infringe, let alone ***how*** they allegedly meet the asserted claim limitations. Using the '782 Patent as an example, the Complaint vaguely accuses all Defendants collectively of offering "systems utilizing a method for synchronizing a Multi-Input Multi-Output (MIMO) Orthogonal Frequency Division Multiplexing (OFDM) system in time and frequency domain." (Dkt. 1 at ¶ 35.) But this description is nothing more than a paraphrase of the patent's title, "Time and Frequency Synchronization In Multi-Input Multi-Output (MIMO) Systems" and Abstract ("for synchronizing the data in both the time domain and frequency domain"). Counts with respect to the other patents are similar. (*Id.* at ¶¶ 49, 62, 75, 86.) Screenshots in the Complaint simply depict photographs of televisions or portions of web pages without any explanation of how those screenshots meet the text of the claims. Moreover, many of the screenshots appear to be of products manufactured not by TPV, but by its competitors. (*Id.* at ¶¶ 10, 14, 18, 19, 22, 27, 28, 31.) Merely repeating claim language and inserting unexplained screenshots does not provide any actual statement "showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Thus, like the *Chapterhouse* screenshots, the screenshots in the present Complaint are in no way "linked" to the claim elements and fail to satisfy AP's pleading obligations. *Chapterhouse*, 2018 U.S. Dist. LEXIS 219072, at *3. These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

Furthermore, the allegations are deficient because certain asserted claims require *multiple*

devices that communicate with each other.  AP, however, has accused only *individual* televisions of direct infringement.  AP alleges that certain televisions allegedly sold by one or more defendants directly infringe the asserted claims.  (*See*, *e.g.*, Dkt. 1 at ¶¶ 33-34, 47-48, 60-61, 72-73, and 84-85.)  But AP does not allege how a single television plausibly directly infringes claims requiring multiple devices.

For example, claim 30 of the '782 Patent requires: (1) "producing a frame of data," (2) "transmitting the frame over a channel," and (3) "receiving the transmitted frame."  (*See id.* at ¶¶ 36-38.)  Thus, claim 30 requires two devices because one device must transmit the frame over the channel and another device must receive "the transmitted frame."  Here, the accused channel is a WiFi channel.  (*See, e.g.*, *id.* at ¶¶ 33-41.)  Thus, for allegations of direct infringement of claim 30 to be plausible, AP must at least accuse functionality of one device that performs the claimed step of transmitting a frame of data over WiFi to functionality of a second device that performs the claimed step of receiving the transmitted frame.[1]  *See, e.g., Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity."); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).  AP makes no such allegation.  (*See* Dkt. 1 at ¶¶ 36-38.)  Thus, AP's allegations of direct infringement are facially implausible.[2]

---

[1] Similarly, asserted claim 1 of the '458 Patent and asserted claim 1 of the '090 Patent also require multiple devices and, at least for this reason, AP's allegations of direct infringement for those claims are facially implausible.

[2] It is also not plausible, as AP's allegations appear to suggest, that a television would transmit a frame of data over a WiFi network to itself.  *See* Dkt. 1 at ¶¶ 36-38.  WiFi is not designed for devices to communicate with themselves.  Rather, WiFi is designed for devices to communicate externally through a WiFi router to other devices.

Claim 5 of the '655 Patent also requires two devices that communicate with each other. The claim requires a "network element" (*i.e.*, the first device) that receives a request from a user (*i.e.*, at the second device) to connect to it and assume its identity.  (*See* Dkt. 1 at ¶¶ 75-77.)  The user at the second device then accesses a "set of network resources."  (*Id*. at ¶ 78.)  Again, however, AP does not allege the accused products, standing alone, meet these limitations, nor could it without accusing a second device.  (*See id.* at ¶¶ 71-78.)  Further, any bare allegations that TPV sells devices designed to work with third party products is legally insufficient to state a claim against TPV for direct infringement.[3]  *Akamai*, 797 F.3d at 1022.  Here again, AP's allegations of direct infringement are facially not plausible.

In addition, AP's allegations do not even meet the requirements to plead direct infringement.  For example, AP alleges generally that "defendants" made sold, supplied, distributed, or offered for sale various televisions and "by doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least claim 30 of the '782 Patent."  (Dkt. 1 at ¶¶ 33-34.)  But claim 30 is a method claim, and the law is clear that *sale* of a device—even if specifically designed to practice a method—does not directly infringe a method claim.  *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a)").  The bare allegations that certain "defendants" sell devices that may be capable of performing a claimed method is simply

---

[3] Although the Complaint identifies the Google Home App for Android devices, it does not allege that Google and TPV jointly, directly infringe the claim, and it does not accuse a television in combination with an Android device of direct infringement.

insufficient to make out a claim against TPV for direct infringement.  Allegations regarding

other patents fail for the same reason.  (*See, e.g.,* Dkt. 1 at ¶¶ 72-73 (alleging infringement of

claim 5 of the '655 Patent, a method claim); 84-85 (alleging infringement of claim 1 of the '090

Patent, a method claim).)  Any allegation that TPV itself, which is located overseas, performs

the claimed method in the United States is not plausible.

Thus, the Complaint's allegations of direct infringement should be dismissed.  Further,

because AP is evidently unable to identify the allegedly infringing functionality of any TPV

product or explain how it might meet the claim limitations, amendment would be futile, and

dismissal should be with prejudice.

**B.**     **The Complaint Fails to Sufficiently Allege Indirect Infringement by TPV**

**1.**     **The Complaint Fails to Sufficiently Plead Underlying Acts of Direct Infringement to Support Indirect Infringement**

Because the Complaint does not sufficiently plead direct infringement, the predicate for

indirect infringement is missing.  *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir.

1993) ("Liability for either active inducement of infringement or for contributory infringement

is dependent upon the existence of direct infringement.").  As discussed above, the Complaint

fails to sufficiently allege direct infringement by TPV.  It similarly fails to sufficiently allege

direct infringement by any third party.  For example, AP alleges that "Best Buy, TPV, and

Hisense have induced the end-users, their customers, to directly infringe [the patents-in-suit] by

using the accused products."  (Dkt. 1 at ¶ 93.)  But, according to the allegations in the

Complaint, infringement arises from using certain products in a specific way, *e.g.,*

"synchronizing a Multi-Input Multi-Output (MIMO) Orthogonal Frequency Division

Multiplexing (OFDM) system in time and frequency domains" (*id.* at ¶ 35), using "an

Orthogonal Frequency Division Multiplexing (OFDM) transmitter" (*id.* at ¶ 49),

"synchronizing a communication system" (*id.* at ¶ 62), "arranging a network element in a network, the network element being pre-authorized to access a set of network resources" (*id.* at ¶ 75), or using "a method for providing access to a network resource." (*id.* at ¶ 86).  Yet, as discussed above, these claims require multiple network elements acting together in concert, and the Complaint nowhere alleges that any customer or end user configures or operates such communication or network systems, such as by purchasing and configuring third-party networking hardware and software or by subscribing to and pre-authorizing third-party network services to interoperate with the accused products.  Nor does the Complaint anywhere allege that TPV provides such third-party hardware, software, or services.  Thus, the Complaint does not plausibly allege facts to support an inference that end-users use the accused products with any third-party resources to create a system that could perform any underlying act of direct infringement.  Thus, there is no plausible allegation of the predicate act of direct infringement, and "[t]here can be no inducement or contributory infringement without an underlying act of direct infringement."  *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004).  The indirect infringement allegations should be dismissed for this reason alone.

## 2.     The Complaint Fails to Sufficiently Allege Pre-Suit Knowledge of the Patents-in-Suit

The Complaint's indirect infringement allegations are also missing the critical knowledge element.  Without an assertion that TPV had the requisite knowledge before infringement, the indirect infringement allegations must fail.  AP alleges that the indirect infringement occurred prior to the filing of the suit.  (*See*, *e.g.*, Dkt. 1 at ¶¶ 93-94 (focusing on past tense allegations:  "Defendants Best Buy, TPV, and Hisense have also indirectly infringed"; "Defendants . . . took active steps"; "such steps included . . . advertising and promoting the use of the accused products"; "Defendants Best Buy, TPV, and Hisense

performed these steps, which constitute induced infringement, with the knowledge of the [patents-in-suit]").)  But there is no plausible, factual support included to support any allegation that TPV had pre-suit knowledge of any of the patents-in-suit or alleged infringement.  (*See*, *e.g.*, *id*. at ¶¶ 42, 54, 67, 79, 90.)  The law is clear: TPV cannot be liable for indirect infringement based on conduct that occurred before its knowledge of the patents-in-suit.  *See*, *e.g.*, *Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *see also Corydoras Techs., LLC v. Apple Inc., et al.*, No. 2:16-cv-00538-JRG, 2016 WL 9242435, at *2-3 (E.D. Tex. Nov. 23, 2016) (dismissing claims of pre-suit indirect infringement where "no allegation [of] pre-suit knowledge of the patents-in-suit" was made).  Accordingly, the allegations of pre-suit indirect infringement should be dismissed.

### 3.      The Complaint Fails to Sufficiently Plead the Remaining Elements of Induced Infringement

The Complaint also fails to sufficiently allege the intent required to support a claim for ongoing induced infringement.  "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted).  "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"  *Commil USA, LLC v. Cisco Systems, Inc*., 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A*., 563 U.S. 754, 131 S. Ct. 2060, 2068 (2011)).  The intent required for induced infringement is the intent to "'bring about the desired result,' which is infringement."  *Commil*, 135 S. Ct. at 1928.  Thus, "for an allegation of induced infringement

to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer [TPV] 'specifically intended (another party) to infringe (the patent) and knew that the (other party's) acts constituted infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018).

AP's allegations regarding the intent requirement fall far short.  AP's allegations regarding induced infringement are contained in paragraphs 93, 94, 96 and 97 of the Complaint.  The allegations within these paragraphs are deficient for the following reasons:

The Complaint's sole allegation regarding the intent requirement is an unsupported and conclusory statement that "Best Buy, TPV and Hisense took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit  . . . ."  (Dkt. 1 at ¶ 93.)  This conclusory statement completely fails to allege any fact from which such a conclusion could plausibly be inferred.  Further, the "active steps" that purportedly show the specific intent—advertising and promoting the accused products and distributing instructions— are nothing more than ordinary sales and marketing activities.  *Core Wireless*, 2015 WL 4910427, at *4 ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim.").  Nor do the allegations of paragraph 93 provide any support for the conclusory statements, such as by alleging any specific actions taken by TPV to advertise, direct or instruct users to use the accused products in an allegedly infringing fashion.  Finally, to compound the opacity of the Complaint, AP's conclusory statements are alleged in the alternative, creating additional guesswork as to which, if any, of the alleged activities apply specifically to TPV.

12

Paragraph 94 also fails to sufficiently allege active inducement.   It alleges that "Defendants Best Buy, TPV and Hisense have also induced their affiliates, or third-party manufacturers, shippers,  distributors, retailers, or other persons acting on their or their affiliates' behalf to directly infringe (literally and/or under the doctrine of equivalents) the '782 patent, the '304 patent, the '458 patent, the '655 patent and the '090 patent by importing, selling  or offering to sell the accused products."   (Dkt. 1 at ¶ 94.)  Like paragraph 93, the rest of paragraph 94 recites conclusory allegations of legal factors used to evaluate claims of inducement, but the  allegations are generic as to all of the patents-in-suit and do not differentiate between TPV and any other defendant.

The allegations of paragraph 93 and 94 do not tie any specific activities undertaken of TPV to any third-party use of the accused devices that allegedly infringe the patents-in-suit.  Nor are there allegations found elsewhere in the Complaint that provide the requisite detail to render AP's indirect infringement allegations plausible.  For example, the Complaint includes screenshots from a Sam's Club website and from a Hisense website with regard to its allegations of direct infringement.  (Dkt. 1 at ¶¶ 33, 40, 47, 52, 60, 64.)  There are no allegations, however, that TPV manufactures or sells these products.  And even if it did, statements made on Sam's Club or Hisense websites are not statements of, nor actions by, TPV that can support a claim that TPV has actively induced infringement of the patents-in-suit.

The allegations within paragraphs 93 and 94 address all five patents-in-suit.  The allegations within paragraphs 96 and 97 address only three of the patents-in-suit, and appear redundant to the allegations in paragraphs 93 and 94 with respect to TPV.  Thus, the allegations of induced infringement within paragraphs 96 and 97 are deficient for the same reasons as discussed above with respect to paragraphs 93 and 94.

Simply put, AP does not allege any facts that establish a "plausible inference that [TPV] had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement." *Core Wireless*, 2015 WL 4910427, at *4.  Thus, AP's claim for induced infringement as to all patents-in-suit must be dismissed.  AP can allege no facts to support its allegations that TPV actively induced others to infringe despite the public availability at the time it filed its Complaint of the advertising and user manuals it generically refers to.  Thus, amendment would be futile, and dismissal should be with prejudice.

### 4.    The Complaint Fails to Sufficiently Plead the Remaining Elements of Contributory Infringement

Additionally, the Complaint's allegations of contributory infringement are also insufficient.  For example, 35 U.S.C. § 271(c) limits contributory infringement to "[w]hoever offers to sell or sells within the United States or imports into the United States **a component of a patented machine** . . . ." (emphasis added).  "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party, 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading and Proc. Sys. Patent Litigation v. DriverTech LLC, et al.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citations omitted).  Like induced infringement, contributory infringement requires the defendant to have knowledge of the patent-in-suit and knowledge that his activity caused patent infringement.  *Commil*, 135 S. Ct. at 1926.

Paragraphs 95 and 98 are the only paragraphs of the Complaint that attempt to plead a claim for contributory infringement, and neither paragraph identifies any such alleged component that has no substantial non-infringing uses.  *See*, *e.g.*, *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015)

14

("Plaintiff's allegations do not support a plausible inference that the accused devices or components thereof cannot be used for any other purpose than infringement."); *Soverain Software LLC v. Euromarket Designs, Inc.*, 6:12-cv-145, Doc. 54, slip op. at 9 (E.D. Tex. Mar. 21, 2014) (dismissing claim where "the complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement").  Instead, the Complaint makes vague allegations that the accused products have "special features," but fails to allege what those features are beyond "improved wireless communication capabilities" and "initiation and/or control of Internet streamed content."  (Dkt. 1 at ¶ 95, 98.)  But these generic phrases identify no "special features" of the accused products but, rather, merely paraphrase the titles and abstracts of the patents-in-suit which does not make out a plausible, factually supported claim that there is an absence of noninfringing uses.  *See Soverain Software LLC v. Euromarket Designs, Inc.*, 6:12-cv-145, Doc. 54, slip op. at 9 (E.D. Tex. Mar. 21, 2014) (dismissing claim where "the complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement").  Moreover, the Complaint nowhere even alleges that the accused products with "wireless communications capabilities" could not also wirelessly communicate with older routers that do not use OFDM modulators and MIMO configurations as claimed in the patents.  Nor does it allege that the accused products could not initiate streamed internet content from sources that do not require "assuming the identity of the network node that is pre-authorized," as the claims require.  These substantial non-infringing uses are apparent from the face of the Complaint and preclude any plausible inference of contributory infringement.

In addition, the Complaint also fails to allege who supplied the components that allegedly contain the alleged "special features" and instead merely refers to the defendants collectively.

*See*, *e.g.*, *M2M Solutions LLC v. Telit Communs. PLC,* 2015 U.S. Dist. Lexis 102349, at *13 (D.

Del. Aug. 5, 2015) (contributory infringement claim insufficient because allegations directed to

defendants collectively).  Such boilerplate recitation of the elements of contributory infringement

fails to provide any factual allegations from which the Court may draw an inference against TPV

that the accused products have no substantial non-infringing uses.  *Iqbal*, 556 U.S. at 678 ("[T]he

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action . . . do

not suffice.").  Thus, AP's claims of contributory infringement as to all of the patents-in-suit

should be dismissed.  Amendment would be futile because AP cannot plausibly allege that the

accused products do not have substantial non-infringing uses, and dismissal should be with

prejudice.

> **C.    The Complaint Fails to Sufficiently Allege Willful Infringement of any Patent-in-Suit**

Enhanced damages for willful infringement are "generally reserved for egregious cases of

culpable behavior."  *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932

(2016).  Egregious conduct "can be described as 'willful, wanton, malicious bad-faith, deliberate,

consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'"  *Blitzsafe Texas, LLC v.

Volkswagen Grp. of Am., Inc*., No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *2 (E.D. Tex.

Aug. 19, 2016) (quoting *Halo*, 136 S. Ct. at 1932), *report and recommendation adopted*, No.

2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).  As a result, general and

formulaic assertions of willful infringement are insufficient at the pleading stage.  *See*, *e.g.*,

*Varian Medical Systems, Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *8 (D.

Del. July 12, 2016).

The Complaint alleges that TPV's infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents."  (Dkt. 1 at ¶ 101.)  But the Complaint does not plead any facts to support this conclusory statement.  Although "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. at 1932-33, the Complaint does not allege any facts to support this claim that TPV had knowledge of any of the patents-in-suit prior to the filing of the Complaint.  Willful infringement claims must be grounded in pre-filing conduct; "pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness."  *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, Dkt. 34, slip. op. at 3 (E.D. Tex. Oct. 19, 2016); *see also Bush Seismic Techs., LLC v. Global Geophysical Servs., Inc*., No. 2:15-cv-1809-JRG, Dkt. 44, slip op. at 4-5 (E.D. Tex. Apr. 13, 2016) (finding that willful infringement claims "grounded exclusively in conduct occurring as of and after the filing of its complaint" had not been sufficiently pled and could not survive a motion to dismiss, in part because, at the time of filing, plaintiffs are "required to have a good faith basis for alleging willful . . . infringement").  *See also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.  *See Halo*, 136 S. Ct. at 1932-33 (discussing knowledge requirement for intent).");  *Soteria Encryption, LLC v. Lenovo U.S., Inc.,* No. 16-cv-7958-GW, Dkt. 45, slip. op. at 5-6 (C.D. Cal. Feb. 27, 2017) (dismissing willfulness allegation, post *Halo,* because plaintiff failed to adequately allege "pre-suit knowledge of the asserted patent").  Without any plausible allegations that TPV had knowledge of the patents-in-suit prior to filing the Complaint, AP's allegation that TPV's infringement "has been . . . willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is simply

17

not plausible.  *See*, *e.g.*, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."); *Opticurrent*, slip op. at *2 ("pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness"); *Adidas Am., Inc. v. Sketchers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) ("If the defendant does not learn of the patent's existence until the plaintiff files a complaint for infringement, there is no basis upon which the plaintiff can plead that the defendant's infringement was willful.").

The Complaint appears to offer only two other allegations in support of its willful infringement claims.  The first allegation is a conclusory, unsupported assertion that "Defendants' actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Defendants."  (Dkt. 1 at ¶ 100.)  The Complaint does not, however, actually allege any specific "objectively reckless" actions.  Conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation is another conclusory, unsupported assertion that "Defendants have a policy or practice of not reviewing the patents of others (including instructing their employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights."  (Dkt. 1 at ¶ 99.)  But AP makes this same general allegation against the defendants named across the 11 complaints that it has recently filed in this Court.  And the allegation itself is mere boilerplate and not based on any facts specific to any particular defendant.  Speculative allegations such as these are precisely what the Supreme Court rejected in *Twombly* and *Iqbal*.  *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *see also Continental*

*Circuits LLC v. Intel Corp.*, No. 16-cv-2026-PHX-DGC, 2017 WL 2651709, at *7 (D. Ariz. June 16, 2017) ("Courts . . . have universally—either in word or deed—required plaintiffs to plead facts showing willfulness.").  Thus, AP's allegations of willful infringement must be dismissed.  AP cannot cure these deficiencies by amendment, at least because it has no basis to allege that TPV had knowledge of any of the patents-in-suit.  Thus, dismissal should be with prejudice.

## V.      CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint against TPV for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: February 12, 2019

Respectfully submitted,

By: */s/ Nicholas J. Whilt*

Mark Samuels (Cal. Bar. No. 107026)
msamuels@omm.comyagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
Brian M. Cook (Cal. Bar No. 266181)
bcook@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

*Attorney for Defendants*
*Top Victory Electronics (Taiwan) Co. Ltd.,*
*TPV Electronics (Fujian) Co. Ltd., and*
*TPV Technology Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of February, 2019.

*/s/ Nicholas J. Whilt*
  Nicholas J. Whilt