UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:18-cv-00768-ALM |
| | ) | |
| HISENSE CO. LTD., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HISENSE CO., LTD. AND GUIYANG HISENSE ELECTRONICS CO., LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

## I.     THERE IS NO PERSONAL JURSIDCTION OVER HISENSE CO. OR GUIYANG HISENSE

Plaintiff American Patents LLC ("AP") does not dispute the following points:

- The statement of facts in the motion filed by Hisense Co., Ltd. ("Hisense Co.") and Guiyang Hisense Electronics Co., Ltd. ("Guiyang Hisense") (collectively "Movants");
- AP bears the burden of establishing personal jurisdiction;
- There is no general jurisdiction over Movants; and
- Neither Movant purposely directed activities at residents of E.D. Texas.

Rather, AP offers an amorphous "stream of commerce" theory that is not alleged in its Complaint, and that relies on unsupported allegations and irrelevant evidence.

### A.     AP's "Stream of Commerce" Theory Fails

AP ignores that defendant Hisense International (Hong Kong) America Investment Co. Ltd. ("Hisense (Hong Kong)") ships televisions to Hisense USA Corporation ("HUSA") in California, and that HUSA distributes the products to retailers in the U.S.  (Dkt. No. 45, Ex. 2, Zhang Declaration, at ¶13.)  Hisense (Hong Kong) has not challenged personal jurisdiction[1], and HUSA has not been sued, apparently for reasons of forum shopping.  AP has no evidence that either Movant makes the accused products or places them in the distribution channel that takes the accused products from China to California and eventually into Texas.  And AP has no evidence that their patent infringement claims arise out of anything that Movants did.

AP argues that Movants "do not deny" or "do not dispute" AP's allegations regarding their stream of commerce theory.  (Dkt. No. 55 at 6.)  But there is nothing to deny or dispute.  AP has no support for its wishful allegations, so it attempts to invert its burden of proof by arguing that Movants have not disproved AP's newly disclosed and unsupported allegations.

---

[1] Defendant Hisense Elec. Co., Ltd. (n/k/a/ Qingdao Hisense Electric Co., Ltd.) also has not challenged personal jurisdiction.

### 1.    Hisense Co. Is Not Part of the U.S. Distribution Chain

AP does not dispute that Hisense Co. has no meaningful activity in the U.S.  Thus, AP misconstrues irrelevant documents in its quixotic attempt to argue that Hisense Co. is part of the U.S. distribution chain.

The use of "Hisense Group" as a definition for Hisense Company Limited was made in an annual report by a non-party, Hisense Kelon Electrical Holdings Co. Ltd., which makes household electrical appliances (e.g., refrigerators).  (Dkt. No. 55 at 7-8.)   It is not a statement by Hisense Co. Moreover, "Hisense Group" is a term of convenience that is used in informal ways to refer to a collection of Hisense affiliates, and does not always include the same affiliates.

There is not a single reference to Hisense Co. in AP's Exs. 2-5, 7, 9 and 11, let alone anything that shows that Hisense Co. does anything to put the accused products in a distribution channel that ends in Texas.  Ex. 3 makes clear that "Hisense" is used as a short-hand reference for many subsidiaries.  (*See* Dkt. No. 55, Ex. 3 at 4.)   There is nothing in these exhibits that states, or implies, that "Hisense" or "Hisense Group" means Hisense Co.  Exs. 4 and 5 are unauthenticated, undated hearsay.  The copyright statement in Ex. 2 says:  "All material in the User Manual is the property of Hisense Company Ltd. *and its subsidiaries*, and is protected under US, CANADA, and MEXICO and international copyright and/or other intellectual property laws".  (Dkt. No. 55, Ex. 2 at 3) (emphasis added).  There is no evidence that Hisense Co. filed a copyright registration in the U.S. Copyright Office.  AP's attempt to rely on a "Hisense" logo on a race car only serves to underscore the weakness of AP's position.

AP's Ex. 12 uses the term "Hisense" as a short-hand way to refer to a company "made up of more than 40 subsidiaries."  It also draws a distinction between "Hisense Company, Ltd." and "Hisense USA Corporation," which distributes products across North America.  Nothing in this

document shows Hisense Co. places the accused products in a distribution channel that runs through HUSA and ends in Texas.

### 2.     Guiyang Hisense Is Not Part of the U.S. Distribution Chain

AP's only purported evidence concerning Guiyang Hisense is: (1) what appears to be a cropped screen print of Bloomberg website (Dkt. No. 55, Ex. 8) and (2) "overlapping management with Hisense Co. and Qingdao Electronics."  (Ex. 6 at 35; Dkt. No. 55 at 9-10.)   Ex. 8 is undated, unauthenticated, incomplete and hearsay.   Moreover, neither Ex. 8, nor some overlapping management, do anything to show that Guiyang Hisense places the accused products in a distribution channel that enters the US and extends to Texas.

### B.     AP's Unsupported "Alter Ego" Theory Fails

The factors considered to determine whether parent and subsidiary are separate and independent for purposes of personal jurisdiction are: (1) separate books and bank accounts, (2) separate tax returns, (3) management by separate boards of directors despite overlapping, but not identical, memberships, and (4) management by separate officers.   *Southmark Corp. v. Life Investors, Inc*., 851 F.2d 763, 773 (5th Cir. 1988).  AP fails to establish that any of these factors weigh in favor of the Court exercising personal jurisdiction over Movants.

Movants offered sworn, unrebutted testimony that they are separate and distinct corporations that maintain separate, lawful corporation identities, maintain separate bank accounts, and file taxes separately.  (Dkt. No. 44, Ex. 1, X. Bao Decl. at ¶¶ 15-17; Ex. 2, S. Liu Decl. at ¶¶ 15-17.)   AP can only point to a few overlapping directors.  However, even "one-hundred percent ownership and identity of directors and officers are . . . an insufficient basis for applying the alter ego theory to pierce the corporate veil."  *United States v. Jon-T Chemicals*, 768 F.2d 686, 690 (5th Cir. 1985).

AP also fails to bolster its position by citing to an annual report from unrelated, non-party Hisense Kelon Electrical Holdings Co. Ltd.  (Dkt. No. 55, Ex. 6.)  As noted above, a different Hisense affiliate, not Movants, used "Hisense Group" as a definition for Hisense Company Limited and as a shorthand term for its "Ultimate Controlling Shareholder."

Weighing all of the relevant factors dictated by the Fifth Circuit, AP falls far short of establishing personal jurisdiction based on an alter ego theory.

### C.     Case Law Supports Movants' Position

AP fails to meaningful distinguish Movants' cited cases fails.  The outcome determinative facts in the cases cited by AP are absent in this case.

- *IDQ Operating, Inc. v. Aerospace Commuc'ns Holdings Co., Ltd.*, 6:15-CV-781, 2016 U.S. Dist. Lexis 130441 (E.D. Tex. 2016) (finding personal jurisdiction where the Chinese corporate defendant had a P.O. Box in Alabama, and not dispute that it sells its products to Wal-Mart).

- *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112 (E.D. Tex. 2009) (finding personal jurisdiction where the foreign corporate defendant "continuously sells its products to a U.S. nationwide retailer").

- *GSK Techs.*, *Inc. v. Schneider Elec., S.A.*, No. 6:06CV361, 2007 U.S. Dist. Lexis 17699 (E.D. Tex. 2007) (finding personal jurisdiction where "throughout their websites and sales literature, including the instruction sheet provided with the alleged infringing product, [the foreign defendants] reference Square D as their 'brand name' for the sale of circuit breakers in the United States" . . . make public representations that they are the actual company behind the Square D brand and reference Square D as a North American division of Schneider Electric.")

- *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2012) (finding personal jurisdiction over a foreign corporation *provided* the U.S.-subsidiary with master copies of computer software for the accused product; personal jurisdiction not established over a foreign corporation that did not "directly sell products through its website or otherwise").[2]

---

[2] *See also Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016) (finding personal jurisdiction because the foreign defendant shipped at least 94 accused products to Delaware, physically fulfilled the orders, packaged the products, and prepared the shipments in Finland, and the  patent infringement action arises out of and relates to the defendant's purposeful shipping of

**D.      Fair Play and Substantial Justice**

Because AP has not made the required showing that there have been sufficient minimum contacts by the Movants with E.D. Texas, it is not necessary to further address the concepts of fair play and substantial justice.  To the extent this factor is relevant, Movants rely on the arguments in their Motion. (Dkt. No. 44.)

**E.      AP Fails to Establish Jurisdiction under FRCP 4(k)(2)**

AP's request that this Court should exercise jurisdiction pursuant to Rule 4(k)(2) should be denied for independent two reasons.  First, Rule 4(k)(2) states that "[f]or a claim that arises under federal law, ***serving a summons*** . . . establishes personal jurisdiction over a defendant if . . . ."  AP did not effect service of process on Movants.  (*See* Section II.)  Fed. R. Civ. P. 4(k)(2).

Second, even if AP effected proper service on Movants, AP would have to show that "the exercise of jurisdiction comports with due process."  *See Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-00679-RWS, 2016 U.S. Dist. LEXIS 194468, at *8-9 (E.D. Tex. June 6, 2016).  As shown in the preceding sections, and for the reasons discussed in Movants' Motion (*see e.g.*, Dkt. No. 44 at 10), AP has failed to show that exercising jurisdiction over Movants comports with due process.  (*See* Section I.A-D, *supra*).

**F.      Jurisdictional Discovery is Unnecessary**

"As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery."  *Davila v. United States*, 713 F.3d 248, 263-64 (5th Cir. 2013).  A plaintiff is required to make a "preliminary showing of jurisdiction" before being

---

the accused products to Delaware); *Jacobs Chuck Mfg. Co. v. Shandong Weida Machinery Co., Ltd.*, 2:05-CV-185, 2005 U.S. Dist. Lexis 36211 (E.D. Tex. 2005) (finding personal jurisdiction where the foreign defendant made the product and delivered it to a company in Hong Kong, knowing it would be shipped to the U.S.).

entitled to such discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d. 419, 429 (5th Cir. 2005). AP claims that it would like discovery "to the extent that any doubt remains that the Hisense Movants were involved in the manufacture, sale, and marketing of the accused products" (Dkt. No. 55 at 15), but Movants laid these uncontroverted facts out in their motion to dismiss. Any jurisdictional discovery would be futile as it would only confirm that Hisense Co. operates as a holding company, that all TVs made by Guiyang Hisense are sold only in the Chinese market, with no intention of them being shipped to the U.S., and that there are some, but not all, common directors

## II.  AP'S ARGUMENTS REGARDING SERVICE ARE INCORRECT

### A.  "Substituted Service" Is Not Sufficient Here

The Supreme Court's *Water Splash* decision does not overrule or moot the established precedent in Texas federal courts that: "Because substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated." *Macrosolve, Inc. v. Antenna Software, Inc.,* No. 6:11-cv-287, 2012 WL 12903085, at *2 (E.D. Tex. March 16, 2012); *see also, Duarte v. Michelin N. Am., Inc.,* No. c-13-cv-50, 2013 U.S. Dist. Lexis 73862, at *10 (S.D. Tex. May 3, 2013); *Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*, No. SA-05-CA-0172-XR, 2005 U.S. Dist. Lexis 15949, at *6 (W.D. Tex. July 8, 2005); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. 3:99-cv-2004-P, 2000 U.S. Dist. Lexis 2667, at *12 (N.D. Tex. 2000).

The Supreme Court in *Water Splash* affirmed that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). Further, the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is

occasion to transmit a judicial or extrajudicial document *for service abroad*." *Id.* at 1509. (emphasis in original).

AP cites no federal court decision that has adopted its argument that a plaintiff can circumvent the Hague Convention by serving the Texas secretary of state, and the secretary of state does not have to make any effort to provide notice of the process to the foreign defendant. AP ignores that its extreme argument has been rejected by a federal court in Texas.  *See, e.g., Duarte, supra* at *7-10 (finding plaintiffs' argument based on *Bonewitz v. Bonewitz,* 726 S.W.2d 227, 230 (Tex. App. 1987) "unpersuasive" and noting that "Plaintiffs have pointed to no federal law stating that service upon the Texas secretary of state, without more, suffices for service upon a foreign corporation.")

Nor does AP explain how its indifference to whether and when a foreign defendant receives notice of the complaint could comply with federal standards of Due Process, which are the foundation for requiring proper service of process.  The Hague Convention is an international treaty, and "[t]he purpose of that multilateral treaty is to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, supra* at 1507.  AP's position would allow a state law to unilaterally displace this treaty.

**B.     AP's Request for Alternative Service Should be Denied**

AP seeks to reward itself with alternative service because it made absolutely no effort to serve Movants under the Hague Convention.  At the very least, AP should make a good faith effort to effect service through the Hague Convention, and only request alternative service if and when compelling reasons arise that warrant it.  *See, e.g., Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-60431, 2018 U.S. Dist. Lexis 3038, at *11-12 (S.D. Fl. Jan. 4, 2018) (denying request for alternative service where plaintiffs did not attempt service

through the Hague Convention or show that such service would be unduly burdensome).[3]  AP is willing to manipulate the well-established laws regarding service in this case, but they must abide by the rules of an international treaty and serve Movants under the Hague Convention.

## III.   AP FAILS TO SUFFICIENTLY PLEAD INFRINGEMENT

AP's claims of infringement should be dismissed pursuant to Rule 12(b)(6).

First, AP's claim of direct infringement should be dismissed.  While addressing one exemplary claim of each asserted patent, the Complaint provides no factual support that structure or functionality in the accused products meets:  5 out of 7 limitations of claim 30 of the '782 Patent; 4 out of 5 limitations of claim 1 of the '304 Patent; 11 out of 13 limitations of claim 1 of the '458 Patent; 3 out of 6 limitations of claim 1 of the '655 Patent; and 3 out of 4 limitations of claim 1 of the '090 Patent.  Such pleading does not provide Movants with proper notice of AP's theory of liability, and it certainly does not "identif[y] features of the accused products involved in Hisense's infringement," as argued in AP's opposition to Movant's motion.  (Dkt. No. 55 at 21.)

These factual omissions mask a broader deficiency: certain asserted claims require *multiple* devices that communicate with each other.  AP, however, has accused only *individual* televisions of direct infringement.  (*See*, *e.g.*, Dkt. No. 1 at ¶¶ 33-34.)  AP does not allege how a single television plausibly directly infringes claims requiring multiple devices.

AP also argues that pasting certain images and linking to certain webpages is sufficient to satisfy the pleading requirements.  (Dkt. No. 55 at 21.)  The images and links in the Complaint do not cure AP's failure to accuse multiple devices of direct infringement, as discussed above.

---

[3] In all of the cases cited by AP, an effort was made to serve a foreign defendant under the Hague Convention before requesting alternative service, and the defendant did not file an opposition to the motion for alternative service.  *See e.g., Juciero, Inc. v. iTaste Co.*, No. 17-cv-01921, 2017 WL 3996196 (N.D. Cal. June 5, 2017); *X-Mobile Techs. LLC v. Lenovo Grp., Ltd.*, No. 4:17-cv-700, Dkt. No. 11 (E.D. Tex. Nov. 7, 2017).

Second, because the Complaint fails to sufficiently plead the underlying acts of direct infringement by a third party, the Complaint also fails to state a plausible claim for indirect infringement.   For example, AP alleges that "Best Buy, TPV, and Hisense have induced the end-users, their customers, to directly infringe [the patents-in-suit] by using the accused products." (Dkt. No. 1 at ¶ 93.)   Yet the Complaint nowhere alleges that any Hisense customer or end user configures or operates such communication or network systems identified in the Complaint (*Id.* at ¶¶35, 49, 62, 75, 86), such as by purchasing and configuring third-party networking hardware and software or by subscribing to and pre-authorizing third-party network services.   Nor does the Complaint anywhere allege that Hisense provides such third-party hardware, software, or services. Thus, the Complaint does not plausibly allege facts to support an inference that end-users use the accused products with any third-party resources to create a system that could perform any underlying act of direct infringement.

## IV.   AP FAILS TO PLAUSIBLY ALLEGE WILLFUL INFRINGEMENT

First, AP inaccurately states the law of willful infringement, claiming it is sufficient to merely allege that Movants "had knowledge of the patents, that Hisense's customers are directly infringing, and that Hisense has encouraged (and continues to encourage) them to infringe."  (Dkt. No. 55 at 27.)   AP argues that "egregious" conduct is not an element of willful infringement and is only relevant to awarding enhanced damages.   (Dkt. No. 55 at 28.)   That distinction is unsupported in *Halo Electronics, Inc. v. Pulse Electronics, Inc.* or its progeny.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).   The Court should strike AP's prayer for enhanced damages for willful infringement under Fed. R. Civ. P. 12(f) because it is not supported by the factual allegations.   (*See* Dkt. No. 1 at 48 (seeking increased damages under 35 U.S.C. § 284).)  *See*, *e.g.*, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 n.8 (5th Cir. 1995)

("[A]bsent any factual allegations however, the prayer standing alone cannot support a cause of action.") (quoting the district court's holding in the lower proceeding).

Second, AP incorrectly alleges that pre-suit knowledge is no longer required to state a claim for willfulness.  But *Halo* did nothing to alter this aspect of *In re Seagate,* as another court in this district previously held.  *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, Dkt. 34, slip. op. at 3 (E.D. Tex. Oct. 19, 2016) (emphasis added) ("***pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness***").

Moreover, AP's argument that it is sufficient to allege willful blindness, with no factual support, does not carry the day under current law.  *See Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915-RGA, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018) (finding willful blindness insufficient to show egregious behavior).  The willfulness allegations should therefore be dismissed.

## V.     GROUPING DEFENDANTS IS IMPROPER

AP refuses to distinguish between the alleged actions of Hisense Co., Guiyang Hisense, Qingdao Hisense, and Hisense (Hong Kong).  Instead, AP clings to the tactic of indiscriminately lumping them together as "Hisense" or "Defendants."  AP does not state that it lacks sufficient information to be more specific in alleging which particular Hisense entity committed the alleged acts of direct infringement, induced informant or contributory infringement.  Rather, AP simply ruminates about hypotheticals to try and justify its blurring of Hisense Co., Guiyang Hisense, Qingdao Hisense, and Hisense (Hong Kong).

Dated: February 15, 2019                    Respectfully submitted,


                                            By: */s/ James R. Sobieraj*

                                            James R. Sobieraj (IL Bar No. 6183779)
                                            Jsobieraj@brinksgilson.com
                                            BRINKS GILSON & LIONE
                                            455 N. Cityfront Plaza Drive
                                            NBC Tower, Suite 3600
                                            Chicago, Illinois  60611-5599
                                            Phone:  (312) 321-4200
                                            Fax: (312) 321-4299

                                            Attorney for Defendants
                                            Hisense Co. Ltd.,
                                            Hisense Electric Co., Ltd.,
                                            Guiyang Hisense Electronics Co., Ltd., and
                                            Hisense International (Hong Kong) America
                                            Investments Co. Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via Court's CM/ECF system per Local Rule CV-5(a)(3) on this 15th day of February, 2019.

By: */s/ James R. Sobieraj*

James R. Sobieraj (IL Bar No. 6183779)
Jsobieraj@brinksgilson.com
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois  60611-5599
Phone:  (312) 321-4200
Fax: (312) 321-4299

Attorney for Defendants
Hisense Co. Ltd.,
Hisense Electric Co., Ltd.,
Guiyang Hisense Electronics Co., Ltd., and
Hisense International (Hong Kong) America
Investments Co. Ltd.

12