UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HISENSE CO. LTD., ET AL.<br><br>Defendants. | Civil Action No. 4:18-cv-00768-ALM |

**DEFENDANT SHARP CORPORATION'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS PURUSANT TO FED. R. CIV. P. 12</u>**

# **TABLE OF CONTENTS**

Page

I. PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED............1

   A. COMPLEXITY OF THE ASSERTED PATENTS REQUIRES PLAINTIFF TO PLEAD MORE THAN MERE CLAIM LANGUAGES AND UNEXPLAINED SCREENSHOTS......................................................1

   B. THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF DIRECT INFRINGEMENT AS TO THE '782 PATENT ...............................................................................................................3

   C. LUMPING ALL DEFENDANTS TOGETHER MASKS PLAINTIFF'S FAILURE TO ALLEGE INFRINGING ACTS COMMITTED BY SHARP ...............................................................................4

II. PLAINTIFF'S INDIRECT INFRINGMENT CLAIMS SHOULD BE DISMISSED .........5

   A. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD UNDERLYING ACTS OF DIRECT INFRINGEMENT .5

   B. PLAINTIFF DOES NOT ADEQUATELY PLEAD THE REMAINING ELEMENTS OF INDUCED INFRINGEMENT ..................................................................................................................5

   C. PLAINTIFF DOES NOT ADEQUATELY PLEAD THE REMAINING ELEMENTS OF CONTRIBUTORY INFRINGEMENT ........................................................................................................................6

   D. PLAINTIFF CANNOT SATISFY THE PRE-SUIT KNOWLEDGE REQUIREMENT BY ASSERTING THAT ALL LARGE COMPANIES ARE BLIND TO INFRINGEMENT ......................................................7

   D. PLAINTIFF CANNOT SATISFY THE PRE-SUIT KNOWLEDGE REQUIREMENT BY MERELY ASSERTING THAT A SHARP SUBSIDIARY HAS KNOWLEDGE WITHOUT MORE ...........................7

III. PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED.....8

   A. THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE WILLFUL INFRINGEMENT .........................8

   B. WILLFUL INFRINGEMENT CLAIMS MUST BE GROUNDED IN PRE-FILING CONDUCT ............9

IV. CONCLUSION.........................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*,
    No. 15-cv-915-RGA, 2018 U.S. Dist. LEXIS 14569 (D. Del. Jan. 30, 2018) 10

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017). ................................................................................... 9

*Cavallini v. State Farm Mut. Auto Ins. Co.*,
    44 F.3d 256 (5th Cir. 1995) ......................................................................................... 9

*Chapterhouse, LLC v. Shopify, Inc.*,
    No. 2:18-cv-0300-JRG, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 11,
    2018). ....................................................................................................................... 2, 3

*Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am., Inc.*,
    2012 U.S. Dist. LEXIS 104982 (D. Del. July 27, 2012) ................................................. 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-cv-752-JRG-JDL, 2015 U.S. Dist. LEXIS 112095 (E.D. Tex. Aug.
    14, 2015) ...................................................................................................................... 6

*CreAgric, Inc. v. Pinnaclife, Inc.*,
    2013 U.S. Dist. LESIX 427 (N.D. Cal. 2013) ................................................................ 4

*CyWee Group Ltd. v. Huawei Device Co. Ltd.*,
    No. 2:17-cv-495, 2018 U.S. Dist. LEXIS 135491 (E.D. Tex. Aug. 10, 2018). 6

*Disc Disease Solution, Inc. v. VGH Solutions, Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) .................................................................................... 1

*Dynocom Indus. v. Mainline Auto. Equip. Pty. Ltd.*,
    2017 U.S. Dist. LEXIS 40350, (E.D. Tex. 2017)....................................................... 1, 4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,

No. 2:15-cv-00011-RSP, 2018 U.S. Dist. LEXIS 78857 (E.D. Tex. May 10, 2018)............................................................................................................................ 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,

136 S. Ct. 1923 (2016) .......................................................................... 8, 9, 10

*Huawei Techs. Co. v. T-Mobile US, Inc.*,

No. 2:16-CV-00052-JRG-RSP 2017 U.S. Dist. LEXIS 43240 (E.D. Tex. Feb. 21, 2017)........................................................................................................ 10

*In re Seagate*,

497 F.3d 1360 (Fed. Cir. 2007) ...................................................................... 9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,

869 F.3d 1372 (Fed. Cir. 2017). ..................................................................... 1

*Opticurrent, LLC v. Power Integrations, Inc.*,

No. 2:16-cv-325-JRG, 2016 U.S. Dist. LEXIS 194970 (E.D. Tex. Oct. 19, 2016) ............................................................................................................ 10

*SoftView LLC v. Apple Inc.,*

2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012).................................. 8

*Soverain Software LLC v. Euromarket Designs, Inc.*,

6:12-cv-145, Doc. 54, *slip op*. (E.D. Tex. Mar. 21, 2014)............................... 7

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,

No. 6:12-cv263, 2013 U.S. Dist. LEXIS 97080.............................................. 9

*WBIP, LLC v. Kohler Co.*,

829 F.3d 1317 (Fed. Cir. 2016) .................................................................... 10

I.   **PLAINTIFF'S DIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED**

   **A. Complexity of the Asserted Patents Requires Plaintiff to Plead More Than Mere Claim Languages and Unexplained Screenshots**

Plaintiff's Opposition mischaracterizes SHARP's Motion as demanding that the Complaint provide "element by element infringement contentions *actually proving* infringement" Dkt. No. 73, Opp'n, at 2 (emphasis original).  What Sharp "demands" is that Plaintiff plead a factually supported plausible claim that fairly places the defendant on notice of the activity accused of infringement. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  The Complaint does not meet this standard.

The Opposition seeks to compare this case to the complaint in *Disc Disease*. Dkt. No. 73, Opp'n, at 5.  Plaintiff's reliance on *Disc Disease* is misplaced.  In *Disc Disease*, the patent related to "a simple technology" – an inflatable spinal brace. *Disc Disease Solution, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). The direct infringement claim was sufficient pleaded because the accused products were identified by name and shown in photographs in the complaint. *Id.*

Plaintiff's reliance on *Dynocom Indus* is equally misplaced.   The court in *Dynocom Indus.* was also dealing with a simple mechanical patent.  As a matter of fact, and contrary to what American Patents contends in the Opposition, the *Dynocom* plaintiff pleaded more than a reference to a website.  Its complaint includes descriptions of special features of the accused product that the defendant posted online.  The complaint matched these feature descriptions to the claim limitations at issue.  *Dynocom Indus. v. Mainline Auto. Equip. Pty. Ltd.*, No. 2:16-cv-00553, Dkt. No. 1, at ¶ 41 (E.D. Tex., May 24, 2016).

Here, the patents relate to the complex technology of wireless Orthogonal Frequency Division Multiplexing method used in Multi-Input Multi-Output systems.  *See, e.g.,* Dkt. No 1

at ¶35.  The Complaint nevertheless contains no more than parroting the claim limitations and pasting unexplained excerpts from webpages belonging to Sam's Club, an unrelated third-party.

The complexity of the technology is manifest, for example, in the implausible allegations Plaintiff asserted for claim 30 of the '782 Patent.  This method claim requires, among other things, (1) "producing a frame of data," (2) "transmitting the frame over a channel," and (3) "receiving the transmitted frame."  *See* Dkt. No. 1 at ¶¶ 36-38.  For allegations of direct infringement of claim 30 to be plausible, Plaintiff must at least accuse functionality of one device that performs the claimed step of **transmitting** a frame of data to functionality of a second device, and the second device that performs the claimed step of **receiving** the same transmitted frame.[1]  Plaintiff, however, has accused only individual televisions of direct infringement.  *See, e.g.*, Dkt. No. 1 at ¶¶ 33-34, 47-48, 60-61, 72-73, and 84-85. Plaintiff makes no allegation how a single television could plausibly directly infringe claims requiring multiple devices.

The "more nebulous, less tangible inventions" relating to software methods, such as what are claimed by the Asserted Patents here, require a "greater degree of specificity to put the defendant on notice." *Effectively Illuminated Pathways LLC v. Aston Martin Lagonda of N. Am., Inc.*, 2011 U.S. Dist. LEXIS 155952, at *14 (E.D. Tex. Sept. 29, 2011).  Chief Judge Gilstrap addressed a similar issue in *Chapterhouse, LLC v. Shopify, Inc.*, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 11, 2018). There, the plaintiff identified a specific patent claim and accused product and its complaint broke down "the exemplary claim into individual elements

---

[1] Similarly, asserted claim 1 of the '458 Patent also requires multiple devices and, at least for this reason, Plaintiff's allegations of direct infringement for those claims are facially implausible. Specifically, claim 1 of the '458 patent requires "transmitting antennas [(i.e., the first device)] configured to **transmit** a respective frame over a channel" and "receiving antennas [(i.e., the second device)] for **receiving** the transmitted frames." '458 Patent, Claim 1 (emphasis added).

with 'supporting' screenshots," parroting the claim language and referring to the screenshots. *Id. at \*5*. Citing *Disc Disease*, the plaintiff argued this was sufficient. *Id.* Chief Judge Gilstrap disagreed, finding *Disc Disease* "inapposite," because the claims and patents at issue in *Chapterhouse* were more complicated than the "relatively simple patents" of *Disc Disease*. *Id. at \*\*4-5*. The court concluded that simply parroting a claim, element-by-element, and providing screenshots "is a mere conclusory statement," and further "factual allegations" were required to meet *the Iqbal/Twombly* standard. *Id. at \*\*5-6*.

## B. The Complaint Fails to State A Plausible Claim of Direct Infringement As to The '782 Patent

The Complaint alleges that SHARP infringes claim 30 of the '782 patent. Dkt. No. 1. Claim 30 is a method claim. Plaintiff does not dispute that selling a device cannot infringe a method claim. Instead, Plaintiff seeks to pivot from this legally flawed allegations and argue that SHARP directly infringes by *using* its own products. Dkt. No. 73, Opp'n, at 7-8. Yet the Complaint contains no factual allegations regarding SHARP's alleged use. The screenshots and website citations in the Complaint do not support any allegation that SHARP uses the accused devices. The Complaint makes an unsupported allegation that SHARP infringes "by making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale systems utilizing a method…" Dkt. No. 1 ¶ 35. Such formulaic statements need not be taken as true,[2] and there is no other allegation that meets the *Iqbal/Twombly* pleading standards.

Plaintiff cites to a 2013 opinion from another jurisdiction to support its position that pleading the **use** of an accused product alone is sufficient to imply performance of a claimed method. Dkt. No. 73, Opp'n, at 7. The *CreAgri* opinion is inapposite, however, because it

---

[2] As a matter of fact, it is unclear what factual basis, or information or belief, that Plaintiff could have relied upon to plead that SHARP, a company operates overseas, have "used" any accused TV products in the United States.

3

applied a lenient pleading standard that is no longer good law.  *CreAgric, Inc. v. Pinnaclife, Inc.*, 2013 U.S. Dist. LESIX 427, *4 (N.D. Cal. 2013) (noting the stringent *Twombly/Iqbal* standard does not apply to direct infringement allegations at issue).  The law is clear that the *Twombly/Iqbal* standard applies to direct patent infringement claims filed after December 1, 2015.  *Dynocom Indus. v. Mainline Auto. Equip. Pty. Ltd.*, 2017 U.S. Dist. LEXIS 40350, *2 (E.D. Tex. 2017).

Plaintiff's last-ditch argument is that the Complaint was not limited to method claims.  This is incorrect.  Plaintiff chose to plead alleged facts only as to Claim 30 of the '782 Patent.  There is no mention in the Complaint of the "multiple apparatus claims" of the '782 Patent that Plaintiff now mentions in its Opposition. Dkt. No. 73, Opp'n, at 7-8. Plaintiff must be held to the actual claims it asserted– not some other unstated and unexplained apparatus claims.

### C. Lumping All Defendants Together Masks Plaintiff's Failure to Allege Infringing Acts Committed by SHARP

Plaintiff improperly lumps SHARP together with other defendants.  Combining all the defendants under a catch-all term "Defendants" leaves no defendant apprised of how each party's respective products are accused of infringement.  The fact that the Complaint fails to identify a single product that SHARP has made or sold in U.S. underscores this deficiency.[3]  The Complaint acknowledges that Sharp brand TVs are made and sold by manufacturers such as Hisense.  Dkt. No.1 at ¶ 6 ("[The named Hisense defendant entities] together comprise one of the world's largest manufacturers of televisions and one of the leading sellers of televisions in the United States, including the Sharp brand made for Best Buy …"); *id*. at ¶ 22("Sharp directs, contracts with, and/or encourages manufacturers (e.g., Hisense) to make, use, offer to sell, sell

---

[3] Plaintiff does not dispute in its Opposition the only Sharp branded TV identified in the Complaint is not made or sold by SHARP.

or import accused products under the Sharp brand for Best Buy.") Reading paragraphs 6 and 22 together, the Complaint evidently makes no allegation that SHAPR makes, uses, or offers to sell an accused product in United States.

## II. PLAINTIFF'S INDIRECT INFRINGMENT CLAIMS SHOULD BE DISMISSED

### A. Plaintiff Fails to Sufficiently Plead Underlying Acts of Direct Infringement

The Complaint fails to state a plausible claim for indirect infringement because it does not plausibly allege an act of direct infringement by any third party. For example, Plaintiff alleges that "Defendants have induced the end-users, Defendants' customers, to directly infringe . . . the '782 Patent, the '304 Patent, and the '458 Patent by using the accused products." Dkt. No. 1 at ¶ 96. The Complaint alleges that infringement arises from, e.g., "synchronizing a Multi-Input Multi-Output (MIMO) Orthogonal Frequency Division Multiplexing (OFDM) system in time and frequency domains," using "an Orthogonal Frequency Division Multiplexing (OFDM) transmitter," and "synchronizing a communication system." Dkt. No. 1 at ¶¶ 35, 49, 62. Yet the Complaint nowhere alleges that any SHARP customer or end user configures or operates such communication or network systems, such as by purchasing and configuring third-party networking hardware and software or by subscribing to and pre-authorizing third-party network services. Nor does the Complaint anywhere allege that SHARP provides such third-party hardware, software, or services. Thus, the Complaint does not plausibly allege facts to support an inference that end-users could perform any underlying act of direct infringement. Thus, there is no plausible allegation of the predicate act of direct infringement, which is necessary for indirect infringement.

### B. Plaintiff Does Not Adequately Plead the Remaining Elements of Induced Infringement

Plaintiff asserts it need only plead that SHARP "distribut[ed] instructions that guide users to use the products in an infringing manner" to satisfy the specific intent prong of

5

inducement. Dkt. No. 73, Opp'n, at 8-9. The cases Plaintiff cites, however, do not support its argument. Each case involves pleadings that provide far more detail than what Plaintiff alleges here. For example, in *CyWee*, the plaintiff "describ[ed] three user manuals that teach allegedly infringing behavior, and attached each to the third amended complaint," and "describe[ed] exemplary allegations of direct infringement in great detail." *CyWee Group Ltd. v. Huawei Device Co. Ltd.*, 2018 U.S. Dist. LEXIS 135491, *12 (E.D. Tex. Aug. 10, 2018). The Court specifically noted that "[t]his is not a case in which the complaint merely cites conclusory allegations that mirror the legal standard," finding that *CyWee*, "unlike *Core Wireless*, has alleged 'facts identifying ... how those instructions direct customers to use those products in an infringing manner.'" *Id.* at *13 (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 112095, at **10-11 (E.D. Tex. Aug. 14, 2015)). The Complaint, much like the one in *Core Wireless*, makes only conclusory allegations, fails to identify a single example of instructions provided to customers, and fails to identify what behavior or functionality of the accused products is at issue even at a basic level.

### C. Plaintiff Does Not Adequately Plead the Remaining Elements of Contributory Infringement

A necessary element of a contributory infringement claim is that the accused component of a patented device has no "substantial noninfringing uses." 35 U.S.C.§ 271(c). Plaintiff's Opposition relies on the following: (a) The "accused products have special features that have no substantial use other than uses that infringe American Patents' patents." Dkt. No. 73, Opp'n, at 10 (citing Dkt. No. 1 at ¶ 98). (b) These "special features" include "improved wireless communication capabilities." *Id.* (c) These special features are identified in a different paragraph in the Complaint. *Id.* (citing Dkt. No. 1 at ¶ 33) (Sharp's products and/or systems that "include 802.11ac capabilities.") These allegations do not make out a plausible, factually

supported claim that there is an absence of non-infringing uses. The Complaint nowhere alleges that the accused products could not wirelessly communicate with older technologies – technologies that predate the Multi-Input Multi-Output Orthogonal Frequency Division Multiplexing system that the Asserted Patents allegedly cover. *See Soverain Software LLC v. Euromarket Designs, Inc.*, 6:12-cv-145, Doc. 54, slip op. at 9 (E.D. Tex. Mar. 21, 2014) (dismissing claim where "the complaint fails to provide any factual support for the conclusion that the accused systems and methods cannot be used for any other purpose but infringement.").

### D. Plaintiff Cannot Satisfy the Pre-Suit Knowledge Requirement by Asserting that All Large Companies Are Blind to Infringement

The Complaint alleges that "Defendants have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." Dkt. No. 1 at ¶ 99. Plaintiff argues that this allegation is sufficient to support an inference of pre-suit knowledge because a law professor has written that large companies "are notorious for adopting head-in-sand policies." Dkt. No. 73, Opp'n, at 11. The article Plaintiff cites is 10-year old hearsay and does not even mention SHARP. Under Plaintiff's logic, the boilerplate accusation in paragraph 99 of the Complaint would suffice to plead pre-suit knowledge in every case against any large company - vitiating the specific knowledge requirements of indirect infringement. This is plainly insufficient.

### D. Plaintiff Cannot Satisfy the Pre-Suit Knowledge Requirement by Merely Asserting that A SHARP Subsidiary Has Knowledge without More

Plaintiff's Opposition further argues that the Complaint is sufficient vis-à-vis SHARP's pre-suit knowledge because it alleged that Sharp Laboratories of America employees had knowledge regarding the Asserted Patents. The inadequacy of this allegation is addressed in the

*SoftView LLC v. Apple Inc.* case. 2012 U.S. Dist. LEXIS 104677, at \*\*15-16 (D. Del. July 26, 2012). Judge Stark concluded allegation that Defendant AT&T's subsidiary BellSouth Intellectual Property Corp.'s pre-suit knowledge gained through the prosecution of one of its own patent is not adequate - "standing alone" - to infer that AT&T had pre-suit knowledge. *Id.* The *Cloud Farm* case cited in the Opposition is on the other hand inapposite because the *Cloud Farm* allegation states that Defendant had knowledge through its predecessor. *Cloud Farm Assocs., L.P. v. Volkswagen Grp. of Am., Inc.*, 2012 U.S. Dist. LEXIS 104982, at \*8 (D. Del. July 27, 2012). It should be noted that both *Cloud Farm* and *SoftView* are decided by the same Judge at the same time. The different findings reflect the distinction between imputing knowledge from a predecessor to its successor in interest versus imputing knowledge from a subsidiary to its parent. The latter is not legally permissible.

### III. PLAINTIFF'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED

#### A. The Complaint Fails to Plausibly Allege Willful Infringement

Plaintiff inaccurately states the law of willful infringement, claiming it is sufficient to merely allege that SHARP "had knowledge of the patents, that Sharp's customers are directly infringing, and that Sharp has encouraged (and continues to encourage) them to infringe." Dkt. No. 73, Opp'n, at 13. In support, Plaintiff cites an outdated 2016 case. *Id.* Plaintiff's position ignores the later clear directive by the Supreme Court that a willful infringement claim requires that the alleged willful infringer engaged in "egregious ... misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).

Plaintiff argues that "egregious" conduct is not an element of willful infringement and is only relevant to awarding enhanced damages. Dkt. No. 73, Opp'n, at 13-14. That distinction is unsupported in *Halo* or its progeny. Plaintiff's reliance on *Ericsson* and *Arctic Cat* is misplaced.

Those cases deal with the issue of jury instructions under *Halo*: whether egregious conduct is a factual inquiry to be put to the jury rather than the court. *See Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2018 U.S. Dist. LEXIS 78857, at *28 (E.D. Tex. May 10, 2018). That the court in *Ericsson* opined, in dicta, that determination of egregious conduct is better reserved for the court does not obviate egregious conduct as a pleading requirement for willful infringement. *Id.* Further, *Arctic Cat's* affirmation that "*Halo* did not disturb the substantive standard for the second prong of Seagate, subjective willfulness," does not diminish *Halo*'s requirement for egregious conduct. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

The Court should further strike Plaintiff's prayer for enhanced damages for willful infringement under Fed. R. Civ. P. 12(f) because it is not supported by the factual allegations. *See* Dkt. No. 1 (seeking increased damages under 35 U.S.C. § 284); *see, e.g., Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 n.8 (5th Cir. 1995) ("[A]bsent any factual allegations however, the prayer standing alone cannot support a cause of action.") (quoting the district court's holding in the lower proceeding).

### B. Willful Infringement Claims Must be Grounded in Pre-Filing Conduct

Plaintiff incorrectly alleges that pre-suit knowledge is no longer required to state a claim for willfulness. But *Halo* did nothing to alter this aspect of *In re Seagate*, as another court in this district previously held:

> Under *Seagate*, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), overruled on other grounds by *Halo*, 136 S. Ct. 1923. Therefore, **pre-suit knowledge of the asserted patent is generally required to maintain a claim of willfulness**. *Id.*; *see also Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv263, 2013 U.S. Dist. LEXIS 97080, at *5.

9

*Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 U.S. Dist. LEXIS 194970, at *4 (E.D. Tex. Oct. 19, 2016) (emphasis added*). See also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages. *See Halo*, 136 S. Ct. at 1932-33 (discussing knowledge requirement for intent).").

The *Huawei Techs*. opinion relied upon by Plaintiff is readily distinguishable. Huawei's willfulness allegation survived dismissal because in the complaint, "Huawei allege[d] that it contacted T-Mobile 18 months prior to filing these lawsuits, seeking to negotiate a license to Huawei's patent portfolio," that it "informed T-Mobile that its services infringed Huawei's intellectual property rights and sought to enter a non-disclosure agreement to permit the parties to discuss Huawei's Licensing Program and its detailed analyses of T-Mobile's infringement," and that "T-Mobile allegedly refused to negotiate or sign an agreement." *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP 2017 U.S. Dist. LEXIS 43240, at *24 (E.D. Tex. Feb. 21, 2017). In the present case, by contrast, Plaintiff alleges no facts whatsoever that could plausibly demonstrate pre-suit willfulness.

Moreover, Plaintiff's argument that it is sufficient to allege willful blindness, with no factual support, does not carry the day under current law. *See Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915-RGA, 2018 U.S. Dist. LEXIS 14569, at *20 (D. Del. Jan. 30, 2018) (finding willful blindness insufficient to show egregious behavior). The willfulness allegations should therefore be dismissed.

## IV.     CONCLUSION

For the reasons stated herein, Defendant Sharp Corporation respectfully requests that the Court grant the Motion.

Dated: March 5, 2019

Respectfully submitted,

*/s /Hua Chen*

Hua Chen (pro hac vice)
Email: huachen@scienbizippc.com
Calvin Chai (pro hac vice)
Email: calvinchai@scienbizippc.com
SCIENBIZIP, P.C.
550 South Hope Street, Suite 2825
Los Angeles, CA 90071
Telephone: (213) 426-1771
Facsimile: (213) 426-1788

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:(903) 934-8450
Facsimile: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

ATTORNEYS FOR DEFENDANT
SHARP CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on March 5, 2019.

*/s/ Hua Chen*