# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HISENSE CO. LTD., et al.,<br><br>    Defendant. | CIVIL ACTION NO. 4:18-cv-768-ALM<br><br><br>**JURY TRIAL DEMANDED** |

**AMERICAN PATENTS' SUR-REPLY TO TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., TPV ELECTRONICS (FUJIAN) CO., LTD., AND TPV TECHNOLOGY, LTD.'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6)**

I.   **THE COMPLAINT SUFFICIENTLY PLEADED DIRECT INFRINGEMENT**

TPV rehashes the argument that, because the patents involve allegedly complex technology, the complaint must provide a "higher degree of specificity" as compared to less complex patents. Reply at 1-2. In doing so, TPV attempts to distinguish *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), and *Dynocom Indus. v. Mainline Automotive Equip. Pty. Ltd.*, No. 2:16-cv-553, Dkt. No. 45 (E.D. Tex. Feb. 14, 2017), as cases involving purportedly less complex technology. But TPV does not actually dispute that American Patents' complaint ***does*** provide significantly more detail than the complaints in *Disc Disease* and *Dynocom*. And TPV fails to provide ***a single case*** in which a court dismissed a complaint as detailed as American Patents' complaint, on the grounds that the complexity of the patented technology demanded more. So while TPV urges that the complaint must plead to some nebulous higher standard due to complexity, that rings hollow when TPV cannot provide a single example of what that standard may be—short of infringement contentions or similarly detailed disclosures that the law clearly does not require.[1]

What is more, TPV's own briefing—which presents a number of technical arguments—makes clear that TPV is on notice of and understands the claims against it. Indeed, in a move that could charitably be described as ironic, just pages after claiming the patented technology is highly complex, TPV requests offhandedly that ***the Court take judicial notice*** on a motion to dismiss of a number of technical facts concerning the patented technology and the prior art. *See infra* at 7.

Worse, TPV ignores that this Court has denied motions to dismiss in cases involving

---

[1] The notion that pleading standards may differ greatly in cases involving "complex" technology is also somewhat questionable as a general proposition. As the District of Delaware explained while discussing *Disc Disease* in a case involving complex technology, "[i]t seems apparent to me that the [Federal Circuit] Court's view generally is that very little is required to plead a claim of patent infringement. *KOM Software Inc. v. NetApp, Inc.*, No. 1:18-cv-160-RGA, 2018 WL 6167978, at *1 (D. Del. Nov. 26, 2018). It is also worth noting that "complexity" is in the eye of the beholder. *See id.* at *2 ("Generally-speaking, to a tech company, a tech patent is going to be simple, or at least understandable, even if [the Court] do[es] not understand a word of it. Thus, what would be incomprehensible to [the Court] is still going to give 'fair notice' to the company that makes the product, and to most companies that import, sell, or use the product.").

1

telecommunications technology where the complaints contained significantly less detail than American Patents' complaint. For example, the Opposition cited this Court's decision in *Salazar*, which involved a five-page complaint alleging infringement in connection with mobile phones. Opp'n at 4; *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, Dkt. 44 (E.D. Tex. June 15, 2017). The Salazar complaint did not contain any images at all, and was far less detailed overall than the complaint here. *Id*. Yet this Court denied the defendant's motion to dismiss the direct infringement allegations. 2018 WL 1310007, *2 (E.D. Tex. Feb. 14, 2018) ("[A]n allegation [that] a specific accused product or system infringes a patent is sufficient to meet the pleading requirements of the rules, and a plaintiff need not allege what specific components, features, or capabilities infringe."). Rather than take *Salazar* on, TPV runs away from it.[2]

Next, TPV asserts that the complaint "is insufficient on its face when it alleges that a single television practices a method that indisputably requires communications between devices." Reply at 3. Leaving aside TPV's improper claim construction arguments,[3] TPV reads into the complaint allegations that are not there. Nowhere does the complaint allege that a "single television" (presumably operated by a single actor) necessarily performs all steps of the asserted method claims, as TPV asserts. *See, e.g.*, Dkt. 1 ¶ 33. Rather, the allegations of the complaint plausibly support multiple theories of direct infringement that are not limited to a single-actor-single-television theory, including that TPV jointly infringes in connection with its affiliates, with retailers and other business partners, and/or with its customers and end-users, using one or more accused instrumentalities.[4]

---

[2] Similarly, TPV's insistence that the complaint must provide an element-by-element exposition of American Patents' infringement case, *see* Reply at 2, is simply wrong on the law. TPV will receive the detailed disclosure it seeks via court-ordered infringement contentions within weeks. *See, e.g.*, *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG (lead case), 2016 WL 7042236, at **2-3 (E.D. Tex. May 13, 2016); *see also* Opp'n at 2.

[3] A motion to dismiss is not the proper stage to argue claim construction. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018); *see also* Opp'n at 6.

[4] Relatedly, TPV offers no support for its proposition that allegations of infringement against a foreign entity are implausible as a matter of law based on the location of that entity's headquarters. *See* Reply at 4. At this stage, the complaint's allegations must be taken as true.

2

To be liable for direct infringement, each step of a claimed method must be "performed by *or attributable to* a single entity." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) (emphasis added). An entity will be liable for another's acts: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.* at 1022-23. Here, the complaint states plausible allegations of direct infringement under at least a theory of direction and control. In particular, the complaint alleges that the TPV defendants "are an interrelated group of companies which together comprise one of the world's largest manufacturers of televisions, including the Insignia and Vizio brands." Dkt. 1 ¶ 13. Further, the complaint alleges that Best Buy Co., a U.S. entity, "does business as Insignia Products" and "owns the Insignia brand," and "is one of the leading sellers of televisions in the United States, including . . . the Vizio brand, and the Insignia brand." *Id.* ¶¶ 17-18. Taken together, these allegations plausibly support at least an inference that a contractual relationship exists between TPV and Best Buy. In addition, the complaint alleges that TPV "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes." *Id.* ¶ 94. These steps include, for example, "making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing their affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their behalf, to import, sell, or offer to sell the accused products in an infringing manner." *Id.* These allegations support a theory that TPV directs or controls the acts of others in making, selling, using, offering for sale, or importing the accused products in the United States, including via contractual relationships.

Further, the complaint pleads a plausible theory of direct infringement based on TPV's direction or control of end-users. "[E]vidence may be sufficient to support an inference of direction or control when (1) the benefits of a particular service or product can be obtained only if third parties comply with instructions given by the defendant, and (2) the instructions direct the

3

third parties to perform acts that constitute recited steps in the asserted method claims." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-452, 2019 WL 330515, at *3 (D. Del. Jan. 25, 2019) (Bryson, Cir. J., by designation) (citing *Akamai* and *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370 (Fed. Cir. 2017)). The complaint alleges that TPV "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes," including "advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." Dkt 1 ¶ 93. In *IOENGINE*, similar allegations were sufficient to plead a claim of joint infringement between the defendant and its customers. 2019 WL 330515, at *3; *see also Techno View IP, Inc. v. Sony Interactive Entertainment LLC*, No. SACV 17-01268-CJC(JCGx), 2018 WL 3031518, at *7 (C.D. Cal. Apr. 18, 2018) (plaintiff plausibly alleged direct infringement by defendants' instructing and encouraging third parties, including customers and users, to infringe by providing instructions and advertising how to use the accused video game consoles in an infringing manner).

## II. THE COMPLAINT SUFFICIENTLY PLEADED INDIRECT INFRINGEMENT

### A. The Complaint Pleads Multiple Theories of Underlying Direct Infringement

TPV asserts that the complaint "fails to allege that any third party directly infringes[.]" Reply at 4. This is false, as TPV conceded in its opening brief. *See* Mtn. at 9 ("AP alleges that 'Best Buy, TPV, and Hisense have induced the end-users, their customers, to directly infringe[.]'" (quoting Dkt. 1 ¶ 93)). Nor is there any merit to TPV's claim that the complaint makes "only conclusory allegations." *See* Reply at 6. In reality, the complaint pleads multiple factual theories of inducement, involving different groups of direct infringers. *Compare* Dkt. 1 ¶¶ 93 (end-users and customers) *with* 94 ("affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on their or their affiliates' behalf"). This is sufficient to plead a claim for induced infringement. *See, e.g., Cywee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495-WCG, 2018 WL 3819392, at *3 (E.D. Tex. Aug. 10, 2018) (Bryson,

4

Cir. J., by designation) ("[G]eneral allegations that customers . . . directly infringe the [asserted patent] by using, importing, marketing, selling, or offering for sale the accused products is sufficient to state a claim for induced infringement." (internal quotes omitted)).[5]

TPV also suggests that the complaint must provide an element-by-element breakdown of how the direct infringers infringe. Reply at 4-5, 6. But "the Federal Circuit has made clear [that] in the context of induced infringement a plaintiff is not required to 'plead facts establishing that each element of an asserted claim is met' and 'need not even identify which claims it asserts are being infringed.'" *Cywee Grp., Ltd.*, 2018 WL 3819392, at *3 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)).

### B. The Complaint Plausibly Pleads Pre-Suit Knowledge of the Asserted Patents

TPV repeats its argument that the allegations of pre-suit willful blindness are implausible, dismissing the litany of cited publications showing that they are not just plausible—they are notorious. Reply at 5-6. But a core part of TPV's attack on the willful blindness allegations was that they were implausible simply because American Patents had included them in complaints against TPV's competitors. So American Patents' opposition showed multiple publications confirming that TPV's alleged behavior was endemic to the technology industry. Ex. 2 [Lemley article] at 21-22; Opp'n at 11-12 & n.5 (collecting articles). TPV's reply is not to rebut the truth of the articles, but to protest that they are improper evidence because they do not explicitly "mention TPV." Reply at 5.

American Patents cited those publications because the true thrust of TPV's initial attack was not under Rule 12(b)(6). TPV argued, rather, that plaintiff's willfulness allegations were without any real-world foundation. But as those publications show, American Patents has good reason to believe that TPV—as a large tech company—has a policy or practice of not reviewing others' patents, including taking the affirmative act of instructing its employees to not review

---

[5] *Cywee* does not stand, nor does TPV provide any support, for the proposition that a plaintiff need attach or identify specific evidence (e.g., specific "example[s] of instructions provided to customers," *see* Reply at 6) to its complaint, before the parties have even begun discovery.

5

others' patents. American Patents obviously has not had an opportunity to review TPV's internal company policies or depose any of its employees. Indeed, it is unclear how American Patents could ethically acquire the evidence TPV seems to demand at this stage in the proceedings. But based on the information currently available, American Patents easily has a good-faith belief that discovery will likely reveal this allegation to have evidentiary support. Opp'n at 11-12; *see also* Rule 11(b)(3); *Script Security Solns. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (Bryson, Cir. J., by designation). No more is needed at this point.

TPV complains, though, that if the claim stands, then the complaint "would suffice to plead pre-suit knowledge in every case against any large company[.]" Reply at 5-6. But the point of the pleading standard is to ensure that claims are plausible, not to screen out otherwise plausible claims based on notorious, industry-wide activity. (And, notably, TPV's insistence that this allegation could stand against "any large company" is overblown; the publications—and American Patents' allegations—address only common and well-known practices in the tech industry.) TPV seems to think that, since it is widely accepted that virtually all major tech manufacturers have a policy of being willfully blind to patents, it is somehow unfair that these companies could all be subject to an allegation of willful blindness. TPV neither provides support for this "strength in numbers" theory, nor gives any reason why this Court should categorically exempt large tech companies like it from such allegations.

### C. The Complaint Sufficiently Pleads Contributory Infringement

TPV reasserts that American Patents must somehow prove a negative via its complaint—*i.e.*, that American Patents needed to plead every possible permutation of how the accused products **cannot** be used. That is not the law. *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *5 (D. Del. Jan. 25, 2019) (Bryson, Cir. J., by designation) ("[T]o require the plaintiff to do more than to plead the absence of substantial non-infringing uses would require the plaintiff to plead a null set under the plausibility standard of *Twombly* and *Iqbal*—that it is impossible to plead with specificity something that does not exist." (internal quotations omitted)) (collecting cases). The complaint identifies special features

6

of the accused products, pleads that the special features "constitute a material part of the invention," and "are specially designed to be used in an infringing way and [] have no substantial uses other than ones that infringe[.]" Dkt. 1 ¶ 95. That is more than the complaint in *Soverain Software LLC v. Oracle Corp.*, No. 6:12-cv-145, 2014 WL 12619817 (E.D. Tex. Mar. 21, 2014) (*see* Reply at 7), and it is sufficient to state a plausible claim for contributory infringement. *See, e.g.*, *IOENGINE, LLC*, 2019 WL 330515, at *5.

Next, *M2M Solutions LLC v. Telit Communications PLC*, No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015), does not stand for the point that a complaint must specify who supplied particular components that contain special features. *See* Reply at 8. *M2M Solutions* rejected a claim for liability of a foreign parent based solely on a parent-subsidiary relationship with a U.S. defendant. *See id.* at **3, 5; *see also* Opp'n at 6. It does not bear on the situation here, where TPV itself is alleged to infringe.

But TPV does not stop there—and this is where things take a bizarre turn. TPV goes on to request that the Court take judicial notice of multiple disputed, technical facts, which evidently make up TPV's substantive contributory infringement defense. Reply at 7-8. Based on these "facts," TPV asks that the Court grant what would amount to, in essence, summary judgment of non-infringement. Notably, TPV makes this request mere pages after arguing that the subject matter of the asserted patents is so complex that **TPV itself** cannot even understand what it is accused of. Now it says the Court should take TPV's word for what the patents say, what is in the prior art, and how the accused products work; that it should accept TPV's unsupported claim of when WiFi communications and network multimedia were well known (which may be one of two possible dates, according to TPV—evidently the Court is left to figure this out on its own); and—most peculiarly—should take judicial notice of "other well-known public facts" which are entirely unspecified but apparently intended to fill any holes in TPV's defense! Reply at 7-8. TPV's argument smacks of desperation.

Needless to say, TPV invites error on multiple grounds. First, the complaint need not list all possible non-infringing uses. *See supra*. Second, while a court may take judicial notice of

7

certain categories of facts not subject to reasonable dispute, *see* Fed. R. Evid. 201(b), it would be improper to take judicial notice of disputed, highly technical facts that will be developed during discovery and will likely require expert input from both parties—regardless of the stage of proceedings. *See Irrevocable Trust of Antonious v. Nike, Inc.*, No. 11-cv-06327 (KM), 2016 WL 3176576, at *6 (D.N.J. June 2, 2016) (noting, in the context of summary judgment motion, that the court "may of course take judicial notice of the *existence* of a publicly filed patent. Technical arguments therefrom are another matter, and would presumably require me to reopen discovery[.]").[6] And third, TPV's request that the Court take judicial notice of what amounts to TPV's substantive non-infringement defense is particularly ludicrous in the context of this motion to dismiss, where the Court must take American Patents' factual allegations as true and is not to engage in fact-finding or weighing conflicting factual assertions. *See Uniloc USA, Inc.*, 2016 WL 7042236, at *5. As TPV's own briefing makes quite clear, TPV is on notice of the contributory infringement claim against it and has already begun developing its defense. American Patents is entitled to have these issues decided on the merits, and with a complete evidentiary record.

### III. AMERICAN PATENTS SUFFICIENTLY PLEADED WILLFULNESS

#### A. The Complaint Plausibly Alleges Willful Infringement

TPV argues that *Script Security* is inapplicable because it was decided prior to *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). But TPV fails to explain why it believes *Halo* changed the pleading standard in a way that makes *Script Security* inapplicable. And, in fact, *Halo* did not change the standard for subjective willfulness, which is precisely what *Script Security* held that similar allegations established. *See WesternGeco L.L.C. v. ION*

---

[6] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996), does not help TPV. In that case, the Fifth Circuit held that, in deciding a motion to dismiss a claim for securities fraud, a court may take judicial notice of the contents of documents which are required to be filed, and actually filed, with the SEC. *Id.* at 1018. However, even in that context, the court held that SEC documents may not be considered to prove the truth of the documents' contents. *Id.* Indeed, to the extent *Lovelace* can be considered relevant at all to TPV's motion, it would clearly hold that the Court ***may not*** use statements in the asserted patents for the truth of their contents at the pleading stage.

*Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) ("*Halo* emphasized that subjective willfulness alone . . . can support an award of enhanced damages.").

TPV's misreading of *Ericsson Inc. v. TCL Commn. Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 WL 2149736, at *8 (E.D. Tex. May 10, 2018), and *Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017)—cases addressing the elements of a willfulness claim as expressed through jury instructions—likewise falls flat. Those cases came out the way they did because they were addressing the elements of a willfulness claim—certainly something that's relevant to TPV's motion to dismiss for failure to state a claim. And TPV fails to cite a single case finding that egregious conduct is now part of the pleading standard for willfulness. To the contrary, a number of courts have found otherwise. *See, e.g.*, *Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 448 (D. Del. 2018); *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *6 (D. Del. May 29, 2018); *IOENGINE, LLC*, 2019 WL 330515, at *7 (collecting cases).

In addition, TPV now argues that the Court should strike American Patents' prayer for enhanced damages. Reply at 9. This argument was not previously raised, so it is waived for being made for the first time on reply. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008); *Saint Lawrence Comms. LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712153, at *4 n.4 (E.D. Tex. Feb. 6, 2017).

But even were the Court to consider this new argument, TPV fails to offer any support (legal or otherwise) for its position. TPV cites a single case, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 n.8 (5th Cir. 1995), for the proposition that a prayer may be stricken. But that case did not strike a prayer at all. Instead, it merely noted the lower court's finding that the joinder of one defendant "was fraudulent and was done solely to defeat diversity" where the only mention of that defendant in the complaint was in the prayer. *Id*. In any event, because "the prayer for relief section is not a substantive part of the pleading," striking prayers for certain types of relief is not the proper subject of a motion to strike. *See, e.g., Delano Farms Co. v. California Table Grape Comm'n*, 623 F.Supp.2d 1144, 1183 (E.D. Cal. 2009).

9

### B. Pre-Suit Knowledge Is Not Required to State a Claim for Willfulness

TPV also incorrectly reasserts that willfulness cannot be based on allegations of only post-filing knowledge. Reply at 9-10. TPV rests on *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016). But *Opticurrent* itself recognizes that pre-suit knowledge is not categorically required to state a claim for willfulness. *See id.* at *2. And *Opticurrent*'s finding, that a plaintiff must move for a preliminary injunction to recover for willfulness based on post-filing conduct, is no longer good law after the Federal Circuit's 2017 decision in *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295-96 (Fed. Cir. 2017); *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 285 F. Supp. 3d 1013, 1026 (N.D. Cal. 2017). Moreover, unlike American Patents here, the defendant in *Opticurrent* did not assert that it made little practical sense to move for an injunction because it was a non-practicing entity. So even if American Patents had only alleged willfulness based on post-filing conduct, its allegations would still be allowed to stand.

In any case, American Patents pleaded pre-suit knowledge, because willful blindness is sufficient to plausibly plead a claim for willful infringement—as TPV's own case confirms (*see* Reply at 10). *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915-RGA, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018) ("In a willful infringement case, I believe willful blindness could similarly stand in to satisfy the defendant's knowledge requirement . . . ."); *see also Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *adopted* No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016); Opp'n at 15. *Ansell*'s finding, on summary judgment, that the evidence of willful blindness presented in that case did not justify a finding of egregious behavior, has nothing to do with whether American Patents' complaint adequately pleads a claim for willful infringement.

Dated: March 12, 2019							Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000

*Attorneys for American Patents LLC*